**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

The Law Office of Bradley I. Kramer
Bradley I. Kramer, Esq. (SBN 234351)
bkramer@biklaw.com
8840 Wilshire Blvd. Suite 350
Beverly Hills, California 90211-2606
Telephone: (310) 289-2600
Facsimile: (866) 289-2771

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ROSA ZAZUETA; OCTAVIO
ZAZUETA, individually and as
successors-in-interest to OCTAVIO
ZAZUETA Jr., deceased;

                    Plaintiffs,

    vs.

COUNTY OF RIVERSIDE; CITY
OF INDIO; Kyle Lawrence; and
DOES 1-10, inclusive,

              Defendants.

Case No. 5:23-cv-1825

**AMENDED COMPLAINT**

1. Fourth Amendment- Denial of Medical Care (42 U.S.C. § 1983)
2. Fourteenth Amendment—Denial of Medical Care (42 U.S.C. § 1983)
3. Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)
4. Municipal Liability –Failure to Train (42 U.S.C. § 1983)
5. Municipal Liability –Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
6. Municipal Liability—Ratification (42 U.S.C. § 1983)
7. Failure to Summon Medical Care (Cal. Gov't Code §845.6)(including wrongful death)
8. Negligence—Medical Malpractice
9. Negligence (Survival and Wrongful Death)
10. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

Come now Plaintiffs ROSA ZAZUETA and OCTAVIO ZAZUETA, individually and as successors-in-interest to OCTAVIO ZAZUETA Jr., deceased; for their Amended Complaint against Defendants County of Riverside; City of Indio; Kyle Lawrence; and DOES 1-10, inclusive, allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourteenth Amendment of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form party of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. §1391(b) because the parties reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Riverside, California.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the in-custody death of Plaintiffs' son, Octavio Zazueta Jr. (deceased) on August 26, 2022, and the repeated denial of medical care to him starting on or about August 24, 2022.

## PARTIES

4.      At all relevant times, Decedent Octavio Zazueta Jr. ("DECEDENT") was an individual residing in the County of Riverside, California.

5.      Plaintiff Rosa Zazueta ("Plaintiff Rosa") is an individual residing in the City of Coachella, County of Riverside, California. Rosa Zazueta is the natural

mother of DECEDENT and sues in her individual capacity and as successor-in-interest to DECEDENT. Rosa Zazueta seeks survival damages, wrongful death damages, compensatory damages and punitive damages under federal and state law.

6.     Plaintiff Octavio Zazueta ("Plaintiff Octavio") is an individual residing in the County of Riverside, California. Octavio Zazueta is the natural father of DECEDENT and sues in his individual capacity and as successor-in-interest to DECEDENT. Octavio Zazueta seeks survival damages, wrongful death damages, compensatory damages, and punitive damages under federal and state law.

7.     At all relevant times, Defendant City of Indio ("CITY") is and was a duly organized public entity existing under the laws of the State of California. CITY is and was responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the Indio Police Department ("IPD") and its agents and employees. At all relevant times, Defendant CITY is and was responsible for the management and overseeing of the IPD, for the actions or inactions of the defendant Kyle Lawrence and DOES 1-3. At all relevant times, CITY was the employer of Defendants Kyle Lawrence and DOES 1-3.

8.     At all relevant times, Defendant County of Riverside ("COUNTY") is and was a duly organized public entity existing under the laws of the State of California. COUNTY is and was responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the Riverside County Sheriff's Office ("RCSO") and its agents and employees. At all relevant times, Defendant COUNTY is and was responsible for the management and overseeing of the RCSO, for the actions or inactions of DOES 4-10, and for

the policies, practices, and/or customs relating to the COUNTY and its deputies and employees. At all relevant times, COUNTY was the employer of DOES 4-10.

9.      At all relevant times, Defendant Kyle Lawrence ("LAWRENCE") and DOES 1-2, inclusive (collectively "OFFICER DEFENDANTS") were duly appointed by CITY as IPD officers and employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials. LAWRENCE, and DOES 1-2 acted under color of law within the course and scope of their duties as officers for the IPD. At all relevant times, OFFICER DEFENDANTS were acting within the complete authority and ratification of their principal, Defendant CITY.

10.     At all relevant times, Defendant DOE 3 is managerial, supervisorial, and policymaking employee of the CITY, who was acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employee for the IPD and the CITY.  DOE 3 was acting with the complete authority and ratification of their principal, Defendant CITY.

11.     At all relevant times, Defendant DOES 4-9, inclusive, were duly appointed by COUNTY as RCSO deputies and employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials. DOES 4-9 acted under color of law and within the course and scope of their duties as officers and medical employees (such as jail nurses and/or other jail medical professionals) for the COUNTY. At all relevant times, DOES 4-9 were acting within the complete authority and ratification of their principal, Defendant COUNTY.

12.     At all relevant times, Defendant DOE 10 is managerial, supervisorial, and policymaking employee of the COUNTY, who was acting under color of law within the course and scope of their duties as managerial, supervisorial, and

policymaking employee for the COUNTY.  DOE 10 was acting with the complete authority and ratification of their principal, Defendant COUNTY.

13.     In doing the acts and failing and omitting to act as hereinafter described, LAWRENCE and DOES 1-3 were acting on the implied and actual permission and consent of Defendant CITY.

14.     In doing the acts and failing and omitting to act as hereinafter described, DOES 4-10 were acting on the implied and actual permission and consent of Defendant COUNTY.

15.     On information and belief, LAWRENCE and DOES 1-10 are residents of the County of Riverside.

16.     LAWRENCE and DOES 1-10 are sued in their individual capacities.

17.     The true names and capacities of DOES 1-10 are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of the Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

18.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

19.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

AMENDED COMPLAINT FOR DAMAGES

20.     On or about February 20, 2023 Plaintiffs filed comprehensive and timely claims for damages with the CITY and COUNTY pursuant to the applicable sections of the California Government Code. Said claims were rejected by CITY on March 7, 2023. Plaintiffs did not receive a response from COUNTY, therefore such claims were rejected by operation of law on April 6, 2023. Cal. Gov. Code Section 912.4. Because COUNTY failed to serve a rejection, it did not trigger the usual six-month statute of limitations for filing suit after a rejection has been served.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

21.     Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

22.     This incident occurred on or about August 24, 2022. On that date, DECEDENT was, on information and belief, experiencing a mental health crisis or exhibiting bizarre behavior including extremely labored breathing and fidgeting mannerism.

23.     On information and belief, LAWRENCE and DOES 1-2 arrived at 84054 Indio Springs Dr., Indio, California for a wellness check call on the DECEDENT. At this location, DECEDENT's sister told LAWRENCE that the DECEDENT needed to be taken to a hospital. DECEDENT was subsequently contacted by LAWRENCE and DOES 1-2. LAWRENCE and DOES 1-2 then told the DECEDENT's sister some of the symptoms they observed including that DECEDENT's pupils were dilated and he was fidgeting. However, on information and belief, LAWRENCE and DOES 1-2 did not call paramedics or otherwise issue medical treatment for the DECEDENT.

24.     On information and belief, LAWRENCE and DOES 1-2 did not properly assess the DECEDENT to determine if he needed immediate medical

attention. Instead, LAWRENCE and DOES 1-2 arrested the DECEDENT and transported him to John Benoit Detention Center instead of a nearby hospital on August 25, 2022 early in the morning.

25.    On information and belief, LAWRENCE and DOES 1-2 did not adequately communicate to COUNTY employees at the Detention Center as to DECEDENT's condition and immediate need for medical attention.

26.    LAWRENCE and DOES 1-2's failure to properly assess DECEDENT for medical treatment, failure to determine that he needed medical attention, and failure to communicate his condition to County employees at the Detention Center contributed and resulted in DECEDENT not receiving the immediate medical attention he needed.

27.    On information and belief, when DECEDENT was transported to the Detention Center, DECEDENT was experiencing a substance overdose and was in clear need of immediate medical intervention and treatment. However, DOES 4-9 failed to adequately assess DECEDENT even though some of them were trained jail nurses and/or medical professionals.

28.    On information and belief, DOES 4-9 failed to place the DECEDENT in a "sobering cell" or a cell which would permit COUNTY employees to monitor him through video cameras, windows, microphones, or other means of surveillance.

29.    As a result of the foregoing failures, the DECEDENT was found unresponsive in a holding cell approximately nine hours after he was booked. He was then transported to a hospital where he was pronounced dead.

30.    From the time the DECEDENT was booked at the Detention center and until his death, DOES 4-9 were on notice that the DECEDENT was under the influence of an intoxicating substance to a life-threatening degree, given that the arresting officers recognized the symptoms such as dilated pupils, fidgeting

movement, and/or that DECEDENT was arrested and booked on charges of "Public Intoxication."

31.     By taking no adequate action, DOES 4-9 at the John Benoit Detention Center denied the DECEDENT necessary medical care, resulting in his unnecessary death.

32.     At all relevant times, the involved COUNTY employees, including deputies, jail staffs, and medical personnel were acting under color of state law and in the course and scope of their employment with the COUNTY.

33.     As a result of their actions and inactions, the DECEDENT experienced pain and suffering, and loss of life.

34.     Plaintiff ROSA ZAZUETA is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural mother of DECEDENT.

**35.**     Plaintiff OCTAVIO ZAZUETA is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural father of DECEDENT.

## <u>FIRST CLAIM FOR RELIEF</u>

### Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)

(All Plaintiffs against LAWRENCE and DOES 1-3)

36.     Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

37.     On information and belief, LAWRENCE and DOES 1-2 arrived at 84054 Indio Springs Dr., Indio, California for a wellness check call on the DECEDENT. At this location, DECEDENT's sister told LAWRENE that the DECECEDENT needed to be taken to a hospital. DECEDENT was subsequently

contacted by LAWRENCE and DOES 1-2. LAWRENCE and DOES 1-2 then told the DECEDENT's sister some of the symptoms they observed including that DECEDENT's pupils were dilated and he was fidgeting. However, on information and belief, LAWRENCE and DOES 1-2 did not call paramedics or otherwise issue medical treatment for the DECEDENT.

38.     On information and belief, Defendants LAWRENCE and DOES 1-10 had knowledge of DECEDENT's symptoms and that he needed to see medical professionals for an adequate assessment and treatments when the DECEDENT was seized and arrested by LAWRENCE and DOES 1-2.

39.     On information and belief, LAWRENCE and DOES 1-2 did not properly assess the DECEDENT to determine if he needed immediate medical attention. Instead, LAWRENCE and DOES 1-2 arrested the DECEDENT and transported him to John Benoit Detention Center instead of a nearby hospital on August 25, 2022 early in the morning. LAWRENCE and DOES 1-2 did not timely summon medical care or permit medical personnel to treat DECEDENT.

40.     On information and belief, LAWRENCE and DOES 1-2 also did not adequately communicate to COUNTY employees at the Detention Center as to DECEDENT's condition and immediate need for medical attention.

41.     LAWRENCE and DOES 1-2's failure to summon medical care and permit adequate medical attention to DECEDENT caused him pain and suffering and was a contributing cause of DECEDENT's death.

42.     The denial of medical care by LAWRENCE and DOES 1-2 deprived DECEDENT of his right to be secure in his person against denial of medical care as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.     As a result of the foregoing, DECEDENT suffered pain and suffering, loss of enjoyment of life, and loss of life, and loss of earning capacity.

AMENDED COMPLAINT FOR DAMAGES

44.     LAWRENCE and DOES 1-2 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain and injuries, but disregarded that serious medical need, causing DECDENT great bodily harm and death.

45.     The conduct of LAWRENCE and DOES 1-2 was willful, wanton, malicious, and/or done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to LAWRENCE and DOES 1-2.

46.     Plaintiffs bring this claim as successors in interest to DECEDENT. Plaintiffs seek survival damages on this claim. Plaintiffs also seek attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

### Fourteenth Amendment –Denial of Medical Care (42 U.S.C. § 1983)

(All Plaintiffs against DOES 4-10)

47.     Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

48.     The Fourteenth Amendment's Due Process Clause of the United States Constitution protects pretrial detainees from conditions of confinement or failures to prevent harm that amount to punishment without due process, including where jail officials are deliberately indifferent to inmates' medical needs. 42 U.S.C. §1983 provides a private right of action for conduct which violates this right. The failure to provide such care constitutes a form of punishment imposed on persons not convicted of a crime, which is impermissible. *Bell v. Wolfish*, 441 U.S. 520 (1979).

49.     Pursuant to the Fourteenth Amendment, DECEDENT was entitled to receive necessary and adequate medical attention while in the care and custody of

the COUNTY once the DECEDENT was transported to John Benoit Detention Center.

50.     Defendants DOES 4-10 willfully ignored DECEDENT's medical condition and his medical needs when they did not provide adequate medical assessment/treatment and did not place the DECEDENT in a "sobering cell" or a cell which would permit COUNTY employees to monitor him through video cameras, windows, microphones, or other means of surveillance. By not providing timely adequate medical attention and not placing him in a "sobering cell" or a cell that would permit a closer monitoring of the DECEDENT, Defendants DOES 4-10 caused the DECEDENT's injuries, which resulted in his death.

51.     Defendants knew that failure to provide DECEDENT with adequate and timely medical attention could result in serious medical complications and death, but Defendants disregarded that serious medical emergency, causing the DECEDENT great bodily harm and death and failed to protect DECEDENT from harm.

52.     Defendants DOES 4-10 were also deliberately indifferent to DECEDENT's medical needs, medical condition, right to life, and health. The indifference to DECEDENT's medical needs as alleged above were obvious, serious, and substantial. Defendants' acts and omissions as alleged above served no legitimate penological purpose and were sufficiently harmful to evidence deliberate indifference to serious medical needs.

53.     As a direct and proximate result of the aforementioned conduct, DECEDENT suffered serious injuries including pre-death pain and death.

54.     Defendants are liable for the denial of medical care to DECEDENT, and for DECDENT's injuries and death, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

55.    The conduct of Defendants was willful, wanton, malicious, done with an evil motive and intent and/or with a reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 4-10.

56.    Plaintiffs bring this claim as  successors-in-interest to the DECEDENT, and seek survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life for the violation of DECEDENT'S rights.  Plaintiffs also seek attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

**Fourteenth Amendment—Substantive Due Process (42 U.S.C. § 1983)**

(All Plaintiffs against LAWRENCE and DOES 1-10)

57.    Plaintiffs repeats and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

58.    Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in their familial relationship with their son, DECEDENT.

59.    At all relevant times, Defendants LAWRENCE and DOES 1-10 acted under color of state law.

60.    As alleged above, on information and belief, Defendants LAWRENCE and DOES 1-10 had knowledge of DECEDENT's symptoms and that he needed to see medical professionals for an adequate assessment and treatments when the DECEDENT was seized and arrested by LAWRENCE and DOES 1-2 and when the DECEDENT was transported to and in custody at the John Benoit Detention Center.

61.    Defendants LAWRENCE and DOES 1-2 ignored DECEDENT's medical condition and his medical needs by refusing to take the DECEDENT to a hospital but instead transported him to the detention center and/or by refusing to provide adequate medical treatment by not calling the ambulance. By not providing adequate medical treatment, transportation to a hospital, and/or adequate communication to the DOES 4-10 as to the DECEDENT's symptoms, LAWRENCE and DOES 1-3 contributed and caused the DECEDENT's injures which resulted in his death.

62.    Defendants DOES 4-10 ignored DECEDENT's medical condition and his medical needs when they did not provide adequate medical assessment/treatment and did not place the DECEDENT in a "sobering cell" or a cell which would permit COUNTY employees to monitor him through video cameras, windows, microphones, or other means of surveillance. By not providing timely adequate medical attention and not placing him in a "sobering cell" or a cell that would permit a closer monitoring of the DECEDENT, Defendants DOES 4-10 caused the DECEDENT's injuries, which resulted in his death.

63.    Defendants knew that failure to provide DECEDENT with timely medical attention could result in serious medical complications and death, but Defendants disregarded that serious medical emergency, causing the DECDENT great bodily harm and death and failed to protect DECEDENT from harm.

64.    These actions and omissions on the part of Defendants LAWRENCE and DOES 1-10 were sufficiently harmful to evidence deliberate indifference to DECEDENT's constitutional rights and serious medical needs as alleged above was substantial. Defendants' acts and omissions as alleged above may be fairly said to shock the conscience as DECEDENT was found on the floor approximately nine hours after he was booked at the Detention center and died, when he was arrested for a "public intoxication".

65.     As a direct and proximate result of the aforementioned conducts, DECEDENT suffered injuries, including pre-death pain and suffering and died. Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

66.     The conducts of Defendants were willful, wanton, malicious, done with an evil motive and intent, and/or done with reckless disregard for the rights and safety of DECEDENT and plaintiffs, and therefore warrant the imposition of exemplary and punitive damages as to the individual Defendants.

67.     Plaintiffs bring this claim individually for the interference with their relationship with their son, DECEDENT, and seek wrongful death damages for the violation of their rights.  Plaintiffs also seek additional applicable damages permitted by the law and attorney's fees under this claim under 42 U.S.C. §1988.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train—(42 U.S.C. §1983)

(By Plaintiffs against Defendant COUNTY)

68.     Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

69.     Defendants DOES 4-10 acted under color of law and within the course and scope of their employment with the COUNTY.

70.     The acts of Defendants as set forth above deprived DECEDENT and plaintiffs of their particular rights under the United States Constitution, including Plaintiffs' constitutional rights to be free from interference with their familial relationship with their son, DECEDENT, as well as DECEDENT's constitutional right to adequate and timely medical attention while in custody of COUNTY.

71.    The training policies of Defendant COUNTY were not adequate to train its employees to handle the usual and recurring situations in jail with which they must deal, including making sure adequate and timely medical attention is provided to inmates and adequately assessing medical condition of inmates.

72.    Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its RCSO jail staff members adequately, including with respect to the provision of medical care to inmates, the housing of inmates in a safe environment, including by adequately monitoring inmates exhibiting medical symptoms/conditions, and the health of inmates.

73.    The failure of Defendants COUNTY and DOES 4-10 to provide adequate training caused the deprivation of Plaintiffs' and DECEDENT's rights by Defendants DOES 4-10; that is, the defendants' failure to train is so closely related to the deprivation of the DECEDENT's and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

74.    By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT, and DECEDENT suffered serious physical injuries and emotional distress relating to the physical injuries. Accordingly, Defendants DOES 4-10 each are liable to Plaintiffs for compensatory damages.

75.    Plaintiffs bring this claim individually and as  successors-in-interest to DECEDENT. Plaintiffs seek damages applicable by the law. Plaintiffs also seek attorney's fees under this claim pursuant to 42 U.S.C. Section 1988.

AMENDED COMPLAINT FOR DAMAGES

## **FIFTH CLAIM FOR RELIEF**

**Municipal Liability—Unconstitutional Custom or policy (42 U.S.C. §1983)**

(By Plaintiffs against Defendants COUNTY)

76.     Plaintiffs hereby repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

77.     Defendants acted under color of state law and withn the course and scope of their employement with the COUNTY.

78.     Defendants DOES 4-10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the COUNTY.[1]

79.     The acts of Defendants as set for the above deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution, including Plaintiffs' constituitonal rights to be free from interference with their familial relationship with their son, DECEDENT, as well as DECEDENT's constituitonal right to adequate and timely medical attention and safe condition of confinement.

80.     On information and belief, Defendants DOES 4-10 were not disciplined, reprimanded, retained, suspended, or otherwise penalized in connection with the denial of medical care that resulted in DECEDENT's injuries and death.

81.     Defendant DOE 10, together with other COUNTY policymakers and supervisors, repsectively, maintained, inter alia, the following unconsittutional customs, practices, and policies:

---

[1] Based on the ACLU report on the in-custody death cases at the Riverside Sheriff's Department's Jails, a high percentage of those listed as natural, suicide, or accidental death while in custody are potentially the result of the subpar medical and mental health care administered by Riverside County Jail facilities. (ACLU's Request for Investigation of RSD, p. 7. https://www.aclusocal.org/sites/default/files/letter_to_ag_bonta_-_investigation_of_rsd4.pdf)

a) Not sufficiently staffing the jail with adequate medical staffs to handle inmates' medical issues;

b) Failing to provide or summon adequate medical treatment to inmates in need of medical treatment, including that relating to specific health conditions, and, relatedly, providing adequate training regarding providing and/or summoning medical treatment for inmates who have medical needs;

c) Treating inmates as if no one cares whether they live or die, and, relatedly, providing inadequate training regarding treating inmates as human beings;

d) Failing to timely transport inmates who are showing symptoms of medical conditions to the hospital and, relatedly, providing inadequate training regarding when to send inmates with health conditions including having sympotms of being under the influence to the hospital at the appropriate time;

e) Failing to provide a closer observation of inmates who are showing symptoms of medical conditions and, relatedly, providing inadequate training regarding when to place inmates in a special holding cell where a closer observation of their condition is possible;

f) Employing and retaining employees whom Defendants COUNTY and DOES 4-10 at all times material herein knew or reasonably should have known had dangerous propensities for ignoring inmates' medical needs and not providing any attention and/or treatment to inmates with medical conditions and fialure to protect DECEDENT from harm;

g) Failing to adequately discipline Defendant COUNTY officers, guards, and other employees including Defendants DOES 4-10, for the above-

referenced categories of misconduct, including "slaps on the wrist" discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

h) Announcing that unjustified in-custody deaths and injuries to inmates in the jail are "within policy," including deaths that were later determined in court to be unconstitutional and unjusitified.

82. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT, and DECEDENT suffered pre-death pain and suffering and death. Accordingly, Defendants DOES 4-10 each are liable to Plaintiffs for damages permitted by law.

83. Defendant DOE 10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies/ customs with respect to the constitutional rights of DECEDENT who was in need of adequate and timely medical attention and monitoring while in custody of the COUNTY, and other individuals similarly situated, or that it was the moving force behind the constitutional violation.

84. By perpetuating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOE 10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's consittuional rights. Furthermore, the policies, practices, and customs implemented, maintained,

AMENDED COMPLAINT FOR DAMAGES

and still tolerated by Defendants COUNTY and DOE 10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT.

85.     Further, the follwing cases demonstrate a pattern and practice of the COUNTY maintaining unconstituitonal customs, practices and poicies, including an unconstitutional custom and policy of failing to provide medical treatment and/or ignoring basic care such that inmate died. Theese cases also show a pattern and practice of the COUNTY related to in-custody deaths:

a) Decedent's family brought a lawsuit against COUNTY for the decedent's death while in-custody. Josepht et al. v. County of Riverside, et al. Case No.5:20-cv-0329-CJC. From on or about August 19, 2019 to October 6, 2019, the decedent required medical attention at the Riverside County Sheriff's Department Jail. The decedent was allegedly denied of adequate medical attenion and subsequently died.

b) Decedent's family brought a lawsuit against COUNTY for the decedent's death while in-custody. Guitierrez, et al. v. County of Riverside, et al. No. 5:22-cv-01209-SSS. Decedent was a pre-trial detainee at the Riverside County Jail. He was not given immediate medical attention while in custody and subsequently died.

c) A plaintiff brought a lawsuit based on the alleged facts that he was a pre-trial detainee in Riverside County's detention center but denied of medical attention. He further alleged that his requests for medical attention while in-custody were repeatedly ignored even though the need for medical attention was apparent for the injury to his foot. Subsequently he had to undergo an amputation surgery. Crossman v. County of Riverside, et al. No. 5:22-cv-01226-SSS.

d) In the matter of Mary Garcia et al. v. County of Riverside, Case No. 5:18-cv-839 SJO (Asx), the County of Riverside and former Riverside

-18-

County Sheriff Stanley Sniff were sued for the wrongful death after deputies used excessive force on decedent inmate Phillip Garcia. While in custody, Garcia was placed into a small Sobering Cell. Deputies in that matter should have known that Garcia was suffering from a psychotic episode and required mental health treatment. Plaintiffs alleged that no medical care was provided to the decedent. The case settled in year 2019.

e) In the matter of Quinton Gray et al. v. County of Riverside, Case No. EDCV 13-0444 VAP (OPx), the County of Riverside / Riverside County Sheriff's Department was placed on notice of its failures when the plaintiffs sought injunctive relief to stop the County of Riverside's / Riverside County Sheriff's Department's longstanding and routine practice of failing and refusing to obtain / provide medical care to inmates in the Riverside County Jails.

f) In Russell Regalado v. Riverside County, 5:20-cv-01578-JGB-KK. the Plaintiff alleged that he was beaten unconscious by several jail deputies in the strip search area of the jail facility and then locked in a padded cell for hours and was denied of medical care.

86.    Plaintiffs bring this claim as successors in interest to DECEDENT. Plaintiffs seek survival damages permitted by law under this claim. Plaintiffs further seek attorney's fees under this claim pursuant to 42 U.S.C. section 1988.

## SIXTH CLAIM FOR RELIEF

**Supervisory and Municipal Liability – Ratification – (42 U.S.C. §1983)**
(By Plaintiffs against Defendants COUNTY)

87.    Plaintiffs hereby repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

-19-

88.     Defendants DOES 4-10 acted under color of state law and within the course and scope of their employment with the COUNTY.

89.     The acts of Defendants as set forth above deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution, including Plaintiffs' constitutional rights to be free from interference with their familial relationship with their son, DECEDENT, as well as DECEDENT's constitutional right to adequate and timely medical attention.

90.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOES 4-10, ratified (or will ratify) the acts of Defendants 4-10 and the bases for them. On information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants' acts, including a determination that Defendants' acts were "within policy."

91.     On information and belief, Defendants DOES 4-10 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the denial of medical care to DECEDENT, which resulted in DECEDENT's injuries and death.

92.     By perpetuating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts of not providing adequate and timely medical attention to inmates, DOE 10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's consittuional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOE 10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT.

93.     The following cases demonstrate a pattern and practices of the COUNTY maintaining unconstitutional customs, practices and policies, including an unconstitutional custom and policy of failing to provide medical treatment

and/or ignoring basic care such that inmate died. These cases also show a pattern and practice of the COUNTY ratifying unjustified and unconstitutional in-custody deaths:

a) Decedent's family brought a lawsuit against COUNTY for the decedent's death while in-custody. Josepht et al. v. County of Riverside, et al. Case No.5:20-cv-0329-CJC. From on or about August 19, 2019 to October 6, 2019, the decedent required medical attention at the Riverside County Sheriff's Department Jail. The decedent was allegedly denied of adequate medical attenion and subsequently died.

b) Decedent's family brought a lawsuit against COUNTY for the decedent's death while in-custody. Guitierrez, et al. v. County of Riverside, et al. No. 5:22-cv-01209-SSS. Decedent was a pre-trial detainee at the Riverside County Jail. He was not given immediate medical attention while in custody and subsequently died.

c) A plaintiff brought a lawsuit based on the alleged facts that he was a pre-trial detainee in Riverside County's detention center but denied of medical attention. He further alleged that his requests for medical attention while in-custody were repeatedly ignored even though the need for medical attention was apparent for the injury to his foot. Subsequently he had to undergo an amputation surgery. Crossman v. County of Riverside, et al. No. 5:22-cv-01226-SSS.

d) In the matter of Mary Garcia et al. v. County of Riverside, Case No. 5:18-cv-839 SJO (Asx), the County of Riverside and former Riverside County Sheriff Stanley Sniff were sued for the wrongful death after deputies used excessive force on decedent inmate Phillip Garcia. While in custody, Garcia was placed into a small Sobering Cell.

Deputies in that matter should have known that Garcia was suffering from a psychotic episode and required mental health treatment. Plaintiffs alleged that no medical care was provided to the decedent. The case settled in year 2019.

e) In the matter of Quinton Gray et al. v. County of Riverside, Case No. EDCV 13-0444 VAP (OPx), the County of Riverside / Riverside County Sheriff's Department was placed on notice of its failures when the plaintiffs sought injunctive relief to stop the County of Riverside's / Riverside County Sheriff's Department's longstanding and routine practice of failing and refusing to obtain / provide medical care to inmates in the Riverside County Jails.

f) In Russell Regalado v. Riverside County, 5:20-cv-01578-JGB-KK. the Plaintiff alleged that he was beaten unconscious by several jail deputies in the strip search area of the jail facility and then locked in a padded cell for hours and was denied of medical care.

94. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT, and DECEDENT suffered pre-death pain and suffering and death. Accordingly, Defendants DOES 4-10 each are liable to Plaintiffs for damages permitted by law.

95. Plaintiffs bring this claim as successors in interest to DECEDENT. Plaintiffs seek survival damages for the violations of DECEDENT's constitutional rights, including his constitutional right to adequate medical care and safe condition of confinement. Plaintiffs seek damages permitted by law and seek attorney's fees under this claim under 42 U.S.C. section 1988.

## SEVENTH CLAIM FOR RELIEF

### Failure to Summon Medical Care (Cal. Gov. Code §845.6)
### (including wrongful death)
(By Plaintiffs against all Defendants)

96.     Plaintiffs hereby repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

97.     Pursuant to California Government Code Section 845.6, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the inmate is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

98.     On information and belief, Defendants were aware of or should have been aware of DECEDENT's medical condition in that LAWRENCE and DOES 1-2 had observed and told the DECEDENT's sister some of the symptoms the DECEDENT was exhibiting including his pupils being dilated and that he was fidgeting. Also, when DECEDENT was transported to the Detention center, it was made known to the booking officers that the arrest was for "public intoxication." Therefore, from the time the DECEDENT was booked at the Detention center until his death, DOES 4-10 were on notice that the DECEDENT was under the influence of an intoxicating substance to a degree that required adequate medical attention. Defendants 4-10 failed to provide or summon proper medical aid for DECEDENT and failed to timely transport DECEDENT to a hospital where he could have received proper care.

99.     DECEDENT's medical emergencies were obvious. Defendants are not entitled to immunity where the inmate or person in the care of Defendants is in obvious need of medical care.

100.   Despite Defendants' actual knowledge that DECEDENT was in need of immediate medical care as alleged above, Defendants failed to: (1) conduct a proper medical assessment of DECEDENT; (2) summon immediate emergency medical assistance for DECEDENT; (3) monitor and supervise the progression of DECEDENT's health condition and symptoms; and (4) recognize and identify the urgency of the situation in order to summon proper medical care and/or timely transport DECEDENT to a hospital for medical care especially given their knowledge on DECDENT's condition; (5) provide any adequate medical attention; (6) protect DECEDENT from harm.

101.   The COUNTY is vicariously liable for the wrongful acts of DOES 4-10 pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability. California Government Code section 820(a) states that except as otherwise provided by statute (including section 820.2), a public employee is liable by his act or omission to the same extent as a private person. Pursuant to California Government Code Section 844.6, a public employee or the government entity is not immune from liability for injury proximately caused by its employee's negligent conduct and specifies that a public entity has a duty to pay a judgement. Moreover, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the inmate is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

102.   The conduct of the individual defendants was malicious, wanton, oppressive, and/or accomplished with a conscious disregard for the rights of DECEDENT and plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

103.   Plaintiffs bring this claim individually and as successors in interest to DECEDENT for the violations of DECEDENT's rights. Plaintiffs seek survival damages for the violations of the DECEDENT's right to medical care, and seek wrongful death damages under this claim, including for the Plaintiffs' loss of DECEDENT's love, companionship, guidance, advice, and support. Plaintiffs also seek additional damages permitted by law and attorney's fees on this claim.

## EIGHTH CLAIM FOR RELIEF

### Negligence—Medical Malpractice (Wrongful Death)

(Plaintiffs against Defendants DOES 7-9 and COUNTY)

104.   Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

105.   As set forth above, Defendants DOES 7-9 are the nurses and medical professionals at RCSO's Detention center. On information and belief, DOES 7-9 saw DECEDENT on or about August 25, 2022 but ignored DECEDENT's condition and failed to adequately assess DECEDENT for a transportation to a hospital. DOES 7-9 have failed to uphold duties to use medical skills, prudence, and diligence as other members of the profession commonly possess and exercise, especially when DECEDENT's condition and need for an adequate medical attention at a hospital were obvious and known by the COUNTY jail staffs. *Lattimore v. Dickey*, 191 Cal. Rptr. 3d 766, 773 (Ct. App. 2015).

106.   Defendants DOES 7-9 have breached their duties when they ignored DECEDENT's symptoms and need for an adequate medical attention but did not provide adequate medical attention and did not order a transportation to a hospital. DOES 7-9 failed to conduct a proper medical assessment of DECEDENT, failed to

summon immediate emergency medical assistance for DECEDENT, failed to recognize and identify indications of life-threatening medical conditions.

107.   Plaintiffs bring this claim against the COUNTY on a theory of vicarious liability and also bring this claim against DOES 7-9. The COUNTY is vicariously liable for the wrongful acts of Defendant DOES 7-9 pursuant to the following specific statute: Section 815.2(a) of the California Government Code provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability. California Government Code Section 820(a) states that except as otherwise provided by statute (including Section 820.2), a public employee is liable by his act or omission to the same extent as a private person. Pursuant to California Government Code Section 844.6, a public employee or the government entity is not immune from liability for injury proximately caused by its employee's negligent conduct, and specifies that a public entity has a duty to pay a judgment. Moreover, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

108.   As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pre-death pain and suffering, and died. Also as a direct and proximate cause of the acts of Defendant DOES 7-9, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

109.   The COUNTY is vicariously liable for the wrongful acts of DOES 7-9 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the

AMENDED COMPLAINT FOR DAMAGES

1  scope of the employment if the employee's act would subject her or him to

2  liability.

3      110.   Plaintiffs bring this claim individually and as a successor-in interest to

4  DECEDENT. Plaintiffs seek wrongful death and survival damages on this claim,

5  including for DECEDENT's loss of life and loss of enjoyment of life.

6                          **NINTH CLAIM FOR RELIEF**

7                                **Negligence**

8       (By Plaintiffs against LAWRENCE and DOES 1-10, CITY, and COUNTY)

9      111.   Plaintiffs repeat and re-allege each and every allegation in the

10  foregoing paragraphs of this Complaint with the same force and effect as if fully

11  set forth herein.

12     112.   Law enforcement officers, including LAWRENCE and DOES 1-3

13  have a duty to use reasonable care to prevent harm or injury to others. This duty

14  includes calling for an ambulance for medical assessment of a person they seized

15  and arrested.

16     113.   As set forth herein, Defendants DOES 4-10 have failed to uphold

17  numerous mandatory duties imposed upon them by state law, and by written

18  policies and procedures applicable to Defendants, including but not limited to the

19  duty to provide or summon immediate medical treatment and care where

20  Defendants know or have reason to know that an inmate is in need of immediate

21  medical care. *See* Cal. Gov't Code §845.6.

22     114.   Defendant DOES 4-10 also had a duty to enact and enforce sufficient

23  policies and procedures to ensure that reasonable medical care and/or mental health

24  treatment would be afforded to individuals in the custody and confinement of

25  Defendant COUNTY (such as DECEDENT), as was necessary to protect the

26  health and safety of those in custody and confinement (such as DECEDENT), and

27  also had a duty to maintain proper and appropriate conditions. This includes

28

continual monitoring of inmates who are known to have medical conditions. Defendants' duties also include identifying and handling medical and mental health issues, screening inmates for physical fitness for incarceration, and not causing injury to persons in their custody during transport to and within facilities.

115.   LAWRENCE and DOES 1-10 breached such duty of care.  Upon information and belief, the actions and inactions of LAWRENCE and DOES 1-10 were negligent and reckless, including but not limited to:

(a)   the failure to properly and adequately assess DECEDENT's need for adequate medical attention/treatment;

(b)   the failure to provide prompt and adequate medical care to DECEDENT;

(c)   the failure to protect DECEDENT while he was in custody and care of COUNTY;

(d)   the failure to protect DECEDENT by providing a reasonably safe environment and adequate supervision and monitoring of DECEDENT;

(e)   the failure to provide adequate and immediate attention to inmates who are exhibiting medical symptoms including dilated pupils and fidgeting and shortness of breath;

(f)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)   the negligent handling of evidence and witnesses;

(h)   the negligent communication of information during the incident; and

(i)   the failure to provide appropriate responses to obvious mental health crisis calls.

116.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT experienced pain and suffering ultimately died. Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

117.   CITY is vicariously liable for the wrongful acts of DOES 4-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

118.   COUNTY is vicariously liable for the wrongful acts of DOES 4-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

119.   Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT. Plaintiffs seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

## TENTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 52.1

(By Plaintiffs against all Defendants)

120.   Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

121.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from intentionally interfering with a person's constitutional rights, which can be shown by a reckless disregard for that person's constitutional rights. Here, Defendant DOES 4-10 acted with a reckless disregard for DECEDENT's constitutional rights when they continuously ignored DECEDENT's conditions and need for adequate medical attention/treatment, which shows Defendant DOES 4-10's intent to violate DECEDENT's constitutional rights.

122.   On information and belief, DOES 4-10, while working for the COUNTY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT or acted in reckless disregard of DECEDENT's civil rights, including by ignoring DECEDENT's condition and need for adequate medical attention/treatment and denying him necessary medical care, to prevent him from exercising his right to have adequate medical attention, or to retaliate against him for having exercised his rights, to be free from state actions that shock the conscience, and to life, liberty, and property.

123.   On information and belief, Defendants specifically intended to violate DECEDENT's constitutional rights as stated above, as demonstrated by DOES 4-10's reckless disregard for DECEDENT's constitutional rights to have adequate medical attention and be free from denial of medical care, which he was fully entitled to enjoy.  Thus, Plaintiffs can recover for violation of the Bane Act as successors-in-interest to DECEDENT.

124.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by DOES 4-10, inclusive were intended to coercively interfere with DECEDENT's civil rights, to discourage him from exercising the above civil rights or to prevent him from exercising such rights.

125. Defendants successfully interfered with the above civil rights of DECEDENT.

126. The conduct of Defendants was a substantial factor in causing DECEDENT's harms, losses, injuries, death and damages.

127. Defendant DOE 10 is vicariously liable under California law and the doctrine of *respondeat superior*.

128. COUNTY is vicariously liable for the wrongful acts of DOES 4-10, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

129. The conduct of Defendants was malicious, wanton, oppressive, and/or accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages as to DOES 4-10.

130. Plaintiffs bring this claim as successors-in-interest to DECEDENT and seek survival damages, including emotional distress, loss of life, and loss of enjoyment of life under this claim. Plaintiffs also seek treble damages, attorney's fees, and costs under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs individually and as successors-in-interest to DECEDENT, request entry of judgment in their favor and against Defendants LAWRENCE, DOES 1-10, CITY and COUNTY, inclusive, as follows:

A.  For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in an amount to be proven at trial;

B.  For funeral and burial expenses, and loss of financial support;

C.  For punitive damages against the individual defendants in an amount to be proven at trial;

D.  For statutory damages;

E.  For damages pursuant to California Civil Code Sections 52, 52.1;

F.  For interest;

G.  For reasonable attorneys' fees, including litigation expenses;

H.  For costs of suit; and

I.  For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  October 27, 2023          LAW OFFICES OF DALE K. GALIPO

By

_____
Dale K. Galipo
Attorneys for Plaintiffs

AMENDED COMPLAINT FOR DAMAGES

1

2

## **DEMAND FOR JURY TRIAL**

3

Plaintiffs hereby demand a trial by jury.

4

5

DATED:  October 27, 2023          LAW OFFICES OF DALE K. GALIPO

6

7

By

8

9

10

11

_____
Dale K. Galipo
Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-33-