1  Eugene P. Ramirez (State Bar No. 134865)
   *eugene.ramirez@manningkass.com*
2  Kayleigh Andersen (State Bar No. 306442)
   *kayleigh.andersen@manningkass.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
   Attorneys for Defendants, COUNTY OF
7  RIVERSIDE

8

9                **UNITED STATES DISTRICT COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12  ROSA ZAZUETA; OCTAVIO              Case No. 5:23-cv-01825-WLH-SHK
    ZAZUETA, individually and as
13  successors-in-interest to OCTAVIO   District Judge: Wesley L. Hsu
    ZAZUETA Jr., deceased;,            Magistrate Judge: Shashi H.
14                                      Kewalramani
15          Plaintiffs,

16      v.                             **NOTICE OF MOTION AND**
                                        **MOTION OF DEFENDANT**
17  COUNTY OF RIVERSIDE; CITY OF        **COUNTY OF RIVERSIDE TO**
    INDIO; Kyle Lawrence; and DOES 1-   **DISMISS PORTIONS OF**
18  10, inclusive,                      **PLAINTIFFS' FIRST AMENDED**
                                        **COMPLAINT; MEMORANDUM**
19          Defendants.                 **OF POINTS AND AUTHORITIES;**
                                        **DECLARATION OF KAYLEIGH A.**
20                                      **ANDERSEN**

21                                      *Filed concurrently with Defendant's*
                                        *Request for Judicial Notice; [Proposed]*
22                                      *Order*

23                                      Judge:  Wesley L Hsu
                                        Date:   December 15, 2023
24                                      Time:   1:30 p.m.
                                        Crtrm.: 9B
25

26
                                        Filed on:        09/07/23
27                                      Trial Date:      N/A

28

---

**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS
PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 15, 2023, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Wesley L. Hsu, located in the United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Defendant County of Riverside ("Defendant COR") will and hereby does move this Court to Dismiss Portions of Plaintiffs' First Amended Complaint, without leave to amend.

This Motion is made pursuant to Federal Rules of Civil Procedure 7, 11, and 12, and United States District Court, Central District of California Local Rule 7-3, as well as the applicable Orders of the Court, as to the following claims:

1.  Plaintiffs' Fourth Cause of Action for Municipal Liability for Failure to Train pursuant to 42 U.S.C. § 1983 (*Monell*), as to Defendant County of Riverside, for failure to state a claim upon which relief can be granted;

2.  Plaintiffs' Fifth Cause of Action for Municipal Liability for Unlawful Custom and Practice pursuant to 42 U.S.C. § 1983 (*Monell*), as to Defendant County of Riverside, for failure to state a claim upon which relief can be granted;

3.  Plaintiffs' Sixth Cause of Action for Municipal Liability for Ratification pursuant to 42 U.S.C. § 1983 (*Monell*), as to Defendant County of Riverside, for failure to state a claim upon which relief can be granted;

4.  Plaintiffs' Seventh Cause of Action for Failure to Summon Medical Care pursuant to Cal. Gov't Code § 845.6 (including wrongful death), as to Defendant County of Riverside, for failure to state a claim upon  which relief can be granted;

5.  Plaintiffs' Eighth Cause of Action for Negligence – Medical Malpractice, as to Defendant County of Riverside, for failure to state a claim upon which relief can be granted;

6.  Plaintiffs' Ninth Cause of Action for Negligence, as to Defendant County of Riverside, for failure to state a claim upon which relief can be granted;

7.  Plaintiffs' Tenth Cause of Action for Violation of the Bane Act pursuant

to Cal. Civ. Code §§ 52 and 52.1, as to Defendant County of Riverside, for failure to state a claim upon which relief can be granted;

8.    In the *alternative*, Defendant County of Riverside hereby requests that this Honorable Court dismiss any or all of the aforementioned claims, with or without prejudice, as may be appropriate, and to the fullest extent available at law.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) and is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Kayleigh A. Andersen filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

## NOTICE ON CONFERENCE OF COUNSEL PER LOCAL RULE

This motion is made after the parties attempted resolution by conference of counsel which was conducted pursuant to United States District Court, Central District of California Local Rule ("L.R.") 7-3. Prior to filing this motion, Defendant's counsel provided Plaintiffs' counsel with a detailed meet and confer letter by email on November 2, 2023, setting forth Defendants' position as to the issues and deficiencies in Plaintiffs' Complaint. On November 6, 2023, the parties met and conferred telephonically and discussed all issues raised in Defendants' meet and confer letter. *Declaration of Kayleigh A.* Andersen, ¶¶ 6-8. Thus, the parties were unable to resolve the issues in dispute; as such, resolution by this Honorable Court via the instant motion has become necessary.

///

///

///

Case No. 5:23-cv-01825-WLH-SHK

**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

1    DATED:  November 13, 2023          **MANNING & KASS**
2                                       **ELLROD, RAMIREZ, TRESTER LLP**
3
4                                       By:  _____
5                                            Eugene P. Ramirez
6                                            Kayleigh A. Andersen
                                             Attorneys for Defendants,  COUNTY OF
7                                            RIVERSIDE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS
PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES...............................................2

I. INTRODUCTION ....................................................................................................5

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ....................5

III. STANDARD FOR MOTION TO DISMISS ......................................................7

IV. LEGAL ARGUMENT ...........................................................................................9

   A. Plaintiffs' State Law Claims Are Barred By The Statute Of Limitations ..........9

   B. Plaintiffs' Claim For Failure To Summon Medical Care Pursuant To Cal. Gov. Code § 845.6 Fails To State A Claim Upon Which Relief Can Be Granted. .......12

   C. Plaintiffs' Claim For Negligence – Medical Malpractice Fails To State A Claim Upon Which Relief Can Be Granted. ..........................................................14

   D. Plaintiffs' Claim For Negligence Fails To State A Claim Upon Which Relief Can Be Granted..................................................................................................17

   E. Plaintiffs' Claim for a Violation of the Bane Act Fails to State a Claim Upon Which Relief Can Be Granted. .................................................................18

   F. Plaintiffs' Claim for Municipal Liability for Failure to Train Fails to State a Claim Upon Which Relief Can Be Granted. .........................................................19

   G. Plaintiffs' Claim for Municipal Liability for Unlawful Custom and Practice Fails to State a Claim Upon Which Relief Can Be Granted. ................................19

   H. Plaintiffs' Claim for Municipal Liability for Ratification Fails to State a Claim Upon Which Relief Can Be Granted. ....................................................................20

V. CONCLUSION......................................................................................................21

NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS
PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)......................................................................................8

*Ass'n for L.A. Deputy Sheriffs v. Cnty. of Los Angeles*
  648 F.3d 986 (9th Cir. 2011) ......................................................................19

*Baines Pickwick Ltd. v. City of Los Angeles*
  72 Cal.App.4th 298 (Cal. Ct. App. 1999)...................................................10

*Bell Atlantic Corp. v. Twombly*
  555 U.S. 544 (2007)......................................................................................8

*Castaneda v. Dep't of Corr. & Rehab.*
  (2013) 212 Cal.App.4th 1051 ................................................................13, 15

*Chaset v. Fleer/Skybox Int'l*
  300 F.3d 1083 (9th Cir. 2002) ......................................................................9

*Christie v. Iopa*
  176 F.3d 1231 (9th Cir. 1999)....................................................................20

*City of Canton v. Harris*
  489 U.S. 378 (1989)....................................................................................19

*City of Canton v. Harris*, 489 U.S. 378, 388-389 [109 S.Ct. 1197, 103 L.Ed.2d 412]
  (1989)...........................................................................................................19

*City of St. Louis v. Praprotnik*
  (1988) 485 U.S. 112....................................................................................20

*Clarke v. Upton*
  703 F.Supp.2d 1037 (E.D. Cal. 2010) ..........................................................9

*Dennis v. Thurman*
  959 F. Supp. 1253 (C.D. Cal. 1997).............................................................9

*Doe v. United States*
  58 F.3d 494 (9th Cir. 1995) ..........................................................................9

*Dowell v. County of Contra Costa*
  (1985) 173 Cal.App.3d 896 ........................................................................10

*Edgington v. County of San Diego*
  (1981) 118 Cal.App.3d 39 ..........................................................................10

*Gillette v. Delmore*
  979 F.2d 1342 (9th Cir. 1992).....................................................................21

*Gompper v. VISX, Inc.*
  298 F.3d 893 (9th Cir. 2002) ........................................................................9

2                          Case No. 5:23-cv-01825-WLH-SHK

**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS
PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

MANNING | KASS

MK

*Harshberger v. City of Colton*
  (1988) 197 Cal.App.3d 1335 ...................................................................... 17

*Him v. City & Cnty. of San Francisco*
  (2005) 133 Cal.App.4th 437 ............................................................... 10, 11

*In re Gilead Scic. Sec. Litig.*
  536 F.3d 1049 (9th Cir. 2008) ................................................................... 8

*Jett v. Penner*
  439 F.3d 1091 (9th Cir. 2006) ................................................................. 12

*Johnson v. Riverside Healthcare Sys.*
  534 F.3d 1116 (9th Cir. 2008) ................................................................... 7

*Katelaris v. County of Orange*
  (2001) 92 Cal.App.4th 1211 ..................................................................... 10

*Kinney v. Contra Costa County*
  (1970) 8 Cal.App.3d 761 .......................................................................... 12

*Lockett v. Cnty. of Los Angeles*
  977 F.3d 737 (9th Cir. 2020) ................................................................... 20

*Lopez v. Smith*
  203 F.3d 1122 (9th Cir. 2000) ................................................................... 8

*Lucas v. City of Long Beach*
  (1976) 60 Cal.App.3d 341 .................................................................. 12, 13

*Machul v. City of Long Beach*
  2015 U.S. Dist. LEXIS 52472, *6 (C.D. Cal. February 20, 2015) ............... 8, 9

*Mangold v. California Pub. Utils. Comm'n*
  67 F.3d 1470 (9th Cir. 1995) ..................................................................... 9

*Marceau v. Blackfeet Hous. Auth.*
  540 F.3d 916 (9th Cir. 2008) ..................................................................... 8

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001) ..................................................................... 7

*Nicole M. By & Through Jacqueline M. v. Martinez Unified Sch. Dist.*
  964 F.Supp. 1369 (N.D. Cal. 1997) .......................................................... 16

*Pajas v. County of Monterey*
  No. 16-CV-00945-LHK, 2016 WL 3648686, at *12 (N.D. Cal. July 8, 2016) .... 13

*Reese v. Cnty. of Sacramento*
  888 F.3d 1030 (9th Cir. 2018) ................................................................. 18

*Resendiz v. County of Monterey*
  No. 14-CV-05495-LHK, 2015 WL 7075694, at *8 (N.D. Cal. Nov. 13, 2015) ... 13

*Sandoval v. Merced Union High Sch.*

3

**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS
PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

MK MANNING | KASS

No. CV-F-06-066 REC/DLB, 2006 U.S. Dist. LEXIS 28446, at *11 (E.D. Cal. May 1, 2006) .................................................................................................16

*Sprewell v. Golden State Warriors*
   266 F.3d 979 (9th Cir. 2001) .........................................................................8

*Trevino v. Gates*
   99 F.3d 911 (9th Cir. 1996) ..........................................................................20

*Vignolo v. Miller*
   120 F.3d 1075 (9th Cir. 1999) ........................................................................8

*Watson v. State*
   (1993) 21 Cal.App.4th 836, .....................................................................12, 13

*Young v. City of Visalia*, 687 F.Supp.2d 1141, 1148 (2009) ....................................19

**Statutes**

42 U.S.C. § 1983 .............................................................................5, 19, 20, 21

*Cal. Civ. Code* § 52.1 ....................................................................................18

*Cal. Gov't Code* § 815 ...................................................................................18

*Cal. Gov't Code* § 815(a) ...............................................................................16

*Cal. Gov't Code* § 820.2 ................................................................................16

*Cal. Gov't Code* § 844.6 ................................................................................15

*Cal. Gov't Code* § 845.6 ...............................................................12, 13, 14, 15

*Cal. Gov't Code* § 855.6 ................................................................................15

*Cal. Gov't Code* § 911.2 .................................................................................9

*Cal. Gov't Code* § 913 ...................................................................................10

*Cal. Gov't Code* § 915.2 ................................................................................10

*Cal. Gov't Code* § 915.4 ................................................................................10

*Cal. Gov't Code* § 945.4 .................................................................................9

*Cal. Gov't Code* § 945.6(a)(1) ..........................................................................9

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................7, 8, 9

**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

MK MANNING | KASS

**MANNING | KASS**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs ROSA ZAZUETA; OCTAVIO ZAZUETA, individually and as successors-in-interest to OCTAVIO ZAZUETA Jr., (deceased) ("Plaintiffs") filed a First Amended Complaint on October 27, 2023, alleging the following causes of action against Defendant County of Riverside: Fourth Cause of Action – Municipal Liability for Failure to Train Pursuant to 42 U.S.C. § 1983; Fifth Cause of Action – Municipal Liability for Unlawful Custom and Practice Pursuant to 42 U.S.C. § 1983; Sixth Cause of Action – Municipal Liability for Ratification Pursuant to 42 U.S.C. § 1983; Seventh Cause of Action for Failure to Summon Medical Care Pursuant to Cal. Gov't Code § 845.6 (including wrongful death); Eighth Cause of Action for Negligence – Medical Malpractice; Ninth Cause of Action for Negligence; and Tenth Cause of Action for Violation of the Bane Act §§ 52 and 52.1.

However, Plaintiffs have failed to state a claim upon which relief can be granted as to Defendant County of Riverside and these deficiencies cannot be cured through amendment. Therefore, Defendant County of Riverside moves to dismiss Plaintiffs' fourth, fifth, sixth, seventh, eighth, ninth, and tenth causes of action for failure to state a claim upon which relief can be granted.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On or about February 20, 2023, individual Claims for Damages to Person or Property were submitted to the County of Riverside on behalf of Plaintiffs and Claimants Rosa Zazueta, Octavio Ernesto Zazueta, and Octavio Zazueta, Jr. (decedent). *Defendant's Request for Judicial Notice* – Exhs. 1-3 [Dkt. 21-1]. In their Claims for Damages, Claimants requested that all notices be sent to the Law Offices of Dale K. Galipo at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367. *Defendant's Request for Judicial Notice* – Exhs. 1-3 [Dkt. 21-1].

On February 28, 2023, the Clerk for the Board of Supervisors for the County of Riverside issued a Notice of Rejection of Claim to all three Claimants. These

Notices of Rejection advised Claimants that they had only six months from the date of the notice to file a court action on these claims. *Defendant's Request for Judicial Notice* – Ex. 4-6 [Dkt. 21-1]. The Notices of Rejection also included a proof of service wherein the Clerk of the Board of Supervisors for the County of Riverside, Board Assistant, Mr. Joseph Sheinin declared under penalty of perjury that he mailed these notices "in a sealed envelope, with postage prepaid, addressed to the person(s) listed above" on February 28, 2023. *Defendant's Request for Judicial Notice* – Exhs. 4-6 [Dkt. 21-1].

On September 7, 2023, 191 days after the Clerk of the Board of Supervisors for the County of Riverside mailed Plaintiffs the claims' rejection notices, Plaintiffs filed their original Complaint. *Declaration of Kayleigh A. Andersen* ("*Andersen Decl*"), ¶ 2; *Plaintiff's Complaint* [Dkt. 1]. Therein, Plaintiffs alleged multiple causes of action against Defendants Officer Kyle Lawrence of the Indio Police Department, the City of Indio, and the County of Riverside. *Andersen Decl.*, ¶ 2. Upon receiving service of the Complaint, counsel for Defendant County of Riverside met and conferred with Plaintiffs' counsel regarding the deficiencies in Plaintiffs' Complaint, including Plaintiffs' failure to timely file the instant action as it related to Defendant County of Riverside. *Andersen Decl.*, ¶¶ 3-4. Pursuant to these discussions, Plaintiffs filed a First Amended Complaint ("FAC") on October 27, 2023. *Andersen Decl.*, ¶ 5; *Plaintiffs' FAC* [Dkt. 18].

In the FAC, Plaintiffs asserted the following causes of action against Defendant County of Riverside: Fourth Cause of Action – Municipal Liability for Failure to Train (42 U.S.C. § 1983); Fifth Cause of Action – Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983); Sixth Cause of Action – Municipal Liability for Ratification (42 U.S.C. § 1983); Seventh Cause of Action for Failure to Summon Medical Case (Cal. Gov't Code § 845.6) (including wrongful death); Eighth Cause of Action for Negligence – Medical Malpractice; Ninth Cause of Action for Negligence (Survival and Wrongful Death); and Tenth

1    Cause of Action for Violation of Cal. Civil Code § 52.1 (Bane Act).

2        In regards to timeliness of filing the instant action, Plaintiffs alleged that

3    On or about February 20, 2023 Plaintiffs filed comprehensive and timely
4    claims for damages with the CITY and COUNTY pursuant to the
     applicable sections of the California Government Code. Said claims were
5    rejected by CITY on March 7, 2023. Plaintiffs did not receive a response
6    from COUNTY, therefore such claims were rejected by operation of law
     on April 6, 2023. Cal. Gov. Code Section 912.4. Because COUNTY failed
7    to serve a rejection, it did not trigger the usual six-month statute of
     limitations for filing suit after a rejection has been served.
8

9    *FAC*, ¶ 20 [Dkt. 18].

10       On November 2, 2023, Defendant County of Riverside sent Plaintiffs a

11   detailed letter outlining the deficiencies in the FAC and stated its intention to file a

12   motion to dismiss. *Andersen Decl.*, ¶ 6. Counsel for the parties met and conferred

13   via telephone on November 6, 2023, wherein they discussed the grounds for

14   Defendant County of Riverside's intended motion to dismiss, including the fact that

15   the Clerk of the Board of Supervisors for the County of Riverside had mailed

16   Plaintiffs the claims' rejection notices on February 28, 2023. *Andersen Decl.*, ¶ 7.

17   Ultimately, the parties were unable resolve the issues raised by Defendant County of

18   Riverside regarding Plaintiffs' FAC. *Andersen Decl.*, ¶ 8. Thus, Defendant County

19   of Riverside filed the instant Motion to Dismiss Portions of Plaintiffs' First

20   Amended Complaint.

21   **III.   <u>STANDARD FOR MOTION TO DISMISS</u>**

22       Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed

23   because of the plaintiff's "failure to state a claim upon which relief can be granted."

24   Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack

25   of a cognizable legal theory or on the absence of sufficient facts alleged under a

26   cognizable legal theory.  *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121

27   (9th Cir. 2008); *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).

28       In reviewing a complaint under Rule 12(b)(6), all allegations of material fact

are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). But the Court is *not* required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scic. Sec. Litig.*, 536 F.3d 1049, 1056-1057 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief *above the speculative level*, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 555 U.S. 544, 555 (2007) (emphasis added). Thus, to avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Citation.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation.]" *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n],' 'that the pleader is entitled to relief.' [Citation.]" *Id.* at 679.

If the court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss the complaint with *or* without leave to amend. *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126-31 (9th Cir. 2000); *accord Machul v. City of Long Beach*, 2015 U.S. Dist. LEXIS 52472, *6 (C.D. Cal. February 20, 2015). Leave to amend should be granted if it appears plausible that the defects

8

**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

in the complaint could be corrected.  Thus, if a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995).  However, if after careful review it becomes clear that a complaint cannot be cured by amendment, the court may dismiss the complaint without leave to amend. *See Chaset v. Fleer/Skybox Int'l,* 300 F.3d 1083, 1087-1088 (9th Cir. 2002); *Machul,* 2015 U.S. Dist. LEXIS 52472 at *6.  In other words, ***leave to amend need not be granted when amendment would be futile.***  *Gompper v. VISX, Inc.,* 298 F.3d 893, 898 (9th Cir. 2002) (emphasis added).

## IV.   <u>LEGAL ARGUMENT</u>

### A.   Plaintiffs' State Law Claims Are Barred By The Statute Of Limitations.

California Government Code Section 945.4 provides that, ". . . no suit for money damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity . . . ." *Cal. Gov't Code* § 945.4. This claim presentation requirement extends to public entity employees. California Government Code Section 911.2 also requires claims be presented for any cause of action for death or injury to a person. *Cal. Gov't* Code § 911.2. Filing a claim pursuant to these provisions is "a condition precedent of an action under state law and an integral part of the cause of action." *Dennis v. Thurman*, 959 F. Supp. 1253, 1264 (C.D. Cal. 1997). The failure to allege facts demonstrating or excusing compliance with the claim presentation requirements warrants dismissal pursuant to Fed. Rule of Civ. Pro. 12(b)(6). See *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).

A lawsuit based upon the claims presented must be commenced no later than six (6) months after the date of the written notice of a claim denial. *Cal. Gov't Code* § 945.6(a)(1); *Clarke v. Upton*, 703 F.Supp.2d 1037, 1043 (E.D. Cal. 2010); *Baines*

MK **MANNING | KASS**

*Pickwick Ltd. v. City of Los Angeles*, 72 Cal.App.4th 298, 303, 85 Cal.Rptr.2d 74 (Cal. Ct. App. 1999). This written notice may be given either by personal delivery, or by mailing to the address of the claimant, or to an address designated in the claim. *Cal. Gov't Code* §§ 913, 915.4; *Katelaris v. County of Orange* (2001) 92 Cal.App.4th 1211, 1214, 112 Cal.Rptr.2d 556. If the public entity gives written notice of rejection in the manner specified in section 913, the statute of limitations expires six months from the day the notice of rejection is personally delivered or deposited in the mail. *Dowell v. County of Contra Costa* (1985) 173 Cal.App.3d 896, 900, 219 Cal.Rptr. 341.

If notice of the claim denial is given by mail, the notice must be "deposited in the United States post office or a mailbox . . . or other similar facility . . ., in a sealed envelope, properly addressed, with postage paid. The . . . notice shall be deemed to have been presented and received at the time of the deposit. . . . Proof of mailing may be made in the manner prescribed by Section 1013a of the Code of Civil Procedure." *Cal. Gov't Code* § 915.2; *Katelaris v. County of Orange*, *supra*, 92 Cal.App.4th at 1214.

Thus, the six-months statute of limitations period is triggered "from the date the notice is deposited in the mail by the public entity, and not the date it is received by the claimant or counsel." *Edgington v. County of San Diego* (1981) 118 Cal.App.3d 39, 47, 173 Cal. Rptr. 225. A claimant is required to comply with the six-month statute of limitations associated with government tort claims upon proof that the notice of rejection was served even if it was not actually received by the claimant. *Him v. City & Cnty. of San Francisco* (2005) 133 Cal.App.4th 437, 445, 34 Cal. Rptr. 3d 838, 843. The court in *Him* expanded on this idea and explained that:

> the Legislature has placed upon the claimant the risk that a properly mailed notice of claim rejection is not delivered due to an error by the postal authorities. And, the Legislature has provided a corresponding opportunity for the claimant to protect itself from this risk. Following presentation of a

**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

claim for personal injury or death (Gov. Code, § 911.2), the public entity must act within 45 days (§ 912.4, subd. (a)). If the entity fails to accept or reject the claim within that period the claim is deemed to have been rejected. (§ 912.4, subd. (c)). If the claim is rejected by the public entity expressly or by operation of law, notice must be sent to the claimant. (§ 913.) Thus, following a reasonable time after the expiration of the 45 days, a claimant should be aware that the claim has been denied and the statutory notice of that denial has not been provided. The clamant then has the opportunity to inquire about the denial and determine, thereby, the limitations period. (See 1 Van Alstyne et al., Cal. Government Tort Liability Practice (Cont.Ed.Bar 4th ed. 2004) Bringing the Action, § 8.15, p. 388; *cf. Dowell v. County of Contra Costa*, *supra*, 173 Cal.App.3d at p. 901, 219 Cal. Rptr. 341.) The Claimant should not be permitted to forgo that opportunity and, then, rely on the fact no notice was delivered to extend the limitations period.

*Him v. City & Cnty. of San Francisco*, *supra*, at 445.

In the instant case, Plaintiffs' argument that they did not receive the rejection notice mailed by the Clerk for the Board of Supervisors of the County of Riverside on February 28, 2023, does not save them from the six-month statute of limitations. Plaintiffs had the affirmative duty to determine the accurate statute of limitations deadline and cannot argue that by operation of law the statute of limitations began to run on April 6, 2023, or 45-days after Plaintiffs submitted their claims for damages. *Him*, *supra*, at 445. As sworn to under penalty of perjury, Mr. Joseph Sheinin mailed the notices of rejection of claims on February 28, 2023 to Plaintiffs and claimants Rosa Zazueta and Octavio Ernesto Zazueta as to the claims filed by Rosa Zazueta and Octavio Ernesto Zazueta, and on behalf of Octavio Zazueta, Jr. (decedent) to the Law Offices of Dale K. Galipo, 21800 Burbank Blvd., Suite 310, Woodland Hills, California 91367, as requested by the claimants. As such, Mr. Sheinin properly complied with California Code of Civil Procedure Section 1013a, and California Government Code Section 913.

As such, the six-month statute of limitations for Plaintiffs to file a court action

11

Case No. 5:23-cv-01825-WLH-SHK
**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

began to accrue on February 28, 2023. Plaintiffs needed to have filed the instant action no later than Monday, August 28, 2023, in order for the court action to be timely. Here, Plaintiffs did not initiate the instant action against Defendant County of Riverside until September 7, 2023, roughly 191 days after the notice of rejection was deposited in the mail. Defendant County of Riverside complied with all the requirements under both the California Code of Civil Procedure and Government Code. Plaintiffs did not take any actions to ensure that they met the requisite deadlines. Accordingly, the instant action against Defendant County of Riverside is untimely and Plaintiffs' state law claims are barred. Defendant County of Riverside's Motion to Dismiss Portions of Plaintiffs' First Amended Complaint should be granted as to Plaintiffs' seventh, eighth, ninth, and tenth causes of action.

**B.      Plaintiffs' Claim For Failure To Summon Medical Care Pursuant To Cal. Gov. Code § 845.6 Fails To State A Claim Upon Which Relief Can Be Granted.**

The statutory duty to summon medical care is limited to serious and obvious medical conditions requiring immediate care. *Kinney v. Contra Costa County* (1970) 8 Cal.App.3d 761, 770, 87 Cal.Rptr. 638. Intoxication due drugs or alcohol does not impose a duty to summon immediate medical care. *Lucas v. City of Long Beach* (1976) 60 Cal.App.3d 341, 350, 131 Cal.Rptr. 470.

To state a claim for relief under § 845.6, a plaintiff must allege facts establishing three elements: (1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care. *Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006) (citing *Cal. Gov't Code* § 845.6). This section does not impose a duty to monitor the quality of care provided. *Watson v. State,* 21 Cal.App.4th 836, 843, 26 Cal.Rptr.2d 262, 265 (Ct.App.1993)*.* Furthermore,

Under California law, "once an inmate is receiving medical care, § 845.6 does not create a duty to provide adequate or appropriate care." *Resendiz v. County of Monterey*, No. 14-CV-05495-LHK, 2015 WL 7075694, at *8 (N.D. Cal. Nov. 13,

1   2015) (citing *Watson v. State*, 21 Cal. App. 4th 836, 841–43, 26 Cal.Rptr.2d 262

2   (1993) ). Liability under § 845.6 attaches only when an employee fails

3   to *summon* medical care; the failure to provide further treatment, or to ensure further

4   diagnosis or treatment, is not actionable under § 845.6. *Castaneda v. Dep't of Corr.*

5   *& Rehab.*, 212 Cal.App.4th 1051, 1072, 151 Cal.Rptr.3d 648 (2013). "Thus, once a

6   prisoner is receiving medical care, prison employees are under no further obligation

7   under § 845.6." *Pajas v. County of Monterey*, No. 16-CV-00945-LHK, 2016 WL

8   3648686, at *12 (N.D. Cal. July 8, 2016); *see also Castaneda*, 212 Cal. App. 4th at

9   1070, 151 Cal.Rptr.3d 648 ("Section 845.6 is very narrowly written to authorize a

10  cause of action against a public entity for its employees' failure to summon

11  immediate medical care only, not for certain employee's malpractice in providing

12  that care.").

13          Plaintiffs' FAC lacks a factual basis to bring a cause of action pursuant to *Cal.*

14  *Gov't Code* § 845.6. The FAC does not identify individual public employee of

15  Defendant County of Riverside, nor does the FAC include facts that the individual

16  public employee of Defendant County of Riverside was on notice that the decedent,

17  Mr. Zazueta required medical care. The only facts offered are alleged upon

18  information and belief that Mr. Zazueta was intoxicated. Under current California

19  law, intoxication due drugs or alcohol does not impose a duty to summon immediate

20  medical care. *Lucas v. City of Long Beach* (1976) 60 Cal.App.3d 341, 350, 131

21  Cal.Rptr. 470. The mere fact alleged that the decedent was placed in a holding cell

22  and was found unresponsive approximately nine hours later is insufficient to state a

23  claim for failure to summon medical care under § 845.6, as there is no factual basis

24  indicating that Defendant County of Riverside never checked on the decedent.

25          In fact, the FAC provides that "[o]n information and belief, LAWRENCE and

26  DOES 1-2 did not adequately communicate to COUNTY employees at the

27  Detention Center as to DECEDENT's condition and immediate need for medical

28  attention." *FAC*, ¶ 25 [Dkt. 18]. Thus, Defendant County of Riverside was never on

MANNING | KASS

13

**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS
PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

1   notice that the decedent may have needed medical care.

2       Furthermore, the FAC *concedes* that employees of Defendant County of

3   Riverside "saw" Mr. Zazueta prior to him being unresponsive. "Defendants DOES

4   7-9 are the nurses and medical professionals at RCSO's Detention center. On

5   information and belief, DOES 7-9 saw DECEDENT on or about August 25, 2022

6   but ignored DECEDENT's condition and failed to adequately assess DECEDENT

7   for a transportation to a hospital." *FAC* ¶ 105 [Dkt. 18].

8       Therefore, because Mr. Zazueta was seen by medical professionals at the

9   facility, there can be no cause of action for failure to summon immediate medical

10  care under *Cal. Gov't Code* § 845.6. Plaintiffs' allegations go merely to the adequacy

11  of the medical response, which California law is clear that inadequate medical

12  treatment does not provide the basis for asserting a claim under § 845.6.

13      For this reason, Defendant County of Riverside's motion to dismiss Plaintiffs'

14  seventh cause of action should be granted with prejudice and without leave to

15  amend.

16  **C.   Plaintiffs' Claim For Negligence – Medical Malpractice Fails To State A**

17  **Claim Upon Which Relief Can Be Granted.**

18      Plaintiffs Rosa Zazueta and Octavio Zazueta have both sued in their

19  individual capacity and as successors-in-interest to the decedent, Mr. Zazueta, Jr.,

20  wherein they are seeking survival damages and wrongful death damages under

21  federal and state law. *FAC* ¶¶ 5-6, 110 [Dkt. 18]. In order to bring a survival action

22  under 42 U.S.C. § 1983, "the party bringing a survival action bears the burden of

23  demonstrating that a particular state's law authorizes a survival action and that the

24  plaintiff meets that state's requirement for bringing a survival action." *Hayes v.*

25  *County of San Diego*, 736 F.3d 1223, 1228-29 (9th Cir. 2013) (*citing Moreland v.*

26  *Las Vegas Metro. Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998)). In California,

27  standing requirements for survival actions are governed by California Code of Civil

28  Procedure Sections 377.30 through 377.35. These provisions provide generally that

MANNING | KASS

14

**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

a survival action may be maintained by the decedent's "personal representative" or, where there is none, by the decedent's "successor in interest." *Cal. Code Civ. Pro.* § 377.30. Where, as here, the action is brought by a plaintiff claiming to be the successor in interest, that person "shall execute and file an affidavit or declaration under penalty of perjury under the laws of [California]" setting forth various facts, and attaching a certified copy of the decedent's death certificate. The failure to file such an affidavit is grounds for dismissal for lack of standing. *Hayes*, 736 F.3d at 1229; *Cotta v. County of Kings*, 79 F.Supp.3d 1148, 1159 (2015); *Cal. Code Civ. Pro.* § 377.32.

As an initial issue, Plaintiffs have not alleged in the FAC that they have met the filing requirements of Cal. Code Civ. Proc. Section 377.34, and no such entry appears in the Court's docket for this case. As such, the FAC does not contain facts showing that Plaintiffs have standing to bring any survival action under either federal or state law, and all such claims must be dismissed.

Next, Defendant County of Riverside is immune against state law negligence medical malpractice claims pursuant to California Government Code Sections 844.6 and 855.6. *Cal. Gov't Code* § 844.6 (a public entity in California is not liable for tortious injury unless liability is imposed by statute.); *See Castenada v. Department of Corrections & Rehabilitation*, 212 Cal. App. 4th 1051, 1070 (2013). *Cal. Gov't Code* § 845.6 affirms the public entity immunity to liability for furnishing medical and the exception does not encompass negligence based medical malpractice claims. *Id*. California Government Code Section 855.6 provides that neither a public entity nor a public employee acting within the scope of his employment is liable for injury caused by the failure to make a physical or mental examination. *Cal. Gov't Code* § 855.6.

Here, Plaintiffs' FAC is devoid of facts to establish a cause of action for medical malpractice as to Defendant County of Riverside. The only statement made in furtherance of this cause of action is that "Defendants DOES 7-9 are the nurses

15

Case No. 5:23-cv-01825-WLH-SHK

**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

and medical professionals at RCSO's Detention center. On information and belief, DOES 7-9 saw DECEDENT on or about August 25, 2022 but ignored DECEDENT's condition and failed to adequately assess DECEDENT for a transportation to a hospital." *FAC* ¶ 105 [Dkt. 18]. Plaintiffs fail to provide any additional facts that could establish liability as to Defendant County of Riverside for a cause of action for negligence – medical malpractice.

Plaintiffs' eighth cause of action also fails against individual defendants, as well. Statutory immunity to common-law tort claims under Government Code section 815(a)[1] extends to the employees of public entities under the circumstances alleged in the FAC. *Cal. Gov't Code* § 815(a). The acts alleged in the FAC are discretionary acts covered by Government Code section 820.2 ("Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."). *Cal. Gov't Code* § 820.2.

"Generally speaking, a discretionary act is one which requires the exercise of judgment or choice." *Nicole M. By & Through Jacqueline M. v. Martinez Unified Sch. Dist.*, 964 F.Supp. 1369, 1389 (N.D. Cal. 1997) (distinguishing between discretionary and ministerial acts), superseded on other grounds in *Sandoval v. Merced Union High Sch.*, No. CV-F-06-066 REC/DLB, 2006 U.S. Dist. LEXIS 28446, at *11 (E.D. Cal. May 1, 2006). The decision of how to manage safety on campus is a discretionary act. *Nicole M.*, 964 F.Supp. at 1389 (maintenance of safety at the educational environment requires "the exercise of judgment or choice," and claims for negligence and intentional infliction of emotional distress are therefore

---

[1] "Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov. Code § 815(a).

1  barred).

2      Thus, even if Plaintiffs were to have identified individual actors, no liability

3  could be held against Defendant County of Riverside since the actions of the

4  individual actors would have been discretionary. Accordingly, Defendant County of

5  Riverside is immune from liability under California Government Code Sections

6  844.6 and 855.6.

7  **D.    Plaintiffs' Claim For Negligence Fails To State A Claim Upon Which**

8  **Relief Can Be Granted.**

9      Plaintiffs Rosa Zazueta and Octavio Zazueta have both sued in their

10  individual capacity and as successors-in-interest to the decedent, Mr. Zazueta, Jr.,

11  wherein they are seeking survival damages and wrongful death damages under

12  federal and state law. *FAC*, ¶¶ 5-6, 119 [Dkt. 18]. For the same reasons as stated

13  above in Section C, Plaintiffs have failed to assert facts establishing that Plaintiffs

14  have standing to bring any survival action under either federal or state law, and all

15  such claims must be dismissed. *Cal. Code Civ. Pro.* §§ 377.30-377.35.

16      Plaintiffs' FAC fails to allege sufficient facts to support a general claim of

17  negligence. Government Code section 815(a) sets forth the general rule that a

18  "public entity is not liable for an injury, whether such injury arises out of an act or

19  omission of the public entity or a public employee or any other person …." In

20  California, "all governmental tort liability must be based upon statute." *Harshberger*

21  *v. City of Colton*, 197 Cal.App.3d 1335, 1339 (1988); *see also State ex rel. Dept. of*

22  *California Highway Patrol v. Superior Court*, 60 Cal.4th 1002, 1009 (2015) ("If the

23  Legislature has not created a statutory basis for it, there is no government tort

24  liability.").

25      California Government Code section 815.6 states, "Where a public entity is

26  under a mandatory duty imposed by an enactment that is designed to protect against

27  the risk of a particular kind of injury, the public entity is liable for an injury of that

28  kind proximately caused by its failure to discharge the duty unless the public entity

17

**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS
PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

establishes that it exercised reasonable diligence to discharge the duty." *Cal. Gov't Code* § 815.6. The FAC does not state facts that indicate a mandatory duty was imposed upon Defendant County of Riverside to support Plaintiffs' claim for negligence. As such, Defendant County of Riverside's motion to dismiss Plaintiffs' ninth cause of action should be granted.

**E.      Plaintiffs' Claim for a Violation of the Bane Act Fails to State a Claim Upon Which Relief Can Be Granted.**

To establish a Bane Act violation, a plaintiff must prove that plaintiff's constitutional rights were interfered with by means of "threats, intimidation, or coercion." *See Cal. Civ. Code* § 52.1; *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014). California courts have been clear that there must be "'coercion independent from the coercion inherent in the wrongful detention [or seizure] itself' tht is 'deliberate or spiteful.'" *See*, *e.g., Bender v. County of Los Angeles*, 217 Cal.App.4th 968, 981 (2013) (*citing Shoyoye v. County of Los Angeles*, 32 Cal.4th 820, 842-43 (2004)).

Furthermore, to bring a claim under the Bane Act, a plaintiff must show that an officer had the "specific intent" to violate their Constitutional rights. *See Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018); *Cal. Civ. Code* § 52.1. The "threat, intimidation, or coercion element of the claim" does not need to be "transactionally independent from the constitutional violation alleged." *Id.* To show intent to violate an individual's rights, the plaintiff must show that the officers "intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances." *Reese*, 888 F.3d at 1045 (internal citations omitted). Additionally, plaintiffs cannot bring a claim on their own behalf under the Bane Act. *Bay Area Rapit Transit v. Superior Court*, 38 Cal.App.4th 141, 144-45 (1995); *Medrano v. Kern County Sheriff's Officer*, 921 F.Supp.2d 1009, 1015-16 (E.D. Cal. 2013).

Here, Plaintiffs' allegations against Defendant County of Riverside are

18

Case No. 5:23-cv-01825-WLH-SHK

**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

insufficient as all allegations of intent are conclusory. Plaintiffs provide no factual support in the FAC to substantiate a claim that Defendants intentionally violated the rights of the decedent, Mr. Zazueta. Plaintiffs do not allege that any officer threatened, intimidated, or coerced him. For these reasons, Defendant County of Riverside's motion to dismiss Plaintiffs' tenth cause of action for violation of the Bane Act should be granted with prejudice and without leave to amend.

**F.     Plaintiffs' Claim for Municipal Liability for Failure to Train Fails to State a Claim Upon Which Relief Can Be Granted.**

A public entity can be held liable under 42 U.S.C. § 1983 for a failure to train, if the failure to train, or failure to provide a different kind of training, causes a constitutional violation, and the failure to do so amounts to deliberate indifference to the rights of individuals with whom those employees come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388-389 [109 S.Ct. 1197, 103 L.Ed.2d 412] (1989);*Young v. City of Visalia*, 687 F.Supp.2d 1141, 1148 (2009).

Here, Plaintiffs have not alleged sufficient facts to support a claim that Defendant County of Riverside failed to train its agents, or did so with a deliberate indifference. Furthermore, Plaintiffs have failed to allege any facts that would indicate any "deficiency in training actually caused the police officers' [alleged] indifference to [Plaintiff's] medical needs." *City of Canton v. Harris*, 489 U.S. 378, 391 (1989). For these reasons, Defendant County of Riverside's motion to dismiss Plaintiffs' fourth cause of action for municipal liability for failure to train pursuant to 42 U.S.C. § 1983 should be granted.

**G.     Plaintiffs' Claim for Municipal Liability for Unlawful Custom and Practice Fails to State a Claim Upon Which Relief Can Be Granted.**

"To bring a § 1983 [Monell] claim against a local government entity, a plaintiff must plead that a municipality's policy or custom caused a violation of the plaintiff's constitutional rights." *Ass'n for L.A. Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 992–93 (9th Cir. 2011); 42 U.S.C. § 1983. Thus, Plaintiff

had to plead facts alleging that "(1) [Plaintiff] was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [Plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).

Here, Plaintiffs do not provide factual allegations to substantiate this claim, rather they assert only generic and conclusive statements that Defendant County of Riverside maintained certain unconstitutional customs, practices, and policies that did not implicate the decedent. *FAC* ¶ 80 [Dkt. 18]. Plaintiffs also failed to plausibly allege that any County policy or custom "was the moving force" behind the constitutional violations Plaintiff allegedly suffered. *Id.* As such, Defendant County of Riverside's motion to dismiss Plaintiffs' fifth cause of action for municipal liability for unlawful custom or policy pursuant to 42 U.S.C. § 1983 should be granted.

## H.   Plaintiffs' Claim for Municipal Liability for Ratification Fails to State a Claim Upon Which Relief Can Be Granted.

Plaintiffs Sixth Cause of Action for Municipal Liability for Ratification pursuant to 42 U.S.C. § 1983 fails to state a claim against Defendant County of Riverside given that Plaintiffs have failed to identify any individual defendants, let alone identify policymakers with supervisory authority.

Ratification liability under 42 U.S.C. § 1983 may attach when a final policymaker ratifies a subordinate's unconstitutional action and the basis for it. *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). This occurs when the official policymaker involved has adopted and expressly approved of the acts of others who caused the constitutional violation. *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996). There must be evidence that the policymaker "made a deliberate choice to endorse" the subordinate employee's actions. *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir.

20

1992).

Merely alleging that policymaking officials "ratified (or will ratify)" the conduct of subordinate officials does not state a claim for municipal liability. *See Wallace by and through Robinson v. City of Fresno*, 2019 WL 6170780 at \*5 (E.D. Cal. 2019); *Ashcroft v. Iqbal*, 556 U.S. at 680-81; *Gillette v. Delmore*, 979 F.3d 1342, 1348 (9th Cir. 1992) (*Monell* liability under ratification theory requires evidence of ratification of subordinate's decision "and the reason therefore.")

In the instant case, there are no facts that indicate Defendant County of Riverside ratified any improper or unconstitutional actions. Plaintiffs have not identified or alleged that a final policymaker made a deliberate choice to approve an officer's unconstitutional acts on behalf of Defendant County of Riverside. In sum, Plaintiffs have failed to allege facts sufficient to support municipal liability under a "ratification" theory. Accordingly, Defendant County of Riverside's motion to dismiss Plaintiffs' sixth cause of action for municipal liability for ratification pursuant to 42 U.S.C. § 1983 should be granted.

## V.     **CONCLUSION**

For all of the foregoing reasons, the Honorable Court should GRANT Defendant County of Riverside's motion and dismiss portions of Plaintiffs' First Amended Complaint, with prejudice and without leave to amend. In the alternative, the Court should dismiss claims to the fullest extent the Court deems appropriate.

DATED:  November 13, 2023          **MANNING & KASS**
                                   **ELLROD, RAMIREZ, TRESTER LLP**


                          By: _____
                                   Eugene P. Ramirez
                                   Kayleigh A. Andersen
                                   Attorneys for Defendants,  COUNTY OF
                                   RIVERSIDE

21

Case No. 5:23-cv-01825-WLH-SHK

# DECLARATION OF KAYLEIGH A. ANDERSEN

I, Kayleigh A. Andersen, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendants,  COUNTY OF RIVERSIDE.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.  I make this declaration in support of Defendant County of Riverside's Motion to Dismiss Portions of Plaintiffs' First Amended Complaint.

2.      On September 7, 2023, Plaintiffs filed their initial complaint in this matter alleging multiple causes of action against Defendants Officer Kyle Lawrence of the Indio Police Department, the City of Indio, and the County of Riverside. [Dkt. 1].

3.      After Defendant County of Riverside received the initial complaint, I reviewed it and determined there were deficiencies therein that rendered the complaint vulnerable to a motion to dismiss. The most relevant issue being that Plaintiffs' complaint was untimely given that the Clerk for the Board of Supervisors for the County of Riverside had mailed notices of denial as to Plaintiffs' claims for damages on February 28, 2023. As such, Plaintiffs had initiated the instant action 195 days after the notices of denial, and not within the 180-day prescribed period.

4.      Thereafter, Plaintiffs' counsel, Mr. Cooper Alison-Mayne and I telephonically met and conferred regarding the deficiencies with Plaintiffs' complaint. Although we were unable to resolve all of the issues raised by Defendant County of Riverside, Plaintiffs agreed to amend their complaint.

5.      Accordingly, Plaintiffs filed their First Amended Complaint ("FAC") on October 27, 2023. [Dkt. 18].

6.      I reviewed Plaintiffs' FAC and again determined there were deficiencies in regards to Defendant County of Riverside that rendered the FAC vulnerable to a motion to dismiss. Therefore, on November 2, 2023, I caused for an

MANNING | KASS

email to be sent to Plaintiffs' counsel, Mr. Cooper Alison-Mayne, with Defendants' meet and confer letter outlining the reasons for the instant Motion to Dismiss attached thereto. Attached hereto as **Exhibit A** is a true and correct copy of the email and meet and confer letter I sent to Plaintiffs' counsel regarding Defendant County of Riverside's intended motion to dismiss.

7.    On Monday, November 6, 2023, I telephonically met and conferred with Plaintiffs' Counsel, Mr. Cooper Alison-Mayne and discussed all of the grounds upon which Defendant intended to bring a motion to dismiss.

8.    Unfortunately, the parties were unable to come to a resolution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of November, 2023, at Los Angeles, California.

Kayleigh A. Andersen

**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

# EXHIBIT A

| From: | Sandra I. Alarcon |
| --- | --- |
| **Sent:** | Thursday, November 2, 2023 5:34 PM |
| **To:** | cmayne@galipolaw.com; dalekgalipo@yahoo.com; slaurel@galipolaw.com |
| **Cc:** | Eugene P. Ramirez; Lacey Sipsey; Kayleigh Andersen; Delia Flores |
| **Subject:** | Zazueta, Jr., Octavio (PC) Meet and Confer [4410-59803] |
| **Attachments:** | MC re Defendants' MTD.Zazueta.110223.pdf |

To All:

Please see attached meet and confer letter regarding Octavio Zazueta, Jr.  Thank you.

**Sandra I. Alarcon**
Legal Assistant



801 S. Figueroa St., 15th Floor
Los Angeles, CA 90017
Main: (213) 624-6900 Ext.: 2461
Sandra.Alarcon@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

STEVEN D. MANNING
DENNIS B. KASS
ANTHONY J. ELLROD
EUGENE P. RAMIREZ
FREDRIC W. TRESTER
LAWRENCE D. ESTEN
MILDRED K. O'LINN *
ALFRED M. DE LA CRUZ
ERWIN A. NEPOMUCENO *
BRIAN T. MOSS *
JEFFREY M. LENKOV
MARGUERITE L. JONAK *
MICHAEL L. SMITH
LOUIS W. PAPPAS
EUGENE J. EGAN
CLIFFORD A. CLANCEY
R. ADAM ELLISON
JASON J. MOLNAR *
DAVID V. ROTH
JEANETTE L. DIXON
DAVID R. REEDER*
RICHARD G. GARCIA
ANTHONY CANNIZZO
DANIEL B. HERBERT *
MARK A. HAGOPIAN
DONALD R. DAY *
JOHN M. HOCHHAUSLER
CHRISTOPHER DATOMI
ROLAND TONG
STEVEN W. DELATEUR
WILLIAM KELSBERG
KATHLEEN A. HUNT *
STEVEN J. RENICK
D. HIEP TRUONG
JANET D. JOHN *
SHARON S. JEFFREY
KENNETH S. KAWABATA
LALO GARCIA
JONATHAN J. LABRUM *
KAREN LIAO

MATTHEW E. KEARL
RODRIGO J. BOZOGHLIAN
GRETHCHEN COLLIN
LYNN CARPENTER *
CHRISTOPHER KANJO
ROBERT E. MURPHY *
JASON J. DOSHI
EMILY EDWARDS
DAVID R.RUIZ
CRAIG SMITH
JONATHAN HACK*
EMILY ELLSE
ERIC WAHRBURG
SEAN DOWSING
DANIEL SULLIVAN
ANDREA KORNBLAU
NATALYA VASYUK
MARK WILSON
KELSEY NICOLAISEN
KIRSTEN BROWN
TIFFANY HENDERSON
SALLY FREEMAN*
CHRISTINE LA VORGNA
LIZETTE ALVARADO
ELLEN BURACH-ZION
EVGENIA JANSEN
ANTOINETTE MARINO*
GLENN JOHNSTON
RICHARD McKIE
DANE CUMMARO
CHRISTINA TAPIA
S. CHRISTIAN ANDERSON
JOSEPH GORDON
COURTNEY NAKATANI
KIRK J. EDSON
MARK SENIOR
MIRIAM ORTIZ
KRISTINE RIZZO
JOANA COLOMA
RICHARD MOJICA

LOAN DAO
CHANDRA CARR
MICHELLE J. MARTIN
DEANN RIVARD
DEREK G. BREDEFELD
OLESYA MIKHAYLOVA
ROYA FOHRER
SOPHIE O. LAFRANCHI
KAYLEIGH ANDERSEN
LINNA LOANGKOTE
JAMIE COOPERMAN
MORGAN TRENARY
JAMES A. HARRIS
MICHAEL BRAVE
GABRIELLA PEDONE
TIFFANY SCHRABIAN
JESSICA BECERRA
DAVID ALPERN
NATALIE PORTONE
ELISSA BALLEW
ANDREW RAZMA
MARCY GRIBIN-SANCHEZ
LISA IVERSEN
DANIEL KNIERIM
HANNAH ELLENHORN
LACEY SIPSEY
JONATHAN KOEHLE
TANYA PROUTY
ADAM AFSAR
ANNA KARTOSHKINA
KRISTINA ROSS
JOSEPH ESCAREZ
NICOLE JONES
AMANDA WILBUR
TANNER LONDON
FIONA MILLER
CALVIN PARK
MICHELLE RITCHIE
LISA MARTINELLI
MAYA SORENSEN

PETYA HRABAR
WILLIAM NELSON
AN THIEN (ANDY) TRAN
PAMELA ACEBO
ELLARIE HERNANDEZ
LINDSAY LE
VICTORIA TREPANY
YANGKYOUNG LEE
DORIS YOUMARA
VASUDHA PUROHIT
ELIKA ZIAEI
ZACHRY TOUPS
NICHOLE SANTIAGO
ISHA GULATI
ROBERT JONES

OF COUNSEL
JOHN D. MARINO*
ARI MARKOW
TRISHA NEWMAN
MICHAEL A. WEISMANTEL
MARISA ZARATE
CAROL FOHR
KRISTOFER BUNDY
CHARLES MOLLIS
GEOFFREY PLOWDEN

* Admitted in Multiple
  Jurisdiction
† Admitted to Practice Law in
  Arizona only



15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3012
Tel: (213) 624-6900
Fax: (213) 624-6999
ManningKass.com

November 2, 2023

**VIA ELECTRONIC MAIL ONLY**

Dale K. Galipo, Esq.
Law Offices of Dale K. Galipo
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
E-Mail: dalekgalipo@yahoo.com

Re:   **Meet and Confer Defendant County of Riverside's Intended Motion to Dismiss and/or Motion for Judgment on the Pleadings**

Dear Counsel:

In accordance with Local Rule 7-3, we are writing on behalf of Defendant County of Riverside ("Defendant COR") to meet and confer with you prior to filing a motion to dismiss Plaintiff's First Amended Complaint filed on October 27, 2023 ("FAC") for failing to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Additionally, Defendants intend to file a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) as to Plaintiff's cause of action failure to summon medical care and medical malpractice. A thorough discussion of the issues is required, so please respond to me immediately upon receipt of this letter so we may set a time to discuss this matter further prior to November 9, 2023.

Defendant COR's motion to dismiss will be brought on the following grounds:

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of the claims asserted in the complaint." *Neilson v. Union Bank of Cal., N.A.,* 290 F.Supp. 2d 1101, 1111 (C.D. Cal. 2003). When a motion to dismiss is sustained, the Court has determined the complaint states facts insufficient to give rise to one or more enforceable legal rights. *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990). To adequately state a claim for relief in his complaint, a plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v.*

DALLAS
901 Main Street, Ste 6530
Dallas, TX 75202
(214) 953-7669

NEW YORK
100 Wall Street, Ste 700
New York, NY 10005
(212) 858-7769

ORANGE COUNTY
695 Town Center Dr., Ste 400
Costa Mesa, CA 92626
(949) 440-6690

PHOENIX
2700 N. Central Ave., Ste 870
Phoenix, AZ 85004
(602) 313-5409

SAN DIEGO
225 Broadway, Ste 1200
San Diego, CA 92101
(619) 515-0269

SAN FRANCISCO
One California Street, Ste 900
San Francisco, CA 94111
(415) 217-6990

Dale K. Galipo, Esq.
**Re:    Meet and Confer Defendants' Intended Motion to Dismiss**
November 2, 2023
Page 2



*Iqbal*, 129 S. Ct. 1937, 1939 (2009). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). For the reasons set forth below, we will file a Motion to Dismiss the FAC because it fails to state a claim against Defendant COR.

Plaintiffs' state law tort claims against Defendant COR must be dismissed because Plaintiffs fail to allege or excuse timely compliance with the claim presentation requirements of the California Tort Claims Act (*Cal. Gov. Code* § 910 et seq.).

Under *Cal. Gov. Code* § 945.4, ". . . no suit for money damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity . . . ." This claim presentation requirement extends to public entity employees. *Cal. Gov. Code* § 911.2 also requires claims be presented for any cause of action for death or injury to a person. Filing a claim pursuant to these provisions is "a condition precedent of an action under state law and an integral part of the cause of action." *Dennis v. Thurman*, 959 F. Supp. 1253, 1264 (C.D. Cal. 1997). The failure to allege facts demonstrating or excusing compliance with the claim presentation requirements warrants dismissal pursuant to Fed. Rule of Civ. Pro. 12(b)(6). *See Mangold v. California Pub. Utils. Comm'n*, 67 .3d 1470, 1477 (9th Cir. 1995). Furthermore, a lawsuit must be filed no more than 6 months after the date of notice of denial is personally delivered or deposited in the mail. *Cal. Gov. Code* § 945.6.

Paragraph 20 of the FAC states that "On or about February 20, 2023 Plaintiffs filed a comprehensive and timely claims for damages with the CITY and COUNTY pursuant to the applicable sections of the California Government Code. Said claims were rejected by the CITY on March 7, 2023." However, the claim presentation documents evidencing timely compliance are not attached, nor does the FAC set forth any information in regards to Defendant COR. The FAC further does not include the exact dates upon which Defendant COR received and/or denied Plaintiffs' and therefore the Court cannot confirm such timely compliance. In fact, it is Defendant COR's understanding that this lawsuit was *not* filed within six months of the rejection of the claim, and therefore ultimately those state causes of action will not stand. As such, Defendant COR asks that Plaintiff agree to dismiss the four state law claims in the FAC otherwise, Defendant COR will move to dismiss pursuant in accordance with the above.

Plaintiffs' **fourth cause of action for municipal liability for failure to train pursuant to 42 U.S.C. § 1983** fails to state a claim against Defendant COR.

A public entity can be held liable under 42 U.S.C. § 1983 for a failure to train, if the failure to train, or failure to provide a different kind of training, causes a constitutional violation, and the failure to do so amounts to deliberate indifference to the rights of individuals with whom those employees come into contact. *City of Canton v. Harris*, 489 U.S.

Dale K. Galipo, Esq.
**Re:    Meet and Confer Defendants' Intended Motion to Dismiss**
November 2, 2023
Page 3



378, 388-389 [109 S.Ct. 1197, 103 L.Ed.2d 412] (1989); *Young v. City of Visalia*, 687 F.Supp.2d 1141, 1148 (2009).

Here, there are no facts alleged to support Plaintiffs' claim that Defendant COR failed to train its agents, or did so with a deliberate indifference. Furthermore, Plaintiffs have failed to allege any facts that would indicate any "deficiency in training actually caused the police officers' [alleged] indifference to [Plaintiff's] medical needs." *City of Canton v. Harris*, 489 U.S. 378, 391 (1989). For these reasons, Plaintiffs' claim fails and must be dismissed.

Plaintiff's **fifth cause of action for municipal liability for unlawful custom and practice pursuant to 42 U.S.C. § 1983** fails to state a claim against Defendant COR.

"To bring a § 1983 [Monell] claim against a local government entity, a plaintiff must plead that a municipality's policy or custom caused a violation of the plaintiff's constitutional rights." *Ass'n for L.A. Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 992–93 (9th Cir. 2011). Thus, Plaintiff had to plead facts alleging that "(1) [Plaintiff] was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [Plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).

Here, Plaintiffs do not provide factual allegations to substantiate this claim, rather they assert only generic and conclusive statements that Defendant COR maintained certain unconstitutional customs, practices, and policies that did not implicate the decedent. *FAC* ¶ 80. Plaintiffs also failed to plausibly allege that any County policy or custom "was the moving force" behind the constitutional violations Plaintiff allegedly suffered. *Id.* Therefore, Plaintiffs' fifth cause of action against Defendant COR must be dismissed.

Plaintiffs' **sixth cause of action for municipal liability for ratification pursuant to 42 U.S.C. § 1983** fails to state a claim against the Defendant COR.

Ratification liability may attach when a final policymaker ratifies a subordinate's unconstitutional action and the basis for it. *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127). This occurs when the official policymaker involved has adopted and expressly approved of the acts of others who caused the constitutional violation. *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996). There must be evidence that the policymaker "made a deliberate choice to endorse" the subordinate employee's actions. *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992).

In the instant case, there are no facts that indicate Defendant COR ratified any improper or unconstitutional actions. Plaintiffs have not identified or alleged that a final policymaker made a deliberate choice to approve an officer's unconstitutional acts on behalf of Defendant COR. Therefore, this claim fails and must be dismissed.

Dale K. Galipo, Esq.
**Re:    Meet and Confer Defendants' Intended Motion to Dismiss**
November 2, 2023
Page 4



Plaintiffs' **tenth cause of action for violation of the Bane Act – Cal. Civil Code §§ 52 and 52.1** fails to state a claim against Defendant COR.

To bring a claim under the Bane Act, a plaintiff must show that an officer had the "specific intent" to violate their Constitutional rights. *See Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). The "threat, intimidation, or coercion element of the claim" does not need to be "transactionally independent from the constitutional violation alleged." *Id.* To show intent to violate an individual's rights, the plaintiff must show that the officers "intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances." Reese, 888 F.3d at 1045 (internal citations omitted).

Here, Plaintiffs' allegations against Defendants are insufficient as all allegations of intent are conclusory. There is no factual support in the FAC to substantiate Plaintiffs' conclusory allegations that Defendants intentionally violated the decedent's rights.

Lastly, Plaintiffs' FAC fails to state a claim for **punitive damages.** The Supreme Court has determined that punitive damages are available in a § 1983 action only when a defendant's conduct is shown to be motivated by evil motive or intent or when it involves reckless or callous indifference to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 51 (1983). It is not enough that a defendant may have acted in an objectively unreasonable matter; their subjective state of mind must be assessed. *Wulf v. City of Wichita*, 883 F.3d 842, 867 (10th Cir. 1989).

"Under California law, a party may be awarded punitive damages only where 'there is some evidence of fraud, malice, express or implied, or oppression.'"); *College Hosp., Inc. v. Superior Court*, 8 Cal. 4th 704, 709 (Cal. 1994) ("The substantive requirements for recovering punitive damages are set forth in Civil Code section 3294."); *Neal v. Farmers Ins. Exchange*, 21 Cal. 3d. 910, 922 (Cal. 1978) ("In order to justify an award of exemplary damages, the defendant must be guilty of oppression, fraud or malice.") (quoting *Cal. Code Civ. P.* § 3294).

Furthermore, a public entity cannot be liable for punitive damages in connection with both the federal and state law claims brought in this action. *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247, 271 (1981); *Cal. Gov. Code* § 818.

Here, Plaintiffs have not set forth any factual allegations that Defendants acted with evil intent or motive, nor have Plaintiffs provided factual allegations that Defendants acted with the requisite malice, fraud, or oppression to establish a claim for punitive damages.

In addition to a motion to dismiss, Defendants intend to file a motion for judgment on the pleadings on the following grounds:

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings may be granted when, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. *Chavez v United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The applicable standard is essentially identical to the standard for a motion to dismiss under Rule 12(b)(6). *United States ex rel.*

Dale K. Galipo, Esq.
**Re:    Meet and Confer Defendants' Intended Motion to Dismiss**
November 2, 2023
Page 5



*Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011).
A motion for judgment on the pleadings should be granted "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).


Plaintiffs' **seventh cause of action for failure to summon medical care pursuant to Cal. Gov. Code § 845.6 (including wrongful death)** fails to state a claim against Defendant COR.

To state a claim for relief under § 845.6, a plaintiff must allege facts establishing three elements: (1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care. *Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006) (citing *Cal. Gov't Code* § 845.6). "Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care." *Id.* (citing *Watson v. State*, 21 Cal.App.4th 836, 26 Cal.Rptr.2d 262, 265 (Ct.App.1993)). This section does not impose a duty to monitor the quality of care provided. *Watson* at 843.

Under California law, "once an inmate is receiving medical care, § 845.6 does not create a duty to provide adequate or appropriate care." *Resendiz v. County of Monterey*, No. 14-CV-05495-LHK, 2015 WL 7075694, at *8 (N.D. Cal. Nov. 13, 2015) (citing *Watson v. State*, 21 Cal. App. 4th 836, 841–43, 26 Cal.Rptr.2d 262 (1993) ). Liability under § 845.6 attaches only when an employee fails to *summon* medical care; the failure to provide further treatment, or to ensure further diagnosis or treatment, is not actionable under § 845.6. *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1072, 151 Cal.Rptr.3d 648 (2013). "Thus, once a prisoner is receiving medical care, prison employees are under no further obligation under § 845.6." *Pajas v. County of Monterey*, No. 16-CV-00945-LHK, 2016 WL 3648686, at *12 (N.D. Cal. July 8, 2016); *see also Castaneda*, 212 Cal. App. 4th at 1070, 151 Cal.Rptr.3d 648 ("Section 845.6 is very narrowly written to authorize a cause of action against a public entity for its employees' failure to summon immediate medical care only, not for certain employee's malpractice in providing that care.").

Plaintiffs' FAC lacks a factual basis to bring a cause of action pursuant to *Cal. Gov. Code* § 845.6. The FAC does not identify individual public employee of Defendant COR, nor does the FAC include facts that the individual public employee of Defendant COR was on notice that the decedent required medical care other than the fact that the decedent was intoxicated. The mere fact alleged that the decedent was placed in a holding cell and was found unresponsive approximately nine hours later is insufficient to state a claim for failure to summon medical care under § 845.6.

Additionally, the FAC *concedes* that employees of Defendant COR "saw" the decedent prior to him being unresponsive. "Defendants DOES 7-9 are the nurses and medical professionals at RCSO's Detention center. On information and belief, DOES 7-9 saw DECEDENT on or about August 25, 2022 but ignored DECEDENT's condition and failed to

Dale K. Galipo, Esq.
**Re:    Meet and Confer Defendants' Intended Motion to Dismiss**
November 2, 2023
Page 6



adequately assess DECEDENT for a transportation to a hospital." *FAC* ¶ 105. Therefore, because the decedent was seen by medical professionals at the facility, there can be no causes of action for failure to summon immediate medical care under *Cal. Gov. Code* § 845.6. Plaintiffs' allegations go merely to the adequacy of the medical response, which California law is clear that inadequate medical treatment does not provide the basis for asserting a claim under § 845.6.

For this reason, Defendant COR will move to dismiss and/or move for judgment on the pleadings as to this cause of action.

Plaintiffs' **eighth cause of action for negligence – medical malpractice and ninth cause of action for negligence – pursuant to Cal. Gov. Code § 815.2(a), 820(a)** fails to state a claim against Defendant COR.

Defendant COR is immune against state law negligence medical malpractice claims. *Cal. Gov. Code* § 844.6 (a public entity in California is not liable for tortious injury unless liability is imposed by statute.); *See Castenada v. Department of Corrections & Rehabilitation*, 212 Cal. App. 4th 1051, 1070 (2013). *Cal. Gov. Code* § 845.6 affirms the public entity immunity to liability for furnishing medical and the exception does not encompass negligence based medical malpractice claims. *Id.*

The FAC is devoid of facts to establish a cause of action for medical malpractice as to Defendant COR. The only statement made in furtherance of this cause of action is that "Defendants DOES 7-9 are the nurses and medical professionals at RCSO's Detention center. On information and belief, DOES 7-9 saw DECEDENT on or about August 25, 2022 but ignored DECEDENT's condition and failed to adequately assess DECEDENT for a transportation to a hospital." *FAC* ¶ 105. There are no further facts the describe the events that transpired that evening or establish liability as to Defendant COR for a cause of negligence – medical malpractice.

In addition, Plaintiffs' failed to allege sufficient facts to support a general claim of negligence or a negligent medical malpractice claim. Government Code section 815(a) sets forth the general rule that a "public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person ...." In California, "all governmental tort liability must be based upon statute." *Harshberger v. City of Colton*, 197 Cal.App.3d 1335, 1339 (1988); *see also State ex rel. Dept. of California Highway Patrol v. Superior Court*, 60 Cal.4th 1002, 1009 (2015) ("If the Legislature has not created a statutory basis for it, there is no government tort liability.").

California Government Code section 815.6 states, "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." The FAC does not state facts which show a mandatory duty imposed upon Defendant COR supports Plaintiffs' claim for negligence. Plaintiffs' eighth and ninth cause of action against Defendant COR must be dismissed.

Dale K. Galipo, Esq.
**Re:   Meet and Confer Defendants' Intended Motion to Dismiss**
November 2, 2023
Page 7



Plaintiffs' eighth and ninth cause of action also fails against individual Defendants, as well. Statutory immunity to common-law tort claims under Government Code section 815(a)[1] extends to the employees of public entities under the circumstances alleged in the FAC. The acts alleged in the FAC are discretionary acts covered by Government Code section 820.2 ("Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.").

"Generally speaking, a discretionary act is one which requires the exercise of judgment or choice." *Nicole M. By & Through Jacqueline M. v. Martinez Unified Sch. Dist.*, 964 F.Supp. 1369, 1389 (N.D. Cal. 1997) (distinguishing between discretionary and ministerial acts), superseded on other grounds in *Sandoval v. Merced Union High Sch.*, No. CV-F-06-066 REC/DLB, 2006 U.S. Dist. LEXIS 28446, at *11 (E.D. Cal. May 1, 2006). The decision of how to manage safety on campus is a discretionary act. *Nicole M.*, 964 F.Supp. at 1389 (maintenance of safety at the educational environment requires "the exercise of judgment or choice," and claims for negligence and intentional infliction of emotional distress are therefore barred).

For these reasons, Defendant COR will move to dismiss and/or move for judgment on the pleadings as to this cause of action.

Upon receipt of this letter, please contact me immediately so we may discuss the issues outlined above <u>before November 9, 2023</u>, in compliance with Local Rule 7-3.

Very truly yours,

**MANNING | KASS**

Kayleigh Andersen, Esq.

KAA/lns

---

[1] "Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov. Code § 815(a).