**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (Bar No. 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333

**The Law Office of Bradley I. Kramer**
Bradley I. Kramer, Esq. (SBN 234351)
bkramer@biklaw.com
8840 Wilshire Blvd. Suite 350
Beverly Hills, California 90211-2606
Telephone: (310) 289-2600

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ZAZUETA; OCTAVIO ZAZUETA, individually and as successors-in-interest to OCTAVIO ZAZUETA Jr., deceased;<br><br>           Plaintiffs,<br>vs.<br><br>COUNTY OF RIVERSIDE; CITY OF INDIO; KYLE LAWRENCE; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No. 5:23-cv-01825-WLH-SHK<br><br>*District Judge Wesley L. Hsu*<br>*Magistrate Judge Kewalramani*<br><br>**JOINT RULE 26(f) REPORT**<br><br>Original Complaint: 9/7/23<br>Trial (Proposed): November 19, 2024<br><br><u>Scheduling Conference:</u><br>Date:     December 1, 2023<br>Time:    1:30 PM<br>Courtroom: 9B |

## I. Statement of the Case.

### Plaintiffs

This lawsuit arises from the tragic death of Octavio Zazueta Jr. ("DECEDETN") under the care of City of Indio Officers and Riverside employees at the John Benoit Detention Center. On August 24, 2022, DECEDENT, in the midst of a severe mental and medical health crisis, encountered CITY Officers KYLE LAWRENCE and DOES 1-3 who negligently failed to provide or seek medical attention for DECEDENT, despite clear indications of his critical condition exhibited through labored breathing and erratic mannerisms.

Disregarding DECEDENT's dire medical needs, LAWRENCE and DOES 1-3 opted to arrest him and transfer him to John Benoit Detention Center in the early hours of August 25, 2022, instead of bringing him to a medical facility. LAWRENCE and DOES 1-3 inadequately communicated DECEDENT's critical condition to the COUNTY employees at the detention center, contributing to the delay in medical attention needed by DECEDENT.

Upon his arrival at the Detention Center, COUNTY employees, DOES 4-10, some of whom were trained medical professionals, failed to assess DECEDENT's condition accurately, despite noticeable symptoms of a potential substance overdose.

Approximately nine hours after bring brought to the detention center, DECEDENT was discovered unresponsive in a holding cell as a result of the negligent actions and inactions of the defendants. Subsequent transfer to a hospital was futile as DECEDENT was pronounced dead.

At all pertinent times, the actions and inactions of the defendants were executed under the color of state law, and their actions amounted to a violation of the duty and care they owed to DECEDENT. Plaintiffs ROSA ZAZUETA and OCTAVIO ZAZUETA, as the natural parents and successors-in-interest of DECEDENT pursuant to Section 377.11 of the California Code of Civil Procedure,

bring forth this action to seek justice for the untimely and preventable demise of DECEDENT, who suffered immensely due to the negligence, recklessness, and utter disregard for his life exhibited by the defendants.

**Defendant County of Riverside**

Octavio Zazueta was arrested by the Indio Police Department on August 24, 2022 for public intoxication. Upon arrival at the jail, Mr. Zazueta refused medical treatment (by signing jail intake documentation refusing treatment) in the early morning hours of August 25, 2022.

Later in the morning on August 25, 2022 at the John Benoit Detention Center in Indio, Mr. Zazueta was found lying on the floor in Sobering Cell 2. Responding correctional deputies noted that Mr. Zazueta's breathing was shallow, irregular, and his eyes were rolled to the back of his head. Deputies believed that Mr. Zazueta was experiencing a possible drug overdose. Deputies summoned medical care. Deputies and medical staff at the jail took turns administering chest compressions and the AED.

Cal-Fire arrived and took over care of Mr. Zazueta. They continued CPR and gave Mr. Zazueta an IV while still inside Sobering Cell 2. Mr. Zazueta was determined to have a pulse at this time but was still unconscious. He was transported to JFK Memorial Hospital in Indio. An autopsy confirmed Mr. Zazueta's cause of death was Complications of Acute Diffuse Anoxic Ischemic Encephalopathy, due to Resuscitated Cardiopulmonary Arrest, due to Effects of Methamphetamine.

**Defendants City of Indio and Kyle Lawrence**

Just after midnight on August 25, 2022, Octavio Zazueta's sister Nancy Zazueta called the Indio Police Department from the Holiday Inn Express in Indio, requesting a welfare check on her brother, who was sitting in his car in motel parking lot. When asked if she needed an ambulance, Ms. Zazueta confirmed she wanted a welfare check. Indio police officer Kyle Lawrence responded, determined

Octavio Zazueta appeared to be under the influence, arrested him for public intoxication and transported him to the John Benoit Detention Center in Indio. There, he underwent a medical screening, refused medical treatment, was booked, and no charges were filed.

## II. Subject Matter Jurisdiction.

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## III. Legal Issues.

1. Whether LAWRENCE and DOES 1-3 unreasonably detained and arrested DECEDENT amidst a mental health crisis without providing necessary medical attention;
2. Whether LAWRENCE and DOES 1-3 acted negligently by failing to transport DECEDENT to a medical facility despite apparent signs of distress;
3. Whether the negligence and lack of medical care interfered with Plaintiffs' right to a familial relationship with DECEDENT;
4. Whether the actions or inactions of LAWRENCE, DOES 1-10 were malicious, oppressive, or in reckless disregard of DECEDENT's rights;
5. Whether LAWRENCE, DOES 1-10 unreasonably denied medical care to DECEDENT in violation of his rights;
6. Whether the COUNTY has unconstitutional policies, practices, or customs that were the cause of DECEDENT's and Plaintiffs' injuries;

7. Whether the COUNTY failed to adequately train its officers and medical personnel;
8. Whether the COUNTY ratified the unconstitutional actions of LAWRENCE, DOES 1-10 that were the cause of DECEDENT's and Plaintiffs' injuries;
9. Whether LAWRENCE, DOES 1-10 were negligent with respect to their handling of DECEDENT's medical crisis;
10. Whether Defendants violated the Bane Act;
11. The nature and extent of Plaintiffs' and DECEDENT's damages, including wrongful death, survival, and punitive damages; and
12. Whether Kyle Lawrence is entitled to qualified immunity or State law statutory immunities.

### IV.   Parties, Evidence, etc.

Plaintiffs ROSA ZAZUETA and OCTAVIO ZAZUETA are DECEDENT's parents. Defendants the CITY OF INDIO, the COUNTY OF RIVERSIDE, KYLE LAWRENCE, and DOES 1–10.

Other witnesses and/or individuals with information pertinent to this matter may become known throughout the discovery process.

### V.   Damages.

Plaintiffs' alleged damages include survival damages, as they are successors in interest to DECEDENT, wrongful death damages, and punitive damages. Plaintiffs also seek statutory attorney's fees.

At this early stage in litigation and absent any discovery responses from Plaintiffs, Defendants have no information about the plaintiffs' claimed damages and assert that punitive damages are unwarranted.

Defendants County of Riverside, City of Indio, and Kyle Lawrence each deny all liability and wrongdoing for any and all of Plaintiffs' claims.

## VI. Insurance.

The County of Riverside and the City Indio are permissibly self-insured pursuant to Government Code § 990.

## VII. Motions.

### a. Procedural Motions.

Plaintiffs will request the names of the officer(s) involved in the incident in order to amend the pleadings to name the officer(s) involved as defendants. Once the names of the individual involved officers are discovered, the parties will meet and confer to determine if Defendants will stipulate to amend the Complaint to name the individual officers.

Depending on evidence and facts learned through discovery, there may be additional procedural motions that need to be filed.

During the course of litigation of this action, the County of Riverside, City of Indio and Kyle Lawrence may file: a motion for judgment on the pleadings and/or a motion to dismiss and motion for bifurcation of trial on punitive damages and/or *Monell*.

### b. Dispositive Motions.

All parties anticipate filing motions *in limine* if this matter proceeds to trial. In addition, the defendants each anticipate filing a Motion for Summary Judgment with respect to all or some of Plaintiffs' claims at the close of discovery. The parties expect to file discovery motions as needed or to seek Magistrate assistance via informal discovery conference.

## VIII. Manual for Complex Litigation.

This case does not require utilization of the Manual For Complex Litigation.

## IX. Discovery.

Plaintiffs anticipate propounding discovery on Defendants imminently. The parties are exchanging Rule 26 Initial Disclosures on November 28, 2023.

Plaintiffs anticipate serving further written discovery, including interrogatories, requests for admission, and requests for production on the issues of liability. Plaintiffs anticipates taking the deposition upon oral examination of the involved officers present at the scene, medical personnel, and percipient witnesses, and persons most knowledgeable, all of whom are not yet identified.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time.

Defendant County of Riverside intends to propound written discovery regarding Decedent's and Plaintiffs' medical and mental health history, Decedent's criminal history, Plaintiffs' requested damages and their calculation of damages, and discovery related to witnesses that may have knowledge regarding the incident at issue in the operative Complaint. Defendant anticipates taking the depositions of the Plaintiffs, percipient witnesses, and expert witnesses to the extent appropriate. There may be additional issues that arise in the course of this litigation that defendant may also explore through discovery.

Defendants City of Indio and Kyle Lawrence intend to propound written discovery regarding decedent's and Plaintiffs' medical and mental health history, decedent's criminal history, Plaintiffs' alleged damages, and family members and friends that may have knowledge regarding the incident at issue and/or Plaintiffs' relationship with the decedent. City of Indio and Kyle Lawrence anticipate taking the depositions of Plaintiffs, family members, decedent's probation officer, percipient witnesses and expert witnesses to the extent appropriate.

Defendants anticipate serving written discovery on Plaintiffs and reserve the right to assert appropriate objections and/or seek a protective order from Magistrate Judge Kewalramani, to the extent necessary, in response to Plaintiffs' written discovery.

### a. Status of Discovery.

Pursuant to Rule 26(f), the parties have conducted their conference of counsel, discussed timing of initial disclosures, a mutually agreed upon discovery plan, and the possibility of prompt resolution of the case.

### b. Discovery Plan.

The parties have agreed to exchange Rule 26 Initial Disclosures on November 28, 2023.

The parties do not anticipate any changes to disclosures imposed by Rule 26(a).

The subjects on which discovery may be needed include: liability of violations of freedom from unlawful detention and arrest and the related state law claims, and damages.

Discovery should be conducted in two phases: (i) fact discovery, and (ii) expert discovery.

The parties anticipate the filing of a Joint Stipulated Proposed Protective order pursuant to Rule 26(c).

### c. Discovery Cut-off.

The parties agree to a discovery cut-off date of June 28, 2024.

### d. Expert Discovery.

The parties agree to an expert discovery cut-off of August 9, 2024, with a July 5, 2024 deadline for initial report disclosures and a July 26 deadline for rebuttal report disclosures.

### e. Settlement Conference/Alternative Dispute Resolution (ADR).

The parties have discussed the possibility of informal early resolution of the case, as well as early mediation, and propose the mediation cutoff set forth in Attachment "A" below. The parties have not yet engaged in substantive settlement discussions but are amenable to settlement discussions following a period of discovery.

The parties agree to ADR Procedure No. 2 and will participate in a settlement conference before an attorney from the Court's ADR panel. The parties have agreed to have Richard Copeland, Esq., serve as their panel mediator.

### f. Trial.

#### i. Trial Estimate.

The parties believe that this case can be tried in four (4) to five (5) days, including voir dire, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury.

#### ii. Jury or Court Trial.

The parties request a jury trial.

#### iii. Consent to Trial Before a Magistrate Judge.

The parties do not consent to trial before a magistrate judge.

#### iv. Lead Trial Counsel.

Plaintiff: Dale K. Galipo.

County Defendants: Eugene P. Ramirez, Kayleigh A. Andersen

City Defendants: John P. McCormick, Konrad M. Rasmussen

### g. Independent Expert or Master.

This is not a case that requires appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

### h. Other Issues.

None.

DATED: November 15, 2023              **LAW OFFICES OF DALE K. GALIPO**

By: */s/ Dale K. Galipo*
Dale K. Galipo[1]
Attorney for Plaintiffs

DATED: November 15, 2023              **MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP**

By: */s/ Kayleigh A. Andersen*
Kayleigh A. Andersen
Attorney for Defendant COUNTY OF RIVERSIDE

DATED: November 15, 2023              **McCORMICK, MITCHELL & RASMUSSEN**

By: */s/ Konrad M. Rasmussen*
Konrad M. Rasmussen
Attorney for Defendant CITY OF INDIO

---

[1] As the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# JUDGE WESLEY L. HSU
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
**The Court ORDERS the parties to make every effort to agree on dates.**

| Case No. | 5:23-cv-01825-WLH-SHK | Case Name: | ZAZUETA v. COUNTY OF RIVERSIDE, ET AL. |
|---|---|---|---|

| Trial and Final Pretrial Conference Dates | Parties' Joint Date mm/dd/yyyy | Court Order |
|---|---|---|
| Check one: [✓] Jury Trial or [ ] Court Trial [ ] Magistrate Judge (**Tuesday** at 9:00 a.m., within 12 months of Scheduling Conference) Estimated Duration: 4-5 Days | 11/19/2024 | [ ] Jury Trial [ ] Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] (**Friday** at 3:00 p.m., at least 18 days before trial) | 11/01/2024 | |

| Event [1] Note: Hearings shall be on **Fridays** at 1:30pm Other dates can be any day of the week | Weeks Before FPTC[2] | Parties' Joint Date mm/dd/yyyy | Court Order |
|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties [Friday] | | 03/01/2024 | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | 06/28/2024 | |
| Expert Disclosure (Initial) | 16 | 07/05/2024 | |
| Expert Disclosure (Rebuttal) | 14 | 07/26/2024 | |
| Expert Discovery Cut-Off | 14 | 08/09/2024 | |
| Last Date to Hear Motions • Rule 56 Motion due at least 6 weeks before hearing; • Opposition due 2 weeks after motion is filed before hearing; • Reply due 1 week after Opposition is filed | 12 | 08/09/2024 | |
| Last Date to Hear *Daubert* Motions | 8 | 09/06/2024 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: [ ] 1. Magistrate Judge *(with Court approval)* [✓] 2. Court's Mediation Panel [ ] 3. Private Mediation | 5 | 09/27/2024 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)** • Motions *In Limine* (except *Daubert*) • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) • Declarations containing Direct Testimony, if ordered (court trial only) | 4 | 10/04/2024 | |
| **Trial Filings (second round)** • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations. of Direct Testimony (court trial only) | 2 | 10/18/2024 | |

---

1 Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

2 The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.