Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF RIVERSIDE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROSA ZAZUETA; OCTAVIO ZAZUETA, individually and as successors-in-interest to OCTAVIO ZAZUETA Jr., deceased;,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE; CITY OF INDIO; Kyle Lawrence; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-01825-WLH-SHK<br><br>District Judge: Wesley L. Hsu<br>Magistrate Judge: Shashi H. Kewalramani<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE'S MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Judge:  Wesley L. Hsu<br>Date:   December 15, 2023<br>Time:   1:30 p.m.<br>Crtrm.: 9B<br><br>Filed on:    09/07/23<br>Trial Date:  N/A |

Case No. 5:23-cv-01825-WLH-SHK
**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE'S MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ 2

TABLE OF AUTHORITIES ......................................................................................... 3

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 5

    I.    INTRODUCTION............................................................................................ 5

    II.    LEGAL ARGUMENT ..................................................................................... 5

    *A.*    *Plaintiffs' State Law Claims are Barred by the Statute of Limitations* ........... 5

        1.    Defendants provided proof of service of claim rejection notices in its moving papers ................................................................................................. 5

        2.    Plaintiffs have the affirmative duty to determine when the statute of limitations begins to run on their claims ............................................................. 6

        3.    Plaintiffs have not requested equitable tolling as relief .............................. 8

    *B.*    *The Duty to Summon Medical Care Does Not Encompass Treatment* ........... 9

    *C.*    *Plaintiffs' Claim for Negligence-Medical Malpractice Fails* ....................... 10

    *D.*    *Plaintiffs' Claim for Negligence Fails* ............................................................ 12

    *E.*    *Plaintiffs' Claim for a Violation of the Bane Act Fails* ................................ 12

    *F.*    *Plaintiffs' Claims for Monell Violations Fail*................................................. 13

        1.    Unconstitutional Policy and Custom ......................................................... 13

        2.    Failure to Train........................................................................................... 14

        3.    Ratification ................................................................................................. 14

    III.    CONCLUSION .............................................................................................. 15

2     Case No. 5:23-cv-01825-WLH-SHK

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE'S MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

# TABLE OF AUTHORITIES

**Cases**

*Addison v. State of California*
(1978) 21 Cal. 3d 313 .............................................................................................. 8

*Caldwell v. Montoya*
(1995) 10 Cal. 4th 972 ........................................................................................... 13

*County of Los Angeles v. Superior Court*
(2005) 127 Cal. App. 4th 1263 ................................................................................ 7

*Creason v. Department of Health Services*
(1998) 18 Cal. 4th 623 ........................................................................................... 13

*Dowell v. County of Contra Costa*
(1985) 173 Cal. App. 3d 896 ................................................................................... 7

*Edgington v. Cnty. of San Diego*
(1981) 118 Cal. App. 3d 39 ..................................................................................... 7

*Gillette v. Delmore*
979 F.2d 1342 (9th Cir. 1992) ............................................................................... 14

*Him v. City & Cnty. of San Francisco*
(2005) 133 Cal.App.4th 437 .................................................................................... 6

*Kanae v. Hodson*
294 F. Supp. 2d 1179 (D. Haw. 2003) ................................................................... 15

*Lapachet v. California Forensic Med. Grp., Inc.*
313 F. Supp. 3d 1183 (E.D. Cal. 2018) ................................................................... 9

*Lassiter v. City of Bremerton*
556 F.3d 1049 (9th Cir. 2009) ............................................................................... 15

*Lawson v. Superior Court*
(2010) 180 Cal. App. 4th 1372 .............................................................................. 11

*Lopez v. City of Los Angeles*
(2011) 196 Cal. App. 4th 675 ................................................................................ 12

*Lytle v. Carl*
382 F.3d 978 (9th Cir. 2004) ................................................................................. 14

*Nelson v. State of California*
(1982) 139 Cal.App.3d 72 ..................................................................................... 11

*Neuroth v. Mendocino Cty.*
2016 WL 379806, at *5 (N.D. Cal. Jan. 29, 2016) ................................................ 11

*Steel v. Alameda Cnty. Sheriff's Off.*
    428 F. Supp. 3d 235 (N.D. Cal. 2019) .................................................................. 11

*Tortorella v. Castro*
    140 Cal.App.4th 1 (Cal. Ct. App. 2006) ............................................................... 11

*Valderrama v. California*
    No. 2:19-cv-013890-MCE-EFB, 2020 U.S. Dist. LEXIS 89068 (E.D. Cal. May 20, 2020) ................................................................................................................ 6

*Watson v. State of California*
    (1993) 21 Cal.App.4th 836 ............................................................................. 9, 10

**Statutes**

Cal. Code Civ. Proc. § 1013a ..................................................................................... 5

Cal. Gov't Code § 815 ................................................................................................ 11

Cal. Gov't Code § 844.6 ....................................................................................... 11, 13

Cal. Gov't Code § 845.6 .................................................................................. 9, 10, 11

Cal. Gov't Code § 855.6 ....................................................................................... 10, 11

Cal. Gov't Code § 912.4 ............................................................................................... 7

Cal. Gov't Code § 915.2 ........................................................................................... 5, 6

Cal. Gov't Code § 945.6 ............................................................................................... 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant County of Riverside ("Defendant" or "Defendant County of Riverside") submits the following Reply to Plaintiffs' Opposition to Defendant County of Riverside's Motion to Dismiss Portions of Plaintiffs' First Amended Complaint. Defendant County of Riverside respectfully requests that this Court grant its motion in its entirety on the grounds that Plaintiffs have failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## II.  LEGAL ARGUMENT

### A.  *Plaintiffs' State Law Claims are Barred by the Statute of Limitations*

#### 1.  <u>Defendant provided proof of service of claim rejection notices in its moving papers</u>

Contrary to Plaintiffs' argument, Defendant County of Riverside provided proof that it properly mailed the claim rejection letter in accordance with Cal. Gov't Code § 915.2 and Cal. Code Civ. Proc. § 1013a, as is evidenced by the proof of service submitted as Exhibits 4, 5, and 6 to Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss Portions of Plaintiffs' First Amended Complaint [Dkt. 23-1].

As such, Defendant submitted a "Notice of Rejection of Claim" as to claimants and Plaintiffs Octavio Zazueta, Jr. (decedent), Rosa Zazueta, and Octavio Ernesto Zazueta. Each of these Notices of Rejection of Claim included a verified, proof of service at the bottom which provides:

> I declare that my business address is 1st Floor, County Administrative Center, 4080 Lemon Street, Riverside California, that I am a citizen of the United States of America, employed by the County of Riverside and am not a party to the action. On the date stated below I mailed the foregoing notice by depositing a copy thereof in the outgoing mail at Riverside, California, in a sealed envelope, with postage prepaid, addressed to the person(s) listed above. I declare under penalty of perjury that the foregoing is true and correct.

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE'S MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Executed at Riverside, California on February 28, 2023.

The proof of service is signed under penalty of perjury by Joseph Sheinin, Board Assistant for the Clerk of the Board of Supervisors. These Notices of Rejection were mailed to the Law Offices of Dale K. Galipo, 21800 Burbank Blvd., Suite 310, Woodland Hills, California 91367, as is the address claimants and Plaintiffs requested the notices be mailed.

As such, Defendant has established that it properly served the Notices of Rejection on the three claimants and Plaintiffs in this action. According to the Notices of Rejection, the statute of limitations as to Plaintiffs' state law causes of action began to accrue on February 28, 2023. Plaintiffs' argument that Defendant failed to establish that service was actually made in compliance with Cal. Gov't Code § 915.2 is meritless.

2. <u>Plaintiffs have the affirmative duty to determine when the statute of limitations begins to run on their claims</u>

Similarly, Plaintiffs' argument that they did not receive the notices is meritless as the risk is placed upon the claimant. *Him v. City & Cnty. of San Francisco* (2005) 133 Cal.App.4th 437, 445.

Several federal and state courts have consistently held that a government defendant's mailing of a decision denying a claim triggers the six-month limitations period, even if the plaintiff never receives that decision. *See Valderrama v. California*, No. 2:19-cv-013890-MCE-EFB, 2020 U.S. Dist. LEXIS 89068, 2020 WL 2556948, at *5 (E.D. Cal. May 20, 2020) (explaining that a public entity's notice of rejection sent to an attorney instead of the claimant is still "properly addressed" even if the claimant never received the notice); *Phay Him v. City & County of San Francisco*, 133 Cal. App. 4th 437, 445, 34 Cal. Rptr. 3d 838 (2005) (holding that, "a claimant is required to comply with the six-month statute of limitations associated with government tort claims upon proof that the notice of

1 rejection was served even if it was not actually received by the claimant"); *County*
2 *of Los Angeles v. Superior Court*, 127 Cal. App. 4th 1263, 1271, 26 Cal. Rptr. 3d
3 445 (2005) ("That Attorney Bash never received the notice that the claim had been
4 deemed denied is irrelevant."); *Dowell v. County of Contra Costa*, 173 Cal. App. 3d
5 896, 901, 219 Cal. Rptr. 341 (1985) ("The two-year period of limitations applies
6 only when the notice was not served; the six-month rule applies if notice was
7 served, even though not actually received by the claimant.").

As the *Him* court explained, "the legislature has placed upon the claimant the risk that a properly mailed notice of claim rejection is not delivered," with the court pointing out that if the 45-day period for timely acting on a claim has elapsed and no statutory rejection has been received, it is up to the claimant "to inquire about the denial and determine, thereby, the limitations period." *Him*, at 133 Cal. App. 4th 437. Plaintiffs cannot forego that inquiry and instead "rely on the fact that no notice was delivered to extend the limitations period" (*id.*), yet that is exactly what Plaintiffs attempt to do here.

This case law makes it clear that only the mailing itself need be established, which Defendant County of Riverside has done. Thus, even if the Court were to accept Plaintiffs' allegation that they never received the rejection notices of their tort claims as true, Plaintiffs' contention is not relevant. The six-month period runs from the date the notice of rejection is deposited in the mail, not the date it was actually received. *Edgington v. Cnty. of San Diego*, 118 Cal. App. 3d 39, 45-47, 173 Cal. Rptr. 225. Accordingly, Plaintiffs' allegation that Defendant County of Riverside failed to send the notices of rejection is insufficient to revive Plaintiffs' untimely state law claims.

Plaintiffs failed to act in accordance with Cal. Gov't Code § 912.4, which stated that the board would act on the claim within 45 days after it was presented. Plaintiffs had an affirmative duty to make ongoing inquiries with the public entity concerning the status of the claim. The failure to do so here cannot justifiably

relieve Plaintiffs from the statute of limitations.

3. <u>Plaintiffs are not entitled to equitable tolling</u>

Plaintiffs' citation to *Addison v. State of California*, 21 Cal. 3d 313 is ineffective in the instant action because the facts are clearly distinguishable. In *Addison*, the plaintiffs originally filed a tort action against defendants, the State of California and the County of Santa Clara, in federal court, alleging violations of both state and federal law. After defendants moved to dismiss the federal action and after the expiration of the six-month period provided in Cal. Gov't Code § 945.6, plaintiffs filed the action in Santa Clara County Superior Court. The superior court subsequently sustained defendants' demurrer on the grounds that that the complaint was untimely filed pursuant to Cal. Gov't Code § 945.6. *Addison v. State of California*, 21 Cal. 3d 313, 315, 578 P.2d 941 (1978). The California Supreme Court reversed and remanded the action with directions to overrule defendants' demurrer, holding that the circumstances of the case called for the application of the "equitable tolling" doctrine, "which relieves a plaintiff from the bar of a limitations statute when, possessing several legal remedies, he reasonably and in good faith pursues one designed to lessen the extent of his injuries or damage, and when the defendant has had timely notice of the claim and is not prejudiced by the application of this doctrine." *Addison v. State of California*, 21 Cal. 3d 313.

The instant case is not a special situation in which Plaintiffs are pursuing one legal remedy while tolling another. Rather, Plaintiffs missed the statute of limitations because they failed to comply with their affirmative duty as is required under the statute. There is no indication from the *Addison* case or the other cases cited by Plaintiffs that the equitable tolling should apply when Plaintiffs' fail to comply with their affirmative obligation to make ongoing inquiries with the public entity concerning the status of the claim, when there are no additional special circumstances. Plaintiffs cannot claim that they made a good faith effort when they negliglected their obligation to make ongoing inquiries to the public entity.

1 Plaintiffs' arguments that the case should be tried on the merits since the parties' law firms have an established relationship whereby Plaintiffs' law firm is "always willing to engage in reasonable settlement discussions" is not a compelling enough argument for Defendant to waive its rights to contest Plaintiffs' failure to meet the statutory requirements.

Lastly, Defendants would be severely prejudiced by having to defend an action that was otherwise barred by the statute of limitations due to Plaintiffs' failures to act upon their affirmative duty, as is required by law. The financial cost, as well as the time resources usurped by litigation would be detrimental to Defendant.

While other mechanisms may be available to relieve Plaintiffs' from their failure to comply with the statutory requirements, equitable tolling is not that mechanism.

### B.     The Duty to Summon Medical Care Does Not Encompass Treatment

Cal. Gov't Code § 845.6 "confers a broad general immunity on the public entity" and the duty to "summon" medical under section 845.6 ***neither encompasses a duty to provide reasonable medical care, nor includes a concomitant duty to assure that prison medical staff properly diagnose and treat the medical condition***, nor imposes a duty to monitor the quality of care provided. *Watson v. State of California* (1993) 21 Cal.App.4th 836, 26 Cal.Rptr.2d 262 [emphasis added]. Section 845.6 imposes the duty to summon on "public employees" generally, not medical care providers in particular.

"Liability under California statute governing failure to obtain medical care for prisoners attaches only when an employee fails to summon medical care; the failure to provide further treatment, or to ensure further diagnosis or treatment, is not actionable under statute. Cal. Gov't Code § 845.6." *Lapachet v. California Forensic Med. Grp., Inc.*, 313 F. Supp. 3d 1183 (E.D. Cal. 2018).

Here, as established in the moving papers and confirmed by Plaintiffs, the

1  decedent was seen by medical professionals upon his arrival to the detention center.

2  A cause of action under Cal. Gov't Code § 845.6 does not apply to actual
3  treatment of an individual, thus Plaintiffs' arguments that the decedent was "seen"
4  by medical professionals but not treated is not actionable under this statute.

5  Plaintiffs also claim that immunity under Cal. Gov't Code § 855.6 should not
6  be applicable to Defendant because Defendants "knew or should have known" that
7  the decedent was in need of immediate medical care is also not compelling since he
8  was evaluated by medical professionals. Furthermore, Plaintiffs do not set forth
9  *specific* facts demonstrating that a John Benoit Detention Center employee knew or
10 had reason to know that the decedent was in need of immediate medical care yet
11 failed to summon such that Cal. Gov't Code § 845.6 would apply. Rather, it appears
12 that the decedent was seen by medical professionals, at which time it was
13 determined that further treatment was not needed. Even if Plaintiffs were alleging an
14 ongoing tort in that Defendant continually failed to summon medical care, the First
15 Amended Complaint lacks a sufficient factual basis for such a claim. Plaintiffs
16 contend that Defendants should have known that the decedent was suffering a
17 substance overdose on the grounds that the decedent was exhibiting "extremely
18 labored breathing and fidgeting mannerism" while at his sister's house, however, the
19 facts do not indicate whether he continued to exhibits these symptoms when he
20 arrived at the John Benoit Detention Center or if he informed Defendant or its
21 employees that he was experiencing a medical crisis.

22 As such, medical care was summoned, therefore this cause of action must be
23 dismissed.

24 **C.    *Plaintiffs' Claim for Negligence-Medical Malpractice Fails***

25 Plaintiffs' claim for negligence-medical malpractice against Defendant
26 County of Riverside fails because a governmental entity is not vicariously liable for
27 the medical malpractice of its employees. *Watson v. State of California* (1993) 21
28 Cal.App.4th 836, 842. Cal. Gov't Code § 845.6 requires that the medical malpractice

1  action be brought against the employees, not the public entity. *Watson v. State of*
2  *California*, 21 Cal. App. 4th 836, 842, 26 Cal. Rptr. 2d 262, 265 (1993) (citing
3  *Nelson v. State of California* (1982) 139 Cal.App.3d 72, 80-81, 188 Cal.Rptr. 479).
4  　　　　"Although a public entity may be vicariously liable for the acts and omissions
5  of its employees (Gov. Code, § 815.2), that rule does not apply in the case of
6  injuries to prisoners." *Lawson v. Superior Court*, 180 Cal. App. 4th 1372, 1383
7  (2010) (discussing interplay of immunities in claims brought pursuant to §§
8  815.2, 844.6 and 845.6); see also *Neuroth v. Mendocino Cty.*, 2016 WL 379806, at
9  *5 (N.D. Cal. Jan. 29, 2016) (dismissing state law claims against county without
10 leave to amend, finding it immune under § 844.6).
11 　　　　"The immunity provision is not written in terms of causes of action like
12 medical malpractice or IIED, but rather insulates public entities and their employees
13 from liability for injuries 'proximately caused by the failure of the employee to
14 furnish or obtain medical care for a prisoner.'" Cal. Gov't Code § 845.6; *Steel v.*
15 *Alameda Cnty. Sheriff's Off.*, 428 F. Supp. 3d 235, 244 (N.D. Cal. 2019).
16 　　　　Plaintiffs are correct, that to establish a medical malpractice claim, the
17 plaintiff must establish: (1) the duty of the professional to use such skill, prudence,
18 and diligence as other members of his profession commonly possess and exercise;
19 (2) a breach of that duty; (3) a proximate causal connection between the negligent
20 conduct and the resulting injury; and (4) actual loss or damage resulting from the
21 professional's negligence." *Tortorella v. Castro*, 140 Cal.App.4th 1, 3 n. 2, 43
22 Cal.Rptr.3d 853 (Cal. Ct. App. 2006). However, the issue here is that Plaintiffs have
23 failed to allege any specific facts as to the individuals tortfeasors.
24 　　　　In addition to the reasons stated above, Defendant County of Riverside
25 maintains that it is immune to a cause of action for negligence-medical malpractice
26 under Cal. Gov't Code §§ 844.6, 845.6, 855.6, and 815.
27 　　　　For all of the foregoing reasons, Plaintiffs have failed to state a viable claim
28 against Defendant County of Riverside and this cause of action must be dismissed.

#### D. Plaintiffs' Claim for Negligence Fails

Plaintiffs have failed to state sufficient facts to allege a cause of action for negligence against Defendant County of Riverside. Here, the First Amended Complaint is devoid of any allegations that specify the particular individuals directly involved in participating in the decisions regarding the decedent, and instead rely solely on conclusory allegations that Defendant is ultimately responsible through a generic formulaic recitation of the elements. There is also a lack of facts to indicate that Defendant County of Riverside is proximate cause of the decedent's death or injuries, other than the conclusory statement asserting such liability. *Lopez v. City of Los Angeles*, 196 Cal. App. 4th 675, 687–88, 126 Cal. Rptr. 3d 706, 716 (2011) (negligence requires evidence that breach was proximate or legal cause of resulting injury and wrongful death cause of action requires tort such as negligence or other wrongful act and resulting death) (citations omitted). Plaintiffs have not and cannot establish that Defendants were the alleged actual or proximate cause of the decedents injuries and/or death, particularly given the fact that he is deceased due to a substance overdose.

#### E. Plaintiffs' Claim for a Violation of the Bane Act Fails

Plaintiffs' claims against Defendant County of Riverside for a violation of the Bane Act fails, particularly since the First Amended Complaint lacks facts regarding the specific knowledge held by the employees of Defendants such that they knew the decedent was suffering a medical crisis due to substance overdose and their requisite intent. The First Amended Complaint does not provide a clear factual basis to support a contention that Defendant County of Riverside acted intentionally and/or with reckless disregard to harm the decedent. The First Amended Complaint also lacks facts that indicate any specific employee of Defendant County of Riverside had the specific intent to violate the decedent's constitutional rights. Furthermore, there is no allegation or factual basis that indicated Defendant County of Riverside interfered with the decedent's rights through threats, intimidation, or

12   Case No. 5:23-cv-01825-WLH-SHK

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE'S MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

coercion.

Nonetheless, even if Plaintiffs had sufficiently pled a factual basis to assert a claim for a violation of the Bane Act, Defendant County of Riverside would still be entitled to statutory immunity pursuant to Cal. Gov't Code § 844.6. *Creason v. Department of Health Services* (1998) 18 Cal. 4th 623 (quoting *Caldwell v. Montoya* (1995) 10 Cal. 4th 972, 986). Any general theory of liability against public entities is subordinate to the specific immunity provision for injuries to prisoners in section 844.6. Thus, "[i]f a specific immunity statute applies, it "cannot be abrogated by a statute which simply imposes a general legal duty or liability," not even under the Bane Act. Simply put, the Bane Act does not override statutory immunities. Thus, this cause of action fails as to Defendant County of Riverside.

For all of the above reasons, and those stated in Defendant's moving papers, this cause of action should be dismissed.

### F. Plaintiffs' Claims for Monell Violations Fail

#### 1. Unconstitutional Policy and Custom

Plaintiffs have identified various instances in which inmates are alleged to have been injured while detained at various Riverside Sheriff's Department's Jails. However, the examples provided do not indicate which jails these instances occurred. Furthermore, the examples provided do not provide a factual basis as to what led to the allegations of denial of medical care, including the individual defendants that allegedly conducted these actions, the specific actions, or who ratified such conduct.

To bring a *Monell* cause of action for an unconstitutional policy and/or custom, Plaintiffs need to establish that (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation.

Here, Plaintiffs' First Amended Complaint lacks the factual basis required to

1  establish that Defendant's alleged failure to provide medical care was a policy
2  decision, or indecision, that was a result of deliberate indifference by Defendant, or
3  an employee of Defendant. The First Amended Complaint further lacks facts that
4  indicate Defendant's policy was the moving force that caused the decedent to suffer.
5       As such, Plaintiffs have failed to state a claim upon which relief can be
6  granted and this cause of action should be dismissed.

### 2. Failure to Train

8       The factual allegations as pleaded in the First Amended Complaint are
9  insufficient to give rise to a cause of action for failure to train under a *Monell*
10  theory. While Plaintiffs have provided various examples of other individuals injured
11  in various jails, the facts are deficient as to the actual training policies that are
12  alleged to be substandard.
13       Further, Plaintiffs do not identify any specific policymakers as related to
14  Defendant County of Riverside. Rather, Plaintiffs generically assert a conclusory
15  statements such as "Defendant COUNTY was deliberately indifferent to the obvious
16  consequences of its failure to train its RCSO jail staff members adequately,
17  including with respect to the provision of medical care to inmates, the housing
18  inmates in a safe environment, including by adequately monitoring inmates
19  exhibiting medical symptoms/conditions, and the health of inmates. *First Amended
20  Complaint*, paragraph 72. This conclusory allegation is not enough to maintain a
21  cause of action under a *Monell* theory for failure to train.

### 3. Ratification

23       To prove *Monell* liability under a ratification theory, a plaintiff must show
24  that "a policymaker approve[d] a subordinate's decision *and the basis for it*." *Gillette
25  v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992) (emphasis in original). "A mere
26  failure to overrule a subordinate's actions, without more, is insufficient to support
27  a § 1983 claim." *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). Additionally,
28  ratification requires "something more than the failure to reprimand." *Kanae v.*

*Hodson*, 294 F. Supp. 2d 1179, 1190 (D. Haw. 2003). Still, "[a] single decision by a municipal policymaker 'may be sufficient to trigger Section 1983 liability under *Monell*, even though the decision is not intended to govern future situations,' but the plaintiff must show that the triggering decision was the product of a 'conscious, affirmative choice' to ratify the conduct in question." *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1055 (9th Cir. 2009) (quoting *Gillette*, 979 F.2d at 1347).

Plaintiffs have not provided any factual basis to indicate that Defendant County of Riverside, or any of its employees, ratified the conduct of the unnamed and unidentified defendants, or whom allegedly carried out the acts at issue. Plaintiffs have not identified any "conscious, affirmative choice" taken by the employees of Defendants County of Riverside that ratified the conduct in question. As such, Plaintiffs have failed to state a claim upon which relief can be granted and this cause of action must be dismissed.

## III. CONCLUSION

In sum, Defendant respectfully requests that the Court grant its Motion to Dismiss Portions of Plaintiff's First Amended Complaint, in its entirety.

DATED: December 1, 2023     **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:    /s/ Kayleigh Andersen
Kayleigh Andersen
Attorneys for Defendants, COUNTY OF RIVERSIDE

15    Case No. 5:23-cv-01825-WLH-SHK
**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF RIVERSIDE'S MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**