1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  ROSA ZAZUETA; OCTAVIO              Case No.  5:23-cv-01825-WLH-SHK
    ZAZUETA, individually and as
12  successors-in-interest to OCTAVIO  **ORDER REGARDING**
    ZAZUETA JR., deceased;             **DEFENDANT'S MOTION TO**
13                                     **DISMISS [23]**
                Plaintiffs,
14

15  v.

16  COUNTY OF RIVERSIDE; CITY OF
    INDIO; KYLE LAWRENCE; and
17  DOES 1-10, inclusive,

18              Defendants.

19

20

21        Defendant County of Riverside ("Defendant") filed a motion to Dismiss Portions

22  of Plaintiffs' First Amended Complaint.  ("Motion," Docket No. 23).  The Court

23  issued a tentative ruling on December 15, 2023, and all parties submitted on the

24  tentative, which the Court now adopts as its final ruling.  For the reasons set forth

25  below, the Court **GRANTS** the Motion.

26  ///

27  ///

28  ///

I.     **BACKGROUND**

A.     **Procedural History**

Plaintiffs Rosa Zazueta and Octavio Zazueta ("Plaintiffs"), successors-in-interest[1] to Octavio Zazueta Jr. ("Decedent"), filed this lawsuit against County of Riverside, City of Indio, Kyle Lawrence, and Does 1-10.  (Compl., Docket No. 1).  Plaintiffs alleged ten claims: Fourth Amendment denial of medical care, Fourteenth Amendment denial of medical care, Fourteenth Amendment substantive due process, municipal liability for failure to train, municipal liability for unconstitutional policy or practice, municipal liability for ratification, failure to summon medical care (Cal Gov't Code § 845.6), negligence for medical malpractice, negligence for survival and wrongful death, and violation of the Bane Act (Cal. Civ. Code § 52.1).  Plaintiffs filed a First Amended Complaint.  ("FAC," Docket No. 18).  Defendants City of Indio and Kyle Lawrence answered.  (Answers, Docket Nos. 21, 22).  Defendant County of Riverside filed the present Motion to Dismiss, (Mot., Docket No. 23), and Request for Judicial Notice.  ("RJN," Docket No. 23-1).

B.     **Factual Background**

The Court takes the facts as pled in the First Amended Complaint to be true for purposes of this Motion.  On or about August 24, 2022, Decedent was "experiencing a mental health crisis or exhibiting bizarre behavior including extremely labored breathing and fidgeting mannerism."  (FAC ¶ 23).  Defendants Officer Kyle Lawrence and Does 1-2 arrived at 84054 Indio Springs Dr., Indio, California in response to a wellness check call for Decedent.  (*Id.* ¶ 37).  Decedent's sister told defendant Lawrence that Decedent needed to be taken to the hospital.  (*Id.* ¶ 23).  Authorities, including Lawrence, then had to contact Decedent, and later told Decedent's sister that

---

[1] One of the bases on which Defendant moves to dismiss is that Plaintiffs had not properly lodged with the Court affidavits establishing that they are Decedent's successors-in-interest.  (Mot., Docket No. 23 at 15).  Now Plaintiffs have filed the affidavits at-issue, (Decls. of O. and R. Zazueta, Docket Nos. 27, 28), so that argument is moot.

1    they observed that Decedent's pupils were dilated and he "was fidgeting." (*Id.*).

2    Lawrence and Does 1-2 did not call paramedics or other medical treatment for

3    decedent at that time, (*id.*), but they arrested him for public intoxication and

4    transported him to John Benoit Detention Center ("Detention Center"). (*Id.* ¶ 24).

5          At the Detention Center, Decedent "was experiencing a substance overdose and

6    was in clear need of immediate medical intervention and treatment." (*Id.* ¶ 27). Does

7    4-9, however, "failed to adequately assess" Decedent "even though some of them

8    were trained jail nurses and/or medical professionals." (*Id.*). Does 4-9 also did not

9    place Decedent in a "sobering cell," which would permit authorities to monitor

10   Decedent. (*Id.* ¶ 28). Decedent was found nonresponsive in a holding cell

11   approximately 9 hours after he was booked. (*Id.* ¶ 29). He was transported to a

12   hospital and pronounced dead. (*Id.* ¶ 29).

13   **II.   LEGAL STANDARD**

14         To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient

15   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

16   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

17   U.S. 544, 570 (2007)). The complaint need not include detailed factual allegations but

18   must provide more than a "'formulaic recitation of the elements of a cause of action.'"

19   *Id.* "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

20   cognizable legal theory or sufficient facts to support a cognizable legal theory."

21   *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citing

22   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

23         The court must construe the complaint in the light most favorable to the

24   plaintiff and take its non-conclusory allegations as true. *Boquist v. Courtney*, 32 F.4th

25   764, 773 (9th Cir. 2022). The court is not required, however, to accept as true legal

26   conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555 ("[A] plaintiff's

27   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

28   labels and conclusions…"). Pursuant to Fed. R. Civ. P. 15(a)(2), when a motion to

1  dismiss is granted, courts should "freely give leave [to amend] when justice so

2  requires."  Leave to amend need not be granted when amendment would be futile,

3  however.  *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

4  **III.   DISCUSSION**

5      The Court **GRANTS** the Motion to Dismiss as to all at-issue causes of action

6  (the fourth through tenth claims) as set forth here.

7      **A.   <u>Municipal Liability for Failure to Train</u>**

8      The Court **GRANTS** the Motion to Dismiss the Fourth Cause of Action for

9  Municipal Liability for Failure to Train with leave to amend.  To establish a claim for

10  municipal liability based on failure to train, a plaintiff must show that (1) the training

11  program was inadequate "in relation to the tasks the particular officers" performed; (2)

12  the County officials were deliberately indifferent "to the rights of persons with whom

13  the police come into contact"; and (3) the inadequacy of the training was "shown to

14  have actually caused the constitutional deprivation at issue."  *Merritt v. City of Los*

15  *Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (cleaned up).

16      Here, Defendant argues that Plaintiffs "have not alleged sufficient facts" that

17  the Defendant "failed to train its agents, or did so with a deliberate indifference."

18  (Mot., Docket No. 23 at 19).  Defendant also argues that Plaintiffs have failed to show

19  that any alleged lack of training actually caused the constitutional deprivation.  (*Id.*)

20  The Court agrees.  Plaintiffs point to three paragraphs in the FAC that they argue

21  justify denial of the motion to dismiss, but those paragraphs represent no more than a

22  "formulaic recitation of the elements of cause of action" that is insufficient to survive

23  *Twombly*'s pleading standard.  *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

24  at 570); (*see* FAC, Docket No. 18 ¶¶ 71−73 (alleging that Defendant's training

25  policies "were not adequate to train its employees to handle the usual and recurring

26  situations in jail…[,] that Defendant was "deliberately indifferent to the obvious

27  consequences of its failure to train" and that Defendant's alleged failure to provide

28  adequate training was the "moving force that caused [Decedent's] ultimate injury")).

1    The Motion is therefore **GRANTED** as to the Fourth Cause of Action with leave to

2    amend.

3        **B.        Municipal Liability for Unconstitutional Custom, Practice, or Policy**

4        The Court also **GRANTS** the Motion to Dismiss the Fifth Cause of Action with

5    leave to amend.  To establish municipal liability under *Monell* for an unconstitutional

6    policy or practice, Plaintiffs must plead facts showing that "(1) [the decedent] was

7    deprived of a constitutional right; (2) the municipality had a policy; (3) the policy

8    amounted to deliberate indifference to [the Decedent's] constitutional rights; and (4)

9    the policy was the moving force behind the constitutional violation."  *Lockett v.*

10   *County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (citing *Dougherty v. City of*

11   *Covina*, 654 F.3d 892, 900 (9th Cir. 2011)).  A policy or practice claim can be based

12   upon either or both "policies of 'action' or 'inaction,'" *Brown v. Lynch*, 831 F.3d

13   1146, 1152 (9th Cir. 2016), or upon a permanent and well-settled practice by the

14   municipality.  *See, e.g.*, *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1996) ("[A]

15   plaintiff may prove the existence of a custom or informal policy with evidence of

16   repeated constitutional violations for which the errant municipal officials were not

17   discharged or reprimanded," but not via "[p]roof of random acts or isolated events")

18   (internal quotations omitted).

19       Here, Defendant alleges that Plaintiffs included only "generic and conclusive

20   statements" about Defendant's alleged policies in the FAC, and that Plaintiffs also

21   failed to plead facts showing that Defendant's policy was the "moving force" behind

22   the alleged constitutional violations.  (Mot., Docket No. 23 at 20).  The Court

23   disagrees that Plaintiffs' alleged unconstitutional polices are pled too generically to

24   state a claim at the motion to dismiss stage, (*see* FAC ¶ 81 (listing Defendant's

25   alleged unconstitutional policies)); *Guevara v. County of Los Angeles*, No. CV 14-

26   08120 DDP (MANx), 2015 WL 224727, at *3−4 (C.D. Cal. Jan. 15, 2015)

27   ("Allegations that provide [adequate] notice could include… *the specific topic of the*

28   *challenged policy...*") (quoting *Thompson v. City of Galveston, Texas*, 800 F. Supp. 2d

826, 842−44 (S.D. Tex. 2011)) (emphasis in original).  The Fifth Cause of Action, however, fails to plead facts showing that the alleged policies were "the moving force behind the constitutional violation." *Lockett*, 977 F.3d at 741.  The FAC states in a conclusory fashion that Plaintiffs suffered injury "[b]y reason of the aforementioned acts and omissions."  (FAC, Docket No. 18 ¶ 82).  As a result, the Court **GRANTS** the Motion to Dismiss the Fifth Cause of Action with leave to amend.

### C.   Municipal Liability for Ratification

The Sixth Cause of Action is also **GRANTED** with leave to amend.  To establish a claim for municipal liability based on ratification under *Monell*, a plaintiff must prove that "authorized policymakers approve a subordinate's decision and the basis for it," *Christi v. Iopa*, 176 F.3d 1231, 1239−40 (9th Cir. 1999) (internal quotations omitted), which "requires both knowledge of the alleged constitutional violation and proof that the policymaker specifically approved of the subordinate's act." *Lytle v. Carl*, 382 F.3d 978, 988 n.2 (9th Cir. 2004).

Here, Defendant alleges that Plaintiffs' First Amended Complaint cannot survive a motion to dismiss because it does not "identif[y] or allege[] that a final policymaker made a deliberate choice to approve an officer's unconstitutional acts…," and because there "are no facts that indicate Defendant County of Riverside ratifies any improper or unconstitutional actions." (Mot., Docket No. 23 at 21).  The Court agrees that the FAC provides only a formal recitation of the elements of the cause of action rather than facts showing ratification, even when viewed in a light most favorable to Plaintiffs, (*see* FAC ¶¶ 88−94), so the Court **GRANTS** the Motion to Dismiss the Sixth Cause of Action.

///
///
///
///
///

6

### D.   State Law Claims[2]

Finally, Defendant moves to dismiss the state law claims for damages from Plaintiffs' FAC (the seventh through tenth causes of action) due to Plaintiffs' alleged failure to comply with the claim presentation requirements of the California Tort Claims Act.  California Government Code section 945.4 provides that "…no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented…until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board..."  Filing a claim pursuant to these provisions is a "condition precedent to the maintenance of an action under state law and an integral part of the cause of action." *Dennis v. Thurman*, 959 F. Supp. 1253, 1264 (C.D. Cal. 1997).  The failure to allege facts demonstrating or excusing compliance with claim presentation requirements warrants dismissal. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  A lawsuit based upon the claims presented must be commenced no later than six months after the date of the written notice of a claim denial.  Cal. Gov't Code § 913, 915.4.  If the public entity gives written notice of rejection as specified by the California Code, the statute of limitations expires six months from the day the notice of rejection is personally delivered or deposited in the mail. *Dowell v. County of Contra Costa*, 173 Cal. App. 3d 896, 900 (1985).

Here, there is a dispute regarding when or whether Plaintiffs received a notice of rejection, (Mot., Docket No. 23 at 11), but that is immaterial.  As the California courts have explained, the statute's six-month deadline is triggered upon the proper deposit of the rejection in the mail, and if a party does not receive the notice "the Legislature

---

[2] Because the Court dismisses the seventh through tenth causes of action due to the statute of limitations issue set forth in this section, it need not consider the alternative 12(b)(6) grounds on which Defendant moved for their dismissal.  (Mot., Docket No. 23 at 14−18).

has placed upon the claimant the risk that a properly mailed notice of claim rejection is not delivered due to an error by postal authorities." *Him v. City & Cnty. of San Francisco*, 133 Cal. App. 4th 437, 445 (2005).  The County deposited the letter in the mail as statutorily required by February 28, 2023,[3] so the statute of limitations for California claims for damages against the County ran on August 28, 2023.  Plaintiffs failed to file by then, and so the seventh through tenth causes of action against the County are **DISMISSED** with prejudice.

### IV.    CONCLUSION

The Motion is **GRANTED** with leave to amend as to the fourth through sixth causes of action but with prejudice as to the seventh through tenth causes of action as to Defendant.  Plaintiffs shall file an amended complaint consistent with this Order within 21 days of its issuance.

Dated:  December 18, 2023

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

---

[3] The Court **GRANTS** the Request for Judicial Notice (Docket No. 23-1) pursuant to Fed. R. Evid. 201, and takes judicial notice of the five County records, records not reasonably subject to dispute, which show that the County properly mailed the rejection on this date.