Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF RIVERSIDE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROSA ZAZUETA; OCTAVIO ZAZUETA, individually and as successors-in-interest to OCTAVIO ZAZUETA Jr., deceased;,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE; CITY OF INDIO; Kyle Lawrence; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-01825-WLH-SHK<br><br>District Judge: Wesley L. Hsu<br>Magistrate Judge: Shashi H. Kewalramani<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAYLEIGH ANDERSEN**<br><br>*Filed concurrently with [Proposed] Order*<br><br>Judge: Hon. Wesley L. Hsu<br>Date:  February 23, 2024<br>Time:  1:30 p.m.<br>Crtrm.: 9B<br><br><br>Complaint Filed: September 7, 2023<br>Trial Date:  November 19. 2024 |

Case No. 5:23-cv-01825-WLH-SHK
**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 23, 2024, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the United States Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Defendant County of Riverside ("Defendant COR") will and hereby does move this Court to Dismiss Portions of Plaintiffs' Second Amended Complaint, without leave to amend.

This Motion is made pursuant to Federal Rules of Civil Procedure 7, 11, and 12, and United States District Court, Central District of California Local Rule 7-3, as well as the applicable Orders of the Court, as to the following claims:

1. Plaintiffs' Fourth Cause of Action for Municipal Liability for Failure to Train pursuant to 42 U.S.C. § 1983 (*Monell*), as to Defendant County of Riverside, for failure to state a claim upon which relief can be granted;

2. Plaintiffs' Fifth Cause of Action for Municipal Liability for Unlawful Custom and Practice pursuant to 42 U.S.C. § 1983 (*Monell*), as to Defendant County of Riverside, for failure to state a claim upon which relief can be granted;

3. Plaintiffs' Sixth Cause of Action for Municipal Liability for Ratification pursuant to 42 U.S.C. § 1983 (*Monell*), as to Defendant County of Riverside, for failure to state a claim upon which relief can be granted;

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Kayleigh A. Andersen filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

**NOTICE ON CONFERENCE OF COUNSEL PER LOCAL RULE**

This motion is made after the parties attempted resolution by conference of counsel which was conducted pursuant to United States District Court, Central District of California Local Rule ("L.R.") 7-3. Prior to filing this motion, Defendant's counsel provided Plaintiffs' counsel with a detailed meet and confer

1  letter by email on January 12, 2024, setting forth Defendant's position as to the
2  issues and deficiencies in Plaintiffs' Second Amended Complaint. On January 16,
3  202, the parties met and conferred telephonically and discussed all issues raised in
4  Defendants' meet and confer letter. *Declaration of Kayleigh A. Andersen*, ¶¶ 10-12.
5  Thus, the parties were unable to resolve the issues in dispute; as such, resolution by
6  this Honorable Court via the instant motion has become necessary.

DATED:  January 22, 2024         **MANNING & KASS**
                                 **ELLROD, RAMIREZ, TRESTER LLP**


                                 By:      /s/ Kayleigh A. Andersen
                                       Eugene P. Ramirez
                                       Kayleigh A. Andersen
                                       Attorneys for Defendant, COUNTY OF
                                       RIVERSIDE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs ROSA ZAZUETA; OCTAVIO ZAZUETA, individually and as successors-in-interest to OCTAVIO ZAZUETA Jr., (deceased) ("Plaintiffs") filed a Second Amended Complaint on January 8, 2024, alleging the following causes of action against Defendant County of Riverside: Fourth Cause of Action – Municipal Liability for Failure to Train Pursuant to 42 U.S.C. § 1983; Fifth Cause of Action – Municipal Liability for Unlawful Custom and Practice Pursuant to 42 U.S.C. § 1983; and Sixth Cause of Action – Municipal Liability for Ratification Pursuant to 42 U.S.C. § 1983.

However, Plaintiffs have failed to state a claim upon which relief can be granted as to Defendant County of Riverside, as Plaintiffs have failed to set forth the requisite facts. Therefore, Defendant County of Riverside moves to dismiss Plaintiffs' fourth, fifth, and sixth causes of action for failure to state a claim upon which relief can be granted.

Accordingly, Defendant County of Riverside requests that the above-referenced improperly pled claims in Plaintiffs' Second Amended Complaint be dismissed without leave to amend as the claims cannot be cured through amendment, as this is Plaintiffs' third attempt to assert a viable claim.

## II. PROCEDURAL BACKGROUND

On September 7, 2023, Plaintiffs filed their initial complaint in this matter alleging multiple causes of action against Defendants Officer Kyle Lawrence of the Indio Police Department, the City of Indio, and the County of Riverside. [Dkt. 1]. Thereafter, on October 27, 2023, Plaintiffs filed their First Amended Complaint ("FAC"). [Dkt. 18].

Defendant County of Riverside filed a motion to dismiss portions of Plaintiffs' First Amended Complaint on November 14, 2023. On December 15, 2023, the Court issued a tentative ruling, and all parties submitted on the tentative. On

1 December 18, 2023, the Court issued its ruling, adopting the tentative as its final
2 ruling. [Dkt. 40]. Accordingly, the Court granted Defendants' motion with prejudice
3 as to the seventh through tenth causes of action, but gave Plaintiffs leave to amend
4 as to the fourth through sixth cause of action.

5 On January 8, 2024, Plaintiffs filed a Second Amended Complaint. [Dkt. 43].
6 Defense Counsel reviewed Plaintiffs' Second Amended Complaint and determined
7 that no material changes were made that would render Plaintiffs' claims viable.
8 Defendant County of Riverside then sent a letter to Plaintiffs' Counsel on January
9 12, 2024, advising that Defendant County of Riverside intended to file a motion to
10 dismiss portions of Plaintiffs' Second Amended Complaint.

11 On January 16, 2024, the parties telephonically met and conferred, but no
12 resolution was reached. Accordingly, Defendant County of Riverside comes now to
13 file the instant motion to dismiss to dismiss Plaintiffs' fourth, fifth, and sixth causes
14 of action.

### III. STANDARD FOR MOTION TO DISMISS

16 Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed
17 because of the plaintiff's "failure to state a claim upon which relief can be granted."
18 Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack
19 of a cognizable legal theory or on the absence of sufficient facts alleged under a
20 cognizable legal theory. *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121
21 (9th Cir. 2008); *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).

22 In reviewing a complaint under Rule 12(b)(6), all allegations of material fact
23 are taken as true and construed in the light most favorable to the non-moving party.
24 *Marceau v. Blackfeet Hous. Auth.,* 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v.*
25 *Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). But the Court is *not* required "to accept
26 as true allegations that are merely conclusory, unwarranted deductions of fact, or
27 unreasonable inferences." *In re Gilead Scic. Sec. Litig.*, 536 F.3d 1049, 1056-1057
28 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief *above the speculative level*, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 555 U.S. 544, 555 (2007) (emphasis added). Thus, to avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Citation.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation.]" *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n],' 'that the pleader is entitled to relief.' [Citation.]" *Id.* at 679.

If the court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss the complaint with *or* without leave to amend. *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126-31 (9th Cir. 2000); *accord Machul v. City of Long Beach*, 2015 U.S. Dist. LEXIS 52472, *6 (C.D. Cal. February 20, 2015). Leave to amend should be granted if it appears plausible that the defects in the complaint could be corrected. Thus, if a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995). However, if after careful review it becomes clear that a complaint cannot be cured by amendment, the court may dismiss the complaint without leave to amend.

*See Chaset v. Fleer/Skybox Int'l,* 300 F.3d 1083, 1087-1088 (9th Cir. 2002); *Machul,* 2015 U.S. Dist. LEXIS 52472 at *6. In other words, **leave to amend need not be granted when amendment would be futile.** *Gompper v. VISX, Inc.,* 298 F.3d 893, 898 (9th Cir. 2002) (emphasis added).

## IV. PLAINTIFFS' CLAIM FOR MUNICIPAL LIABILITY FOR FAILURE TO TRAIN FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

To establish a claim for municipal liability based on failure to train, a plaintiff must show that (1) the training program was inadequate "in relation to the tasks the particular officers" performed; (2) the County officials were deliberately indifferent "to the rights of persons with whom the police come into contact"; and (3) the inadequacy of the training was "shown to have actually caused the constitutional deprivation at issue." *Merritt v. City of Los Angeles,* 875 F.2d 765, 770 (9th Cir. 1989).

A public entity can be held liable under 42 U.S.C. § 1983 for a failure to train, if the failure to train, or failure to provide a different kind of training, causes a constitutional violation, and the failure to do so amounts to deliberate indifference to the rights of individuals with whom those employees come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388-389 [109 S.Ct. 1197, 103 L.Ed.2d 412] (1989);*Young v. City of Visalia*, 687 F.Supp.2d 1141, 1148 (2009).

Plaintiffs' SAC fails to assert a claim for municipal liability for failure to train as it lacks the requisite factual basis. While Plaintiffs amended the First Amended Complaint ("FAC"), the SAC is not materially different. Plaintiffs assert conclusory allegations but do not include the requisite facts in support. For example, Plaintiff's modified the FAC to add paragraphs 72 and 73 in an attempt to support this cause of action in the SAC. However, Plaintiffs are again blanketly stating conclusory allegations but not stating actual facts to support the claims or conclusory allegations.

For example, Plaintiffs allege that Defendants DOES 4-9, lacked the necessary knowledge and skills to identify and respond appropriately to the DECEDENT's exhibiting symptoms indicative of an impending drug overdose. This failure in training not only demonstrates a negligent disregard for inmate health and safety but also directly contributed to the inability to prevent the DECEDENT's tragic and preventable death due to drug toxicity." [SAC, ¶ 73]. However, the SAC appears to have less facts than the FAC, and the facts supporting this allegation, which is asserted on information and belief, lies in Paragraph 27 of the SAC, which states ". . . DECEDENT was experiencing a substance overdose and was in clear need of immediate medical intervention and treatment. However, DOES 4-9 failed to adequately assess DECEDENT even though some of them were trained jail nurses and/or medical professionals." There is nothing here that indicates whether DOES 4-9 assessed the decedent at all, or if they completed a full medical work-up and determined nothing was wrong. These statements are just conclusory. To add to this, Plaintiff's next statement is contradictory to Paragraph 27 in that it states "DOES 4-9 failed to call for medical assistance even though they could see that DECEDENT was suffering from severe symptoms of methamphetamine intoxication which they knew meant he was at extremely high risk of suffering a fatal drug overdose." [SAC, ¶ 28]. If, as stated in Paragraph 27, some of the DOES 4-9 were "trained jail nurses and/or medical professionals," how did they fail to call for medical assistance.

Additionally, it appears that certain allegations in the SAC are inconsistent, if not contradictory, to the factual allegations in the FAC which is improper. Facts alleged in an amended complaint "must not be inconsistent with those already alleged." *Lacey v. Maricopa County*, 693 F.3d 896, 939 (9th Cir. 2012). In the FAC, Plaintiffs alleged that "Defendants DOES 7-9 are the nurses and medical professionals at RCSO's Detention center. On information and belief, DOES 7-9 saw DECEDENT on or about August 25, 2022 but ignored DECEDENT's condition

5  Case No. 5:23-cv-01825-WLH-SHK
**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

1 and failed to adequately asses DECEDENT for transportation to a hospital." [FAC, ¶
2 105]. But in Paragraph 28 of the SAC, Plaintiffs allege that DOES 4-9 failed to call
3 for medical assistance. Similarly, Plaintiffs allege that DOES 4-9 willfully ignored
4 DECEDENT's medical condition and his medical needs when they did not provide
5 adequate medical assessment/treatment and did not place the DECEDENT in a
6 "sobering cell". . . ." Which is the true allegation? Was the Decedent
7 seen/assessed/treated by medical staff or was he not seen/assessed/treated by
8 medical staff? As such, Plaintiffs' second amended complaint is not viable with
9 inconsistent claims.

10 Regardless of the above, Plaintiffs make sweeping and conclusory allegations but fail to pinpoint the exact failure to train and/or policies in place that was the actual moving force behind the Decedent's injuries. Moreover, there are absolutely *no facts* that Defendant COR or any of the defendants acted with deliberate indifference to the Decedent, since the facts herein are so scant. As such, Plaintiffs have failed to allege any facts that would indicate any "deficiency in training actually caused the police officers' [alleged] indifference to [Plaintiff's] medical needs." *City of Canton v. Harris*, 489 U.S. 378, 391 (1989). For these reasons, Plaintiffs' claim fails and must be dismissed.

## V. PLAINTIFFS' CLAIM FOR MUNICIPAL LIABILITY FOR UNLAWFUL CUSTOM AND PRACTICE FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

"To bring a § 1983 [Monell] claim against a local government entity, a plaintiff must plead that a municipality's policy or custom caused a violation of the plaintiff's constitutional rights." *Ass'n for L.A. Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 992–93 (9th Cir. 2011). Thus, Plaintiff had to plead facts alleging that "(1) [Plaintiff] was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [Plaintiff's] constitutional right; and (4) the policy was the moving force behind the

constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).

"A plaintiff may prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded," but not via "[p]roof of random acts or isolated events." *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1996).

Plaintiffs have failed to plausibly allege that any County policy or custom "was the moving force" behind the constitutional violations Plaintiff allegedly suffered. *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). Plaintiffs have now included information regarding the alleged rise of drug overdose deaths in the Riverside County jail system, however, the examples used seem to point towards incarcerated individuals who are serving their sentences, and not pre-trial detainees that are brought into the jail. The issue of whether drugs are getting into a facility and inmates are using/overdosing on them is vastly different than medical assessment and treatment when initially coming into the jail. Thus, it's arguable that these examples are not relevant to the issue at hand. There are also no facts asserted here that would indicate that the officers/guards/medical professionals at the jails are on notice that the inmates have taken drugs or are suffering from overdoses, which is another marked difference between the examples provided and the instant matter.

For example, in Paragraph 94 of the SAC, Plaintiffs assert that "inadequate staffing of medical professionals, as evidenced in the numerous incidents cited below, directly contributes to the inability to provide timely and sufficient medical care to detainees." [SAC, ¶ 94]. However, in Paragraphs 27 and 28 Plaintiffs allege that at least some of DOES 4-9 "were trained jail nurses and/or medical professionals." So, the issue as it relates to the Decedent is not a lack of staffing or medical care. In Paragraph 95 of the SAC, Plaintiffs allege that the "COUNTY's pattern of insufficient training and oversight of its employees in handling medical

emergencies and care for detainees demonstrates a deliberate indifference to the health and safety of those in its custody," but again, Plaintiffs do not provide any facts upon which it could be determined that DOES 4-9 or the County failed to adequately and properly train its staff and/or medical professionals. In Paragraph 96, Plaintiffs point to the COUNTY's disciplinary practices or the lack thereof concerning the mistreatment of detainees", however, these allegations are completely conclusory and are not supported by any factual basis within the four corners of the SAC.

While Plaintiffs include multiple examples of alleged injuries due to inadequate medical services, some even pertaining to pre-trial detainees, Plaintiffs have not identified the causal connection, or the nexus, between these examples and the Decedent's injuries. Thus, Plaintiffs have failed to plead facts showing that the alleged policies were "the moving force behind the constitutional violation." *Locket*, 977 F.3d at 741.

Therefore, Plaintiffs' fifth cause of action against Defendant COR must be dismissed.

## VI. PLAINTIFFS' CLAIM FOR MUNICIPAL LIABILITY FOR RATIFICATION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Ratification liability may attach when a final policymaker ratifies a subordinate's unconstitutional action and the basis for it. *Christie v. Iopa*, 176 F.3d 1231, 1239-40 (9th Cir. 1999) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127). This occurs when the official policymaker involved has adopted and expressly approved of the acts of others who caused the constitutional violation. *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996). There must be evidence that the policymaker "made a deliberate choice to endorse" the subordinate employee's actions. *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992). Ratification "requires both knowledge of the alleged constitutional violation and proof that the

policymaker specifically approved of the subordinate's act." Lytle v. Carl, 382 F.3d 978, 988 n.2 (9th Cir. 2004).

Plaintiffs have not alleged additional facts that would render this claim, there are no facts that indicate Defendant COR ratified any improper or unconstitutional actions. Plaintiffs have not identified or alleged that a final policymaker made a deliberate choice to approve an officer's unconstitutional acts on behalf of Defendant COR. Therefore, this claim fails and must be dismissed. Plaintiffs have added numerous paragraphs in an attempt to cure the earlier deficiencies of the FAC, however, these new paragraphs still lack the requisite facts needed to state a claim for ratification against Defendants COR. In Paragraph 110, Plaintiffs assert that explicit ratification by Defendant COR has occurred in instances "where policymakers have publicly defended the actions of officers involved in constitutional violations or have made determinations that such actions were within policy, despite evidence to the contrary", however, Plaintiffs fail to include any such instances or examples [SAC, ¶ 110]. Plaintiffs make numerous, similar complaints but they all lack the requisite factual support that is required to support the conclusory allegations.

As such, Plaintiffs' sixth cause of action against Defendant COR must be dismissed.

## VII. PLAINTIFFS HAVE PLED INCONSISTENT CLAIMS
## VIII. CONCLUSION

In consideration of the foregoing, this Honorable Court should GRANT Defendant County of Riverside's motion and dismiss portions of Plaintiffs' Second Amended Complaint, without leave to amend. In the alternative, the Court should dismiss claims to the fullest extent the Court deems appropriate.

///

///

9   Case No. 5:23-cv-01825-WLH-SHK
**NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

| | | |
|---|---|---|
| 1 | DATED: January 22, 2024 | **MANNING & KASS** |
| 2 | | **ELLROD, RAMIREZ, TRESTER LLP** |

By:  /s/ Kayleigh A. Andersen
      Eugene P. Ramirez
      Kayleigh A. Andersen
      Attorneys for Defendant, COUNTY OF RIVERSIDE

# DECLARATION OF KAYLEIGH ANDERSEN

I, Kayleigh Andersen, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendants, COUNTY OF RIVERSIDE. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of Defendant County of Riverside's Motion to Dismiss Portions of Plaintiffs' Second Amended Complaint.

2. On September 7, 2023, Plaintiffs filed their initial complaint in this matter alleging multiple causes of action against Defendants Officer Kyle Lawrence of the Indio Police Department, the City of Indio, and the County of Riverside. [Dkt. 1].

3. After Defendant County of Riverside received the initial complaint, I reviewed it and determined that the state law claims in the complaint were vulnerable to a motion to dismiss because the complaint was untimely. I also determined that Plaintiffs had failed to plead the requisite facts to state a claim against Defendant County of Riverside under a *Monell* theory of liability.

4. I voiced these deficiencies to Plaintiffs' counsel, Mr. Cooper Alison-Mayne. Accordingly, Plaintiffs agreed to amend their complaint.

5. Thus, on October 27, 2023, Plaintiffs filed their First Amended Complaint ("FAC"). [Dkt. 18].

6. I reviewed Plaintiffs' FAC and again determined that the FAC was deficient and vulnerable to a motion to dismiss. I met telephonically with Plaintiffs' Counsel, Mr. Cooper Alison-Mayne on or about November 2, 2023, and informed him that Defendant County of Riverside intended to file a motion to dismiss and we discussed the grounds upon which such a motion would be brought.

7. Defendant County of Riverside filed its motion to dismiss portions of Plaintiffs' First Amended Complaint on November 14, 2023.

8. On December 15, 2023, the Court issued a tentative ruling, and all parties submitted on the tentative. On December 18, 2023, the Court issued its ruling, adopting the tentative as its final ruling. [Dkt. 40]. Accordingly, the Court granted Defendants' motion with prejudice as to the seventh through tenth causes of action, but gave Plaintiffs leave to amend as to the fourth through sixth cause of action.

9. On January 8, 2024, Plaintiffs filed a Second Amended Complaint. [Dkt. 43].

10. I reviewed Plaintiffs' Second Amended Complaint and determined that no material changes were made that would render Plaintiffs' claims viable. I then caused for a letter to be sent to Plaintiffs' Counsel on January 12, 2024, advising that Defendant County of Riverside intended to file a motion to dismiss portions of Plaintiffs' Second Amended Complaint.

11. On January 16, 2024, I telephonically met and conferred with Plaintiffs' Counsel, Mr. Cooper Alison-Mayne, wherein we discussed the grounds upon which Defendant County of Riverside would file a motion to dismiss to dismiss Plaintiffs' fourth, fifth, and sixth causes of action.

12. Unfortunately, the parties were unable to come to a resolution. Therefore, Defendants have filed the instant motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of January, 2024, at Los Angeles, California.

Kayleigh Andersen

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On January 23, 2024, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION OF DEFENDANT COUNTY OF RIVERSIDE TO DISMISS PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KAYLEIGH ANDERSEN** on the interested parties in this action as follows:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Cooper Alison-Mayne**
  cmayne@galipolaw.com,coopermayne@recap.email

- **Kayleigh Ann Andersen**
  kayleigh.andersen@manningkass.com,dxf@manningllp.com,kaa@manningllp.com

- **Brett Lee Cirincione**
  blc@mmr4law.com

- **Richard T Copeland**
  rtc@conflict-solution.com

- **Dale K Galipo**
  dalekgalipo@yahoo.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,rvalentine@galipolaw.com,kslyapich@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,sleap@galipolaw.com,msincich@galipolaw.com,jdeleon@galipolaw.com,amonguia@galipolaw.com,hlee@galipolaw.com

- **Bradley I Kramer , MD**
  bkramer@biklaw.com

- **John P McCormick**
  jpm@mmr4law.com

- **Eugene P Ramirez**
  epr@manningllp.com,julie.contreras@manningkass.com,sxh@manningllp.com

- **Konrad Muth Rasmussen**
  kmr@mmr4law.com,jpm@mmr4law.com,scp@mmr4law.com,blc@mmr4law.com

- **Lacey N Sipsey**
  lacey.sipsey@manningkass.com,sandra.alarcon@manningkass.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 23, 2024, at Los Angeles, California.

/s/ Sandra Alarcon
Sandra Alarcon

2