**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (Bar No. 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333

**The Law Office of Bradley I. Kramer**
Bradley I. Kramer, Esq. (SBN 234351)
bkramer@biklaw.com
8840 Wilshire Blvd. Suite 350
Beverly Hills, California 90211-2606
Telephone: (310) 289-2600

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ZAZUETA; OCTAVIO ZAZUETA, individually and as successors-in-interest to OCTAVIO ZAZUETA Jr., deceased;<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF RIVERSIDE; CITY OF INDIO; KYLE LAWRENCE; and DOES 1-10,<br><br>  Defendants. | Case No.  5:23-cv-01825-WLH-SHK<br><br>*District Judge Wesley L. Hsu*<br>*Magistrate Judge Kewalramani*<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**<br><br>Judge:    Wesley L. Hsu<br>Date:     March 1, 2024<br>Time:     1:30 PM<br>Courtroom: 9B |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that Plaintiffs will and hereby do move the Court for leave to file a Third Amended Complaint ("TAC"). Plaintiffs make this Motion under Federal Rule of Civil Procedure 15 on the grounds that justice requires leave to amend and Defendants will suffer no prejudice.

### STATEMENT OF MEET AND CONFER COMPLIANCE

On January 26, 2024, the parties met and conferred regarding Plaintiffs' desire to amend the complaint in order to (1) add the involved City of Indio police officers as named defendants, (2) add the involved County of Riverside employees as named defendants, and (3) elaborate on the factual allegations to be more accurate and more specific. (Declaration of Cooper Alison-Mayne ¶¶ 4–6.) Throughout the following week, counsel continued to confer regarding the extent of the changes that would be included in the TAC. The County of Riverside does not plan on opposing this motion. (Alison-Mayne Decl. ¶ 8.) This Motion is based on this Notice of Motion, the separate Memorandum of Points and Authorities filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

DATED:  February 2, 2024            LAW OFFICES OF DALE K. GALIPO

By           */s/ Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AMEND

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This case arises out of the fatal drug overdose of Octavio Zazueta Jr. while in the custody of Riverside County at the John Benoit Detention Center on August 25, 2024. By way of the instant Motion, Plaintiffs seek leave of Court to file an amended complaint to name the following individuals in place of the "doe" defendants identified in Plaintiffs' operative complaint: Jeron Justice; Peter Fuentes; Carson Ventura; Taylor Smith; Mark Hermosilla; Luis Montez Avila; Allyson Tovar; Juan Viramontes; Lawrence Ponce; Yuri Lopez; Alejandro Velazquez; and Chad Bianco. A redlined copy of Plaintiffs' proposed Third Amended Complaint ("TAC") and a clean copy of the proposed TAC are attached to the declaration of Cooper Alison-Mayne filed concurrently herewith as "Exhibits 1 and 2."

Under Federal Rules of Civil Procedure ("FRCP"), Rule 15, good cause exists for this Court to allow Plaintiffs to amend their complaint. The identities of these involved officers were provided to Plaintiffs through discovery only recently. Plaintiffs bring this Motion timely and in good faith. The factual allegations that have been added to the complaint are added now because Plaintiffs only recently through discovery responses from Defendants learned about some of the details of what happened in this case. Naming the involved officers as defendants ensures the correct parties are given notice of this suit and therefore, Plaintiffs respectfully request that this Court grant Plaintiffs' motion and issue an order allowing Plaintiffs to file their proposed TAC.

The instant Motion should be granted because justice so requires. The requested amendment will create no undue delay and discovery is only in it is initial stages. Plaintiffs anticipate that the parties will continue to propound written discovery and take depositions of the involved parties. Furthermore, Plaintiffs are

1  within this Court's deadline to amend their pleadings to add parties.  (ECF No. 32 at 22.)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a party seeking leave to amend a pleading after a response has been filed may do so either by stipulation or with leave of court. *See* Fed. R. Civ. P. 15(a)(2). Federal policy strongly favors determination of cases on their merits. Under Rule 15, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality," even where the amendment adds entirely new causes of action. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Jenn-Air Products Co. v. Penn Ventilator, Inc.*, 283 F. Supp. 591, 593 (E.D. Pa. 1968). Thus, while "leave to amend should not be granted automatically," the circumstances under which Rule 15(a) "permits denial of leave to amend are limited." *Ynclan v. Department of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991). Denial of a motion to amend is appropriate only when the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martinez v. City of Newport Beach*, 125 F.3d 777, 785 (9th Cir. 1997). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id.* "[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman,* 371 U.S. at 182.

## III. ARGUMENT

The Ninth Circuit has a liberal policy of allowing amendments to a complaint. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d at 1051. Here, Plaintiffs' proposed amendment easily satisfies the liberal standard of Rule 15.

1. Plaintiffs seek leave to file an amended complaint in order to substitute Jeron Justice, Peter Fuentes, Carson Ventura, Taylor Smith, Mark Hermosilla, Luis Montez Avila, Allyson Tovar, Juan Viramontes, Lawrence Ponce, Yuri Lopez, Alejandro Velazquez and Chad Bianco in place of Doe Defendants. Good cause exists for this Court to permit Plaintiffs to make these amendments because until recently, Plaintiffs were ignorant to the identities and involvement of the individuals identified as "Doe" defendants. After receiving Defendants responses' to Plaintiffs' requests for production of documents and interrogatories, Plaintiffs learned that these individuals were involved in the arrest, intake, detention, and medical evaluation of the Decedent. Additionally, Plaintiffs allege facts in the TAC that were unknown prior to the discovery responses described above were received. Plaintiffs are able to provide clearer and more accurate allegations now that they are in possession of additional information about the incident. Justice so requires that Plaintiffs be permitted to bring their claims against the proper defendants and update their factual allegations to correspond with their latest understanding of the incident.

Additionally, Defendants will not suffer any prejudice if the Court grants Plaintiffs' leave to amend. Defendants provided the identities of the involved deputies in responses to Plaintiffs' interrogatories, therefore demonstrating that Defendants are well-informed of the identities of the deputies involved in the incident that give rise to this lawsuit. Plaintiffs do not seek to add any additional claims or theories of liability against Defendants. Additionally, Plaintiffs anticipate that the individuals whom Plaintiffs seek to name as defendants will be represented by counsel for Defendant County of Riverside and City of Indio. As indicated above, the documents identifying the individuals whom Plaintiffs now seek to name as defendants and describing the involvement of those individuals have long been in the possession of Defendants. Thus, the proposed individual defendants, as

well as counsel for Defendants, have long been familiar with the facts giving rise to the allegations in Plaintiffs' complaint and will not be unduly prejudiced by needing to conduct additional research or learn additional facts. Plaintiffs' amendments would not be futile because the evidence indicates that the individuals whom Plaintiffs seek to name as defendants may be liable for Plaintiffs' claims.

The requested amendment will create no undue delay. The amendment will not change the scope or nature of the discovery that is being undertaken in this case. Furthermore, discovery is only in it is initial stages and Plaintiffs anticipate that the parties will continue to propound written discovery and take depositions of the involved parties. Plaintiffs are also still within the timeframe set by this Court to amend their pleadings and add parties. (ECF No. 32 at 22.) Most importantly, granting Plaintiffs' motion will ensure adjudication of all claims as against all defendants by all proper plaintiffs, and will ensure the resolution of this case on its merits. *See Kelly v. City of San Jose*, 114 F.R.D. 653, 660-61 (N.D. Cal. 1987) (there is a profound need to ensure that civil rights cases are adjudicated on their merits).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant them leave to file a Third Amended Complaint.

DATED: February 2, 2024           LAW OFFICES OF DALE K. GALIPO

By      */s/ Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff