John P. McCormick, Esq. (SBN 38064)
Konrad M. Rasmussen, Esq. (SBN 157030)
Brett L. Cirincione, Esq. (SBN 330807)
McCORMICK, MITCHELL & RASMUSSEN
8885 Rio San Diego Drive, Suite 227
San Diego, CA 92108
Tel: (619) 235-8444
Fax: (619) 294-8447

Attorneys for Defendant CITY OF INDIO and Kyle Lawrence

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ZAZUETA; OCTAVIO ZAZUETA, individually and as successors-in-interest to OCTAVIO ZAZUETA Jr., deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; CITY OF INDIO; KYLE LAWRENCE; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 5:23-CV-01825-WLH-SHK<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**<br><br>Date: March 1, 2024<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Hon. Wesley L. Hsu |

Defendants, City of Indio and Kyle Lawrence respectfully submit their Opposition to Plaintiffs' motion for leave to file a third amended complaint.

## I.   INTRODUCTION

Decedent's sister called 911 asking for a welfare check on her brother, Octavio Zazueta, Jr. She did not accept the dispatcher's offer of an ambulance. Indio police officers responded. Mr. Zazueta appeared to be under the influence of a narcotic and unable to care for his own safety, so he was taken to John Benoit Detention Center for sobering purposes. Officer Kyle Lawrence booked Mr. Zazueta on a charge of public intoxication under Penal Code 647(f) with no further proceedings desired, pursuant to Penal Code 849(b)(2). As

1
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

Plaintiffs' motion correctly asserts, Octavio Zazueta, Jr. suffered a fatal drug overdose while in jail. The Initial Disclosures upon which Plaintiffs rely to amend their Complaint confirm decedent lied to jail intake personnel about hiding methamphetamine on his person. After undergoing a medical screening he was placed alone in a sobering cell. When jail personnel responded to render aid to Mr. Zazueta and searched his cell, they found a plastic bag containing methamphetamine.

The operative First Amended Complaint ("FAC") names City of Indio, Kyle Lawrence and Indio Police Officers DOES 1-3. Contrary to the motion, justice does not require that Plaintiffs be granted leave to add the Eighth Claim for violation of Civil Code § 52.1 (Bane Act) against Kyle Lawrence, City of Indio and two new Indio Officers Jeron Justice and Peter Fuentes, nor does justice require adding Jeron Justice and Peter Fuentes as defendants under Plaintiffs' existing claims. Permitting the amendments will result in undue prejudice to Indio and its officers, warranting denial of the motion. Alternatively, if leave to amend is granted, the trial and all related dates should be continued by a period of at least six months to allow the Indio defendants necessary time to challenge the pleadings, conduct discovery and if appropriate, seek summary judgment.

## II.  DISCUSSION

### A.  Relevant Procedural History

On 10/27/23, Plaintiffs filed their FAC [Docket No. 18.] On 11/13/23, City of Indio and Kyle Lawrence filed their Answers to the FAC. [Docket Nos. 21 and 22.] County of Riverside filed a motion to dismiss portions of the FAC. [Docket No. 23.] On 12/18/23, the Court entered its order regarding Defendant's motion to dismiss. [Docket No. 40.] The Court granted the motion to dismiss the Municipal Liability claims with leave to amend and granted the motion to dismiss the state law claims (the seventh through tenth claims) with prejudice. [Order, Docket No. 40, pages 7 and 8.] As a result, the Tenth Claim for violation of Civil Code § 52.1 was dismissed, with prejudice.

Plaintiffs filed a Second Amended Complaint (SAC) on 01/08/24 in an effort to cure the deficiencies in the Municipal Liability claims against the County. [Docket No. 43.]

However, the SAC improperly re-alleged the claim for violation of Cal. Civil Code § 52.1, numbered as the Eighth Claim for Relief. The FAC's tenth claim for violation of Cal. Civil Code § 52.1 was asserted "By Plaintiffs against all Defendants" but contained no allegations against any Indio defendants. It only made allegations against Defendants DOES 4-10, alleged County employees. In contrast, the eighth claim for relief in the SAC was brought by Plaintiffs against "LAWRENCE, DOES 1-3, and CITY" and contained amended factual allegations against Lawrence and DOES 1-3. [SAC, Docket No. 43, Eighth Claim for Relief, page 29, line 12 to page 31, line 9.] In light of the County filing a motion to dismiss the SAC [Docket No. 48.] and Plaintiffs filing the instant motion, City of Indio's and Kyle Lawrence's date to file a responsive pleading has been extended. [Docket No. 53.]

B. <u>Proposed Amendments Against Indio and Its Officers</u>

The proposed TAC is now based upon more specific allegations concerning the decedent's methamphetamine intoxication, and new claimed interactions between decedent's sister and the Indio officers. The TAC seeks to add officers Justice and Fuentes under the existing First Claim for Denial of 4th Amendment Right to Medical Care, Third Claim for Violation of 14th Amendment Substantive Due Process right to familial relationship with the decedent, the Seventh Claim for Negligence and the new Eighth Claim for violation of the Bane Act.

However, the redline copy of the proposed TAC does not accurately reflect the proposed amendments against Indio and its police officers. As outlined above, Plaintiffs were only granted leave to amend the Municipal Liability claims against the County. They went beyond the scope of leave granted and re-alleged a claim for violation of Cal. Civil Code § 52.1 in the SAC which had been dismissed without leave to amend. As such, this claim is subject to being stricken under Rule 12(f). *Gerritsen v. Warner Bros. Entm't, Inc.*, 112 F.Supp.3d 1011, 1048 (C.D. Cal. 2015). The pertinent comparison is between the FAC and TAC. The Bane Act claim was previously only alleged against County employees, but is now proposed against Indio, Kyle Lawrence and new Indio officers, Jeron Justice and Peter Fuentes.

3
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

### C. Law Governing Leave to Amend

"[A] district court need not grant leave to amend where the amendment (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)).

### D. Justice Does Not Require Granting the Amendments Sought

Justice does not require granting leave to amend because redress for Plaintiffs' claimed injuries is already being adequately sought through the existing claims against City of Indio and Officer Lawrence. Plaintiffs obviously named Officer Lawrence because he is the primary officer on scene who spoke with decedent's sister and decedent, took him into custody for his own safety and filled out the detention certificate. (See Detention Certificate, Exhibit A to Declaration of Konrad M. Rasmussen.) Regardless of the label attached to their claims, the decedent's estate and decedent's parents are suing on the theory decedent needed immediate medical care, which mandated calling an ambulance or taking him to the hospital instead of delivering him to the jail for sobering purposes. Plaintiffs are already asserting § 1983 claims against Officer Lawrence. Their proposed new claim for violation of the Bane Act is essentially the State law equivalent, with added requirements: "[a] plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal.App.4th 41, 67 (2015).

Similarly, adding Officers Justice and Fuentes as defendants under the existing claims and new Bane Act claim serves no legitimate purpose. Unlike a use of force case, where a plaintiff may suffer different injuries by various applications of force from several officers, here, the alleged injury stems from the failure to call for an ambulance or take the decedent to a hospital. Plaintiffs seek to add the new officers on the grounds they were present and should have recognized decedent's condition. Naming them as defendants only complicates the case, increases Indio's burden associated with defending against the claims and adds nothing from a damages perspective.

E.  The Proposed Amendments Will Unduly Prejudice Indio and its Officers

If leave is granted, Kyle Lawrence and Indio intend to move to dismiss the Third Amended Complaint. If leave is granted, Indio will undertake the defense of Officers Jeron Justice and Peter Fuentes. Indio and the two new officers will also move to dismiss the claims against them. Even if these three motions are heard at the earliest possible date, Indio, Kyle Lawrence, Jeron Justice and Peter Fuentes will be unduly prejudiced because they will face an unworkable set of pretrial deadlines, most importantly the 6/28/24 deadline to complete fact discovery and file motions for summary judgment (at least 6 weeks before the 8/09/24 deadline for hearing motions).

Contrary to the Motion's claim at page 3, lines 21-22, Plaintiffs are seeking to assert a new Bane Act claim against Indio, Kyle Lawrence, Jeron Justice and Peter Fuentes, and officers Jeron Justice and Peter Fuentes will be complete newcomers to the case. Granted, discovery is only in its initial stages with respect to the existing defendants. However, each individual officer and Indio are entitled to conduct the necessary discovery related to his/its alleged liability and seek summary judgment, if appropriate. "[T]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Simply because Indio has previously known of the identities of the other two officers does not equate to knowledge of and preparation for a potential lawsuit against them.

The prejudice to City of Indio, Kyle Lawrence, Jeron Justice and Peter Fuentes can only be cured by continuing the trial and all related dates by a period of at least six months. If the Court is inclined to grant leave to amend, Defendants request a continuance of the trial and pretrial schedule of at least six months. This continuance will be required for the appearance of the new officers, the anticipated motions to dismiss, achieving finality of the complaint and answers thereto. The time is also necessary to allow for all the defendants to conduct discovery and seek summary judgment as may be appropriate. This Court may

5
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

1  modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party
2  seeking the extension." Fed. R. Civ. P. 16, Advisory Committee's Notes (1983 Amendment).

4  Dated: February 9, 2024                    McCORMICK, MITCHELL & RASMUSSEN

                                              /s/ *Konrad M. Rasmussen*
                                              Konrad M. Rasmussen
                                              Attorney for Defendants City of Indio and
                                              Kyle Lawrence