1  Eugene P. Ramirez (State Bar No. 134865)
      *eugene.ramirez@manningkass.com*
2  Kayleigh Andersen (State Bar No. 306442)
      *kayleigh.andersen@manningkass.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
   Attorneys for Defendants, COUNTY OF
7  RIVERSIDE

8

9              **UNITED STATES DISTRICT COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

| | |
|---|---|
| ROSA ZAZUETA; OCTAVIO ZAZUETA, individually and as successors-in-interest to OCTAVIO ZAZUETA Jr., deceased;, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF RIVERSIDE; CITY OF INDIO; Kyle Lawrence; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-01825-WLH-SHK <br><br> District Judge: Wesley L. Hsu <br> Magistrate Judge: Shashi H. Kewalramani <br><br> **DEFENDANT COUNTY OF RIVERSIDE'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br> Judge: Hon. Hon. Wesley L. Hsu <br> Date: February 23, 2024 <br> Time: 1:30 p.m. <br> Crtrm.: 9B <br><br><br> Filed on: 09/07/23 <br> Trial Date: N/A |

Case No. 5:23-cv-01825-WLH-SHK

**DEFENDANT COUNTY OF RIVERSIDE'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................2

TABLE OF AUTHORITIES ...........................................................................................3

MEMORANDUM OF POINTS AND AUTHORITIES...............................................5

    I.    INTRODUCTION.............................................................................................5

    II.    LEGAL ARGUMENT ......................................................................................7

    A.    *Plaintiffs' SAC Fails to State a Claim for Monell Liability Based on Failure to Train* ..................................................................................................................7

    B.    *Plaintiffs' SAC Fails to State a Claim for Monell Liability Based on Unconstitutional Policy and Custom* ...............................................................8

    C.    *Plaintiffs' SAC Fails to State a Claim for Monell Liability Based on Ratification*..................................................................................................11

    D.    *The Dismissal Should Be with Prejudice* .......................................................14

    III.    CONCLUSION ...............................................................................................14

CERTIFICATE OF COMPLIANCE...........................................................................16

# TABLE OF AUTHORITIES

**Cases**

*AE ex rel. Hernandez v. County of Tulare*
  666 F.3d 631 (9th Cir. 2012) ................................................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................... 10, 13

*Connick v. Thompson*
  563 U.S. 51 (2011) ................................................................................................8

*Dodge v. Evergreen Sch. Dist. #114*,
  56 F.4th 767 (9th Cir. 2022) ............................................................................. 12

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) ............................................................................ 14

*Estate of Osuna v. Cnty. of Stanislaus*
  392 F. Supp. 3d 1162 (E.D. Cal. 2019) ............................................................ 10

*Gillette v. Delmore*
  979 F.2d 1342 (9th Cir. 1992) .......................................................................... 11

*Gordon v. Cnty. of Orange*,
  6 F.4th 961 (9th Cir. 2021) .................................................................................8

*Icon Desert Logistics v. City of Blythe Police Dep't*,
  2020 U.S. Dist. LEXIS 230409 (C.D. Cal. Dec. 7, 2020) ................................ 12

*Kanae v. Hodson*
  294 F. Supp. 2d 1179 (D. Haw. 2003) ............................................................. 11

*Kong Meng Xiong v. City of Merced*,
  2015 U.S. Dist. LEXIS 99146 (E.D. Cal. July 29, 2015) ................................ 12

*Lassiter v. City of Bremerton*
  556 F.3d 1049 (9th Cir. 2009) .......................................................................... 11

*Leer v. Murphy*,
  844 F.2d 628 (9th Cir. 1988) ............................................................................ 13

*Lytle v. Carl*
  382 F.3d 978 (9th Cir. 2004) ............................................................................ 11

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
  540 F.3d 1049 (9th Cir. 2008) .......................................................................... 14

*Monell v. Dep't of Soc. Servs. of City of New York*,
  436 U.S. 658 (1978) ........................................................................................ 6, 8

*Paz v. Cnty. of San Bernardino*,
  2021 U.S. Dist. LEXIS 58753 (C.D. Cal. Jan. 4, 2021) ................................... 13

*Wolcott v. Cnty. of Orange*
  2023 U.S. Dist. LEXIS 178504 (C.D. Cal. Oct., 2023) ...................................9, 10

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs filed a Motion for Leave to File a Third Amended Complaint [Dkt. 51] on the same day they filed their Opposition to Defendant County of Riverside's Motion to Dismiss Portions of Plaintiffs' Second Amended Complaint ("SAC") [Dkt. 43]. Defendant County of Riverside ("Defendant" or "Defendant County") does not oppose Plaintiffs motion. However, because Plaintiffs' Motion for Leave to File a Third Amended Complaint was filed after Defendant County's Motion to Dismiss, the hearing date for Plaintiffs' Motion for Leave is set for March 1, 2024, one week after the instant motion is to be heard [February 23, 2024]. Defendant County cannot withdraw the instant motion, since Plaintiffs' Third Amended Complaint is not operative, but suggests that the hearing on the Motion to Dismiss be continued pending the outcome of the hearing on Plaintiffs' Motion for Leave or, alternatively, ask that the Court schedule the hearings for both motions on the same day, March 1, 2024.

Since Defendant County remains obligated to respond to Plaintiffs' Opposition, Defendant County submits the following Reply to Plaintiffs' Opposition to Defendant County of Riverside's Motion to Dismiss Portions of Plaintiffs' Second Amended Complaint. As Plaintiffs have failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), Defendant County respectfully requests that this Court grant its motion to dismiss in its entirety.

As an initial issue, Plaintiffs' Opposition is improper as it references facts that are not within the four-corners of the SAC. For example, Plaintiffs state: "The nurse on staff only performed a cursory 10-second blood test and did not provide adequate medical care to the inmate." *See Opposition* at 12:4-7 [Dkt. 50]. The SAC is devoid of any such allegation or fact. Thus, these facts cannot be considered, nor can the arguments that are grounded on the same.

Plaintiffs action alleging constitutional violations in connection with the

1  arrest, detention, and failure to provide medical aid by various law enforcement
2  personnel and medical staff. Plaintiffs allege three *Monell* claims[1] against the
3  moving Defendants County of Riverside—(1) failure to train; (2) unconstitutional
4  custom, practice, or policy; and (3) ratification.
5        As set forth in Defendant's motion to dismiss, all of Plaintiffs' *Monell* claims
6  fail because—even assuming the truth of all well-pleaded allegations—the SAC
7  lacks sufficient facts, including facts that demonstrate a causal nexus between
8  Defendant County's specific actions and the decedent's injuries and subsequent
9  death, necessary for a *Monell* claim. Plaintiffs' Opposition ignores this fatal defect,
10 focusing instead on generic allegations and references to inmate drug overdose
11 examples and statistics that lack substantive information required to establish
12 sufficient similarity to the instant case. But no amount of provocative grandstanding
13 can hide the fact that to state a claim for *Monell* liability under the theory of (1)
14 unconstitutional custom, practice, or policy or (2) failure to train, Plaintiffs must
15 plausibly allege that what happened to the decedent was not an isolated incident but
16 rather part of a longstanding custom or practice. The SAC fails to do that and, as a
17 result, fails to state a claim upon which relief can be granted.  The SAC also fails to
18 plausibly allege a *Monell* claim based on ratification because it merely alleges a
19 failure to discipline and fails to identify the specific individuals and their alleged
20 conduct, which is insufficient to state a claim.
21       For all these reasons and the reasons set forth in Defendant's motion to
22 dismiss, the Court should dismiss Plaintiffs' three *Monell* claims. Given Plaintiffs'
23 failure to cure the identified deficiencies in the *Monell* claims through a prior
24 amendment or to identify any additional facts that he may be able to allege in any
25 further pleading, any further amendment would be futile and, as such, the dismissal

---

[1] *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

should be with prejudice.[2]

## II.     LEGAL ARGUMENT

### A.     Plaintiffs' SAC Fails to State a Claim for Monell Liability Based on Failure to Train

The factual allegations as pleaded in the Second Amended Complaint are insufficient to give rise to a cause of action for failure to train under a *Monell* theory. While Plaintiffs have provided various examples of other individuals injured in various jails, the facts are deficient as to the actual training policies that are alleged to be substandard.

Further, Plaintiffs still fail to identify any specific policymakers as related to Defendant County of Riverside. Rather, Plaintiffs generically assert a conclusory statements such as "Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its RCSO jail staff members adequately, including with respect to the provision of medical care to inmates, the housing inmates in a safe environment, including by adequately monitoring inmates exhibiting medical symptoms/conditions, and the health of inmates. SAC ¶ 74 [Dkt. 43]. This conclusory allegation is not enough to maintain a cause of action under a *Monell* theory for failure to train.

Despite referencing cases and statistics related to drug overdoses and medical injuries at Riverside County jails, Plaintiffs fail to explain how those cases are relevant or why they plausibly allege a failure to train. Indeed, as Defendant's moving papers demonstrate, those cases do not include the requisite factual information necessary to determine where the circumstances are similar the

---

[2] Plaintiffs' *Monell* claims asserted in their proposed Third Amended Complaint ("TAC"), as attached to their Motion for Leave to Amend to File a TAC [Dkt. 51], do not appear to be materially different from those in the SAC. Thus, Plaintiffs cannot cure the deficiencies stated herein, and the SAC should be dismissed, with prejudice.

allegations in this case. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A pattern of *similar* constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.").

Lastly, Plaintiffs claim that Defendant's employees, including medical staff, are improperly trained as they failed to provide medical to the decedent after knowing that he was suffering from a drug overdose—however, the factual allegations do not indicate or support that they had such knowledge. Plaintiffs allege that Riverside County nurses ignored the Decedent's condition and failed to take the reasonable and necessary medical steps, however the facts as pled in the SAC do not support this. The facts just simply are not provided for in the SAC. Thus, Plaintiffs' fourth claim for *Monell* liability based on failure to train is subject to dismissal.

### B. *Plaintiffs' SAC Fails to State a Claim for Monell Liability Based on Unconstitutional Policy and Custom*

Plaintiffs' fifth cause of action seeks to impose *Monell* liability on the basis of an alleged unconstitutional custom, practice, or policy. It is black-letter law that in the absence of an express formal or written policy,[3] Plaintiffs must demonstrate a "*longstanding* practice or custom" that is "*so permanent and well settled* as to constitute a 'custom or usage' with the force of law" to state a claim under this theory. *See Gordon v. Cnty. of Orange*, 6 F.4th 961, 973–74 (9th Cir. 2021); *see also Monell*, 436 U.S. at 691 (unwritten policy or custom must be so "*persistent and widespread*" that it constitutes a "*permanent and well settled*" practice).

Defendant's moving papers demonstrate how the SAC fails to plausibly allege any unconstitutional custom, practice, or policy at Riverside County jails to allow inmates to obtain or use drugs or to deny them medical care. Rather, the SAC relies primarily on statistics and examples related to inmate overdoses that do not include a factual basis that would indicate medical care is not received and/or is deficient in

---

[3] The SAC does not allege any *express* formal or written policy (*see* SAC, ¶ 80 [Dkt. 43]), and Plaintiffs do not indicate otherwise.

an attempt to establish that there is such an unconstitutional custom, practice, or policy. This is insufficient to establish a *Monell* claim.

Defendant's motion demonstrates why the SAC fails to plausibly allege that there was any "persistent and widespread" unconstitutional policy at Riverside County jails to allow drug use and/or overdoses or to deny detainees medical care. *See Monell*, 436 U.S. at 691. Plaintiffs generically refer to cases involving inmate overdoses but do not indicate any factual basis for the same. Thus, Plaintiffs have failed to establish that the examples proffered involved issues and circumstances similar to Plaintiffs' allegations.

As is the case here, the issue is not necessarily the alleged custom or policy, but rather the lack of factual allegations surrounding the policies. Thus, even if Plaintiffs' claim that only minimal factual allegations are required at the pleading stage, the SAC does not even meet this marginal standard and must fail. *See Opposition* [Dkt. 50], at 14:10-13. In *Wolcott*, Judge Selna dismissed with prejudice the plaintiffs' *Monell* claim based on unconstitutional custom and policy. *See Wolcott v. Cnty. of Orange,* 2023 U.S. Dist. LEXIS 178504 (C.D. Cal. Oct., 2023), at **28–31. The court observed that although the plaintiffs had pleaded specific alleged unconstitutional policies, they have failed to plead sufficient facts to demonstrate that those policies exist, which is a requirement at the pleading stage:

> While the Wolcotts have pled specific alleged policies, there are no facts supporting the inference that those policies exist, a necessary predicate at this stage. *See Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 555). A complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). However, pleading the details of a policy is impracticable at the pleading stage because a municipality's inner workings, and therefore the precise contours of its policies, are not know to the general public. *See Estate of Osuna v. Cnty. of Stanislaus*, 392 F. Supp. 3d 1162, 1174

9     Case No. 5:23-cv-01825-WLH-SHK

**DEFENDANT COUNTY OF RIVERSIDE'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

(E.D. Cal. 2019). Accordingly, the Wolcotts may allege a policy in general terms, ***but must contain sufficient factual allegations to plausibly suggest that such a policy exists***. *See Herd*, 311 F. Supp. 3d at 1167.

Thus, because the allegations of policies are devoid of factual support, the Wolcotts' sixth claim for relief fails. The Court reiterates, however, that the issue is not with the alleged policies themselves, but rather with the factual allegations, or lack thereof, surrounding the policies. Pleading enough facts can be done in many ways, including identifying prior instances of alleged misconduct ***of the type at issue in this case***. *See Estate of Osuna*, 392 F. Supp. 3d at 1175 ("[T]he plaintiff estate has identified multiple prior instances of alleged misconduct by Stanislaus County and the Sheriff's Department in the complaint. In addition, the complaint alleges that these actions occurred due to either a lack of training, or a policy of employing excessive and unreasonable force."). ***The Court recognizes the SAC recites a number of cases in support of the sixth claim for relief. However, the Wolcotts do not explain how they are sufficiently similar to lead to an inference that the alleged policies exist, the second required element to successfully plead this cause of action.*** *See Dougherty*, 654 F.3d at 900.

*Wolcott*, 2023 U.S. Dist. LEXIS 178504, at \*\*29–30.

The same is true here. Just like in *Wolcott*, although Plaintiffs allege, upon information and belief, that the Riverside County's "failure to provide adequate medical care and oversight in its detention facilities is not merely a series of isolated incidents but is indicative of a systemic issue perpetuated by entrenched policies and practices." (¶ 90), the SAC is devoid of "***sufficient factual allegations*** to plausibly suggest that such a policy exists." *See Wolcott*, 2023 U.S. Dist. LEXIS 178504, at \*29. Thus, just like in *Wolcott*, the problem is not with the failure to plead an unconstitutional policy; rather, the failure is to plead sufficient facts to plausibly suggest that such a policy actually exists. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (observing that "a complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement").

Finally, just like in *Wolcott*, although the SAC references alleged examples of

**DEFENDANT COUNTY OF RIVERSIDE'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

inmate overdoses and deaths in support of their claim for relief, Plaintiff does ***not*** explain "how they are ***sufficiently similar*** to lead to an inference that the alleged policies exist, the second required element to successfully plead this cause of action." *See* 2023 U.S. Dist. LEXIS 178504, at *30. Indeed, as demonstrated in Defendants' moving papers, none of the cited cases contain factual allegations similar to Plaintiff's allegations in this case so as to plausibly suggest that the alleged unconstitutional policies exist. Although Defendant pointed out these deficiencies in their moving papers, Plaintiffs' opposition fails to explain how these cases are sufficiently similar other than blankly alleging that drug overdoses occur in jails, thus there is no factual allegations to support that unconstitutional policies exist, the second required element to successfully plead this cause of action. *See* 2023 U.S. Dist. LEXIS 178504, at *30. Accordingly, just like in *Wolcott*, Plaintiff's *Monell* claim based on unconstitutional policy is subject to dismissal.

### C. *Plaintiffs' SAC Fails to State a Claim for Monell Liability Based on Ratification*

To prove *Monell* liability under a ratification theory, a plaintiff must show that "a policymaker approve[d] a subordinate's decision *and the basis for it*." *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992) (emphasis in original). "A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim." *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). Additionally, ratification requires "something more than the failure to reprimand." *Kanae v. Hodson*, 294 F. Supp. 2d 1179, 1190 (D. Haw. 2003). Still, "[a] single decision by a municipal policymaker 'may be sufficient to trigger Section 1983 liability under *Monell*, even though the decision is not intended to govern future situations,' but the plaintiff must show that the triggering decision was the product of a 'conscious, affirmative choice' to ratify the conduct in question." *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1055 (9th Cir. 2009) (quoting *Gillette*, 979 F.2d at 1347).

Ninth Circuit law is clear that "[r]atification generally requires ***more than acquiescence***, and a mere failure to discipline does ***not*** amount to ratification of allegedly unconstitutional action." *Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 788 (9th Cir. 2022). And yet, the SAC does ***not*** plead anything beyond a mere failure to discipline. The SAC only pleads in conclusory manner that Riverside County and its policymakers did not discipline, reprimand, retrain, suspend, or otherwise penalize Does 4-9. SAC ¶¶ 104, 106 [Dkt. 43]. Plaintiffs rely solely on the idea that should the Court "[d]raw[ing] all inferences in Plaintiffs' favor" the SAC sufficiently alleges that Defendant ratified the alleged unconstitutional conduct, however, no inferences can be drawn when no specific information or factual support for the allegations is provided.

The conclusory and generic allegations in the SAC are ***not*** sufficient at the pleading stage to state a *Monell* claim based on ratification. *See, e.g.*, *Wolcott*, 2023 U.S. Dist. LEXIS 178504, at *26 (finding insufficient allegations that "the final policymaker(s) has determined (or will determine) that the acts of Deputy and Sergeant Defendants were within policy"); *see also Icon Desert Logistics v. City of Blythe Police Dep't*, 2020 U.S. Dist. LEXIS 230409, at *16 (C.D. Cal. Dec. 7, 2020) ("Even accepting as true the allegation that the municipal defendants failed to discipline any officer involved in the raid, the second amended complaint does not sufficiently allege a ratification theory because mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim.") (collecting cases); *Kong Meng Xiong v. City of Merced*, 2015 U.S. Dist. LEXIS 99146, at *90 (E.D. Cal. July 29, 2015) ("For there to be ratification, there must be something more than a single failure to discipline or the fact that a policymaker concluded that the defendant officer's actions were in keeping with the applicable policies and procedures.").

Indeed, as the court in *Wolcott* observed, a ratification claim fails where it is "bereft of factual allegations regarding when, how, or in what manner the

municipality ratified or approved of the [deputies'] conduct." *See* 2023 U.S. Dist. LEXIS 178504, at **26–27 ("Although the Wolcotts identified some of the final policymaker(s) involved in a potential ratification, they still fail to provide factual allegations explaining how or in what manner these policymakers ratified the Deputy and/or Sergeants Defendants' behavior."). Here, just like in *Wolcott*, **the SAC is bereft of factual allegations regarding when, how, or in what manner the moving Defendant ratified or approved the unnamed deputies' conduct**. These pleading deficiencies are fatal to Plaintiffs' ratification claim. *See Wolcott*, 2023 U.S. Dist. LEXIS 178504, at **26–27 (dismissing the ratification claim with prejudice).

Generically referencing "authorized policymakers" or "final policy makers" or asserting that unidentified defendants had *final* policymaking authority, as the SAC does, is insufficient to support a ratification claim. "The inquiry into causation must be individualized to focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Under *Iqbal*, Plaintiff must plead that each Defendant, "through the official's own individual actions," has violated Plaintiff's constitutional rights. *See* 556 U.S. at 676. Here, Plaintiffs' opposition brief succinctly sums up the SAC's conclusory allegations that Defendant County, through its final policy makers, ratified the unconstitutional conduct in this case. SAC 17:23-26 [Dkt. 43], given that the entirety of Plaintiffs' claim for ratification is based on generic and conclusory allegations. This claim is entirely devoid of any supporting factual elements. As such, this is insufficient to plausibly allege that these Defendant and/or its employees were "authorized policymakers" or that they had "*final* policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision." *See, e.g.*, *Paz v. Cnty. of San Bernardino*, 2021 U.S. Dist. LEXIS 58753, at **17–18 (C.D. Cal. Jan. 4, 2021).

13

Case No. 5:23-cv-01825-WLH-SHK
DEFENDANT COUNTY OF RIVERSIDE'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT

1  In sum, Plaintiffs have not provided any factual basis to indicate that
2  Defendant County, or any of its employees, ratified the conduct of the unnamed and
3  unidentified defendants, or whom allegedly carried out the acts at issue. Plaintiffs
4  have not identified any "conscious, affirmative choice" taken by the employees of
5  Defendant County that ratified the conduct in question. As such, Plaintiffs have
6  failed to state a claim upon which relief can be granted and this cause of action must
7  be dismissed.

### D. The Dismissal Should Be with Prejudice

"Although, under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given, that liberality does *not* apply when amendment would be futile." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016). Furthermore, "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008).

Here, Defendant County highlighted the present deficiencies in Plaintiffs' *Monell* claims when the parties met and conferred about Plaintiffs' original complaint, the First Amended Complaint ("FAC"), and now the Second Amended Complaint. In light of the initial meet and confer, Plaintiffs amended the complaint and filed their FAC. However, the Court found Plaintiffs' *Monell* claims to be deficient and granted Motion to Dismiss Portions of Plaintiffs' FAC, in its entirety. The Court was generous to allow Plaintiffs leave to amend to cure the defects in the pleadings. However, Plaintiffs have now filed their SAC have again failed to cure the fundamental deficiencies in the *Monell* claims that are the subject of the present motion. In light of Plaintiffs' repeated failure to cure these deficiencies in the prior two amendments, any further amendment would be futile and, thus, the dismissal should be with prejudice.

### III. CONCLUSION

As stated in the introduction, Defendant County suggests that the hearing on

1  the instant motion scheduled for February 23, 2024 be continued to March 1, 2024,
2  or until Plaintiffs' Motion for Leave to File a Third Amended Complaint is decided,
3  given that the outcome of Plaintiffs' motion could potentially render the Defendant
4  County's instant motion to dismiss moot.
5      As to the instant motion, Defendant County respectfully requests that the
6  Court grant its Motion to Dismiss Portions of Plaintiffs' Second Amended
7  Complaint, in its entirety and dismiss Plaintiffs' three *Monell* claims with prejudice
8  for all of the reasons provided for in Defendant County's moving papers and herein.

10  DATED:  February 9, 2024       **MANNING & KASS**
11                                 **ELLROD, RAMIREZ, TRESTER LLP**

13                                 By:    /s/ Kayleigh Andersen
14                                        Eugene P. Ramirez
15                                        Kayleigh A. Andersen
                                          Attorneys for Defendants, COUNTY OF
16                                        RIVERSIDE

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant County of Riverside, certifies that this Reply to Plaintiffs' Opposition to Motion to Dismiss contains 3810 words, which complies with the word limit of L.R. 11-6.1.

DATED:  February 9, 2024

                                                /s/ Kayleigh Andersen
Eugene P. Ramirez
Kayleigh A. Andersen
Attorneys for Defendants, COUNTY OF RIVERSIDE

16

Case No. 5:23-cv-01825-WLH-SHK

**DEFENDANT COUNTY OF RIVERSIDE'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT**