**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (Bar No. 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333

**The Law Office of Bradley I. Kramer**
Bradley I. Kramer, Esq. (SBN 234351)
bkramer@biklaw.com
8840 Wilshire Blvd. Suite 350
Beverly Hills, California 90211-2606
Telephone: (310) 289-2600

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ROSA ZAZUETA; OCTAVIO
ZAZUETA, individually and as
successors-in-interest to OCTAVIO
ZAZUETA Jr., deceased;

                Plaintiffs,

    v.

COUNTY OF RIVERSIDE; CITY OF
INDIO; KYLE LAWRENCE; and
DOES 1-10,

                Defendants.

Case No.  5:23-cv-01825-WLH-SHK

*District Judge Wesley L. Hsu*
*Magistrate Judge Kewalramani*

**PLAINTIFFS' REPLY IN SUPPORT
OF MOTION FOR LEAVE TO FILE
A THIRD AMENDED COMPLAINT**

Judge:     Wesley L. Hsu
Date:      March 1, 2024
Time:     1:30 PM
Courtroom: 9B

1

By way of their Motion for Leave to File a Third Amended Complaint ("Motion to Amend") (ECF No. 151), Plaintiffs respectfully seek leave to amend their operative complaint to name as defendants individuals who were involved in the claims related to the in-custody death of Octavio Zazueta ("Decedent"). The County of Riverside has not opposed the Motion to Amend, but the City of Indio filed an opposition on February 9, 2024 ("Opposition") (ECF No. 54).

The City's argument focuses on Plaintiffs' claim under California Civil Code § 52.1 ("Bane Act"). The premise of the City's argument is that the Bane Act claims are entirely new. But that is not the case.

The City acknowledges that all versions of Plaintiffs' Complaint included a Bane Act claim against the City and its employees. (Opposition at 3) (the "claim for violation of Cal. Civil Code § 52.1 was asserted 'By Plaintiffs against all Defendants.'")

Additionally, the City filed answers to Plaintiffs' Complaint and Amended Complaint that prove it knew that Plaintiffs' Bane Act claim was brought against the City and its employees. In its Answer to Complaint and Answer to Amended Complaint, the City's response to Plaintiffs allegations for the claims that were *not* brought against it reads: "the allegations contained therein are not asserted against the answering Defendant and, as such, no answer thereto is required." (*See* e.g., ECF No. 14 ¶¶ 47–56, 68–95, 104–110.) But for the allegations included in Plaintiffs' Bane Act claim, the City responded: "Defendant denies generally and specifically each, all and every allegation contained therein." (*See id.* ¶¶ 121–130.) Thus, from the very beginning, the City was absolutely on notice that the Bane Act claims were brought against the City and its employees.

Of course, the City could have chosen to file a motion to dismiss the Bane Act claim based on the arguments it raises here regarding the factual deficiency of the Complaint and Amended Complaint. But the City chose to file answers,

instead. Because the City has by its own admission known that the Bane Act claim was brought against it and its employees from the beginning, the basis of their Opposition that the Bane Act claims are new is specious and the Court should reject their argument and grant Plaintiffs' Motion to Amend.

The specific arguments made by the City also lack merit. First, the City argues that "redress for Plaintiffs' claimed injuries is already being adequately sought through the existing claims against the City of Indio and Officer Lawrence." (Opposition at 4.) The City argues that the Bane Act is "essentially the State law equivalent" of the § 1983 claims brought against the officers as the City claims. (*Id.*) But that is simply not the case. Most importantly, the § 1983 claims are subject to the qualified immunity doctrine, which is an extremely demanding standard. The Bane Act claim is not subject to this standard. Thus, Plaintiffs could lose their § 1983 claims on summary judgment and their only remaining claim that would permit certain types of relief, like attorney's fees, would be the Bane Act claim.

Second, the City argues that the "new Bane Act claim" serves no legitimate purpose because adding additional defendants to the Bane Act claim "adds nothing from a damages perspective." (*Id.*) But what about liability? Plaintiffs may have a stronger argument for liability against one officer than another. It is entirely inappropriate for the City to go outside of the four corners of the complaint to argue that Officer Lawrence is the most culpable officer and Plaintiffs need not add the others. Plaintiffs allege a Bane Act claim against all three officers so that the evidence can be fully developed and a judge or a jury can decide which, if any, of the officers is culpable.

Third, the City argues that it will be unduly prejudiced if the Court permits Plaintiffs to amend their complaint because it will face unworkable pretrial deadlines. (*Id.* at 5.) As an initial matter, the Motion to Amend is filed within the

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

timeframe set out in the Scheduling Order for amending the pleadings. Also, **the deadline to hear motions to amend the pleadings was proposed by the City**, jointly with the County and the Plaintiffs. (ECF No. 25 at 11.) All parties were aware that Plaintiffs' claims were brought against "DOES" who would be substituted out for named defendants within the time set out in the Scheduling Order. It simply cannot be *unduly* prejudicial to hold the City to the dates that it agreed to and proposed to the Court.

For all the reasons above, Plaintiffs request that the Motion to Amend be granted.


DATED:  February 16, 2024          LAW OFFICES OF DALE K. GALIPO


By */s/ Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
Attorneys for Plaintiff

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT