UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ZAZUETA; OCTAVIO ZAZUETA, individually and as successors-in-interest to OCTAVIO ZAZUETA, JR., deceased;<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE; CITY OF INDIO; KYLE LAWRENCE; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-01825-WLH-SHK<br><br>**ORDER RE MOTION TO DISMISS [48] AND MOTION FOR LEAVE TO AMEND COMPLAINT [51]** |

Defendant County of Riverside ("County Defendant") filed a Motion to Dismiss Portions of Plaintiffs' Second Amended Complaint. ("Motion to Dismiss," Docket No. 48). While County Defendant's Motion to Dismiss was pending, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint. ("Motion for Leave to Amend," Docket No. 51). As set forth below, Plaintiffs' Motion for Leave to Amend is **GRANTED**. County Defendant's Motion to Dismiss is **DENIED** as moot.

I.  **BACKGROUND**

   A.  **Procedural History**

Plaintiffs Rosa Zazueta and Octavio Zazueta ("Plaintiffs"), successors-in-interest to Octavio Zazueta Jr. ("Decedent"), filed this lawsuit against County Defendant, City of Indio ("City Defendant"), Kyle Lawrence, and Does 1-10. (Compl., Docket No. 1). Plaintiffs alleged ten claims: Fourth Amendment denial of medical care, Fourteenth Amendment denial of medical care, Fourteenth Amendment substantive due process, municipal liability for failure to train, municipal liability for unconstitutional policy or practice, municipal liability for ratification, failure to summon medical care (Cal Gov't Code § 845.6), negligence for medical malpractice, negligence for survival and wrongful death, and violation of the Bane Act (Cal. Civ. Code § 52.1). (*Id.*). City Defendant answered the complaint. (Ans., Docket No. 14).

Plaintiffs then filed a First Amended Complaint. ("FAC," Docket No. 18). City Defendant and Kyle Lawrence answered the First Amended Complaint. (Answers, Docket Nos. 21, 22). County Defendant filed a Motion to Dismiss Portions of the First Amended Complaint, (Mot. to Dismiss, Docket No. 23), and Request for Judicial Notice. ("RJN," Docket No. 23-1). The Court granted the County Defendant's Motion to Dismiss and dismissed the fourth through sixth causes of action in the FAC with leave to amend, and the seventh through tenth causes of action against the County Defendant with prejudice. (Order, Docket No. 40 at 8).

Plaintiffs then filed a Second Amended Complaint. ("SAC," Docket No. 43). County Defendant filed another Motion to Dismiss. (Mot. to Dismiss, Docket No. 48).[1] While the Motion to Dismiss was pending, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint in order to name individuals in place of the Doe

---

[1] The County originally filed its Motion to Dismiss under the wrong CM/ECF event. (Motion to Dismiss, Docket No. 45 (mistakenly filed as an answer); Notice of Errata, Docket No. 47), and re-filed it under the proper event. (Mot. to Dismiss, Docket No. 48).

2

defendants in the operative SAC. (Mot. for Leave to Amend, Docket No. 51 at 1). City Defendant and Lawrence opposed the Motion for Leave to Amend; (Opp'n, Docket No. 54). County Defendant did not oppose the Motion for Leave to Amend. (*See* Reply re: Mot. for Leave to Amend, Docket No. 57 at 2).

### B. Factual Background

On or about August 24, 2022, Decedent was "experiencing a mental health crisis and a medical crisis due to methamphetamine toxicity." (SAC, Docket No. 43 ¶ 22). Defendants Officer Kyle Lawrence and Does 1-2 arrived at 84054 Indio Springs Dr., Indio, California in response to a wellness check call for Decedent. (*Id.* ¶ 37). Decedent's sister told defendant Lawrence that Decedent needed to be taken to the hospital. (*Id.* ¶ 23). Authorities, including Lawrence, then had to contact Decedent, and later told Decedent's sister that they observed that Decedent's pupils were dilated and he "was fidgeting." (*Id.*). Lawrence and Does 1-2 did not call paramedics or other medical treatment for decedent at that time, (*id.*), instead arresting him and transporting him to John Benoit Detention Center ("Detention Center"). (*Id.* ¶ 24).

At the Detention Center, Decedent "was experiencing a substance overdose and was in clear need of immediate medical intervention and treatment." (*Id.* ¶ 27). Does 4-9, however, "failed to adequately assess" Decedent "even though some of them were trained jail nurses and/or medical professionals." (*Id.*). Does 4-9 also did not place Decedent in a "sobering cell," which would permit authorities to monitor Decedent. (*Id.* ¶ 50). Decedent was found nonresponsive in a holding cell approximately 9 hours after he was booked. (*Id.* ¶ 29). He was transported to a hospital and pronounced dead. (*Id.* ¶ 29). The Doe defendants who Plaintiffs seek to name with the present Motion for Leave to Amend include individuals "involved in the arrest, intake, detention, and medical evaluation of Decedent." (Mot. for Leave to Amend, Docket No. 51 at 3).

## II. DISCUSSION

Leave to amend the complaint is warranted here. Under Federal Rule of Civil Procedure 15, leave to amend should be "freely give[n]…when justice so requires." Fed. R. Civ. P. 15(a)(2) ("Rule 15"). Courts in this circuit apply the policy of freely giving leave to amend with "'extreme liberality.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)); *see also Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (explaining that the purpose of Rule 15 is to "facilitate decision on the merits, rather than on the pleadings or technicalities") (cleaned up). That said, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "Absent prejudice, or a strong showing of any of the remaining…factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (citing *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997)) (emphasis in original).

Here, City Defendant and Kyle Lawrence's arguments against Plaintiffs' Motion for Leave to Amend are unavailing in light of Rule 15's liberal amendment policy. City Defendant and Lawrence argue that they will be prejudiced by the proposed amendment to name the Does in the operative complaint because the City—who will defend some of the newly named individuals—will face an "unworkable set of pretrial deadlines" should fact discovery into the new defendants proceed, a prejudice that allegedly can only be cured by a six-month continuance of pre-trial and trial dates. (Opp'n, Docket No. 54 at 5). To the extent the City Defendant and Lawrence perceive that the time between the Scheduling Order's deadline to hear a motion to amend the complaint and the trial date is too brief to permit discovery for the newly named individuals, (*see* Scheduling Order, Docket No. 32 (setting a 3/1/24

deadline to amend the complaint and a 11/12/24 trial, *inter alia*)), it is the parties' own fault. The parties jointly proposed the March 1, 2024, deadline to hear motions to amend the complaint as well as a mid-November trial date. (*See* Joint 26(f) Report, Docket No. 25 at 11 (proposing a 3/1/24 deadline to amend the complaint and a 11/19/24 trial)). The Court entered the proposed dates almost exactly as proposed, pushing up the proposed date for trial by just one week to accommodate the Court's schedule. (*See* Scheduling Order, Docket No. 32 at 22 (setting a 3/1/24 deadline to amend the complaint and a 11/12/24 trial)).[2] In any event, the policies behind Rule 15 favor allowing the amendment here and permitting an extension of pre-trial and trial deadlines upon an appropriate stipulation and showing of good cause,[3] if necessary, rather than a refusal to let Plaintiffs name the Does entirely. *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (explaining that the purpose of Rule 15 is to "facilitate decision on the merits, rather than on the pleadings or technicalities").

City Defendant and Lawrence also argue that the new amendment would prejudice them because it adds a "new" Bane Act claim that, according to City Defendant and Lawrence, was already dismissed with prejudice in the Court's prior Motion to Dismiss Order. (Opp'n, Docket No. 54 at 4). The Court dismissed the Bane Act claim with prejudice *only as to County Defendant*, however. (Order, Docket No. 40 at 8 (granting the Motion "with prejudice as to the seventh through tenth causes of action as to" County Defendant, the sole movant on the Motion to Dismiss)). Also, the Bane Act claim is not "new"; it has been asserted against "all

---

[2] In fact, according to Plaintiffs, the March 1, 2024, deadline for motions to amend the pleadings "was proposed by the City" itself, and joined by the County and Plaintiffs. (Reply, Docket No. 57 at 3−4).

[3] In opposition to the Motion for Leave to Amend, City Defendant and Lawrence "request a continuance of the trial and pretrial schedule of at least six months." (Opp'n, Docket No. 54 at 5). This request fails to comply with the Court's Standing Order, (Standing Order, Docket No. 9 at 13−14), and so the Court denies it without prejudice to the parties filing an appropriate motion or stipulation seeking a continuance in the future.

5

defendants" in every iteration of the complaint thus far, (Complaint, Docket No. 1 at 29 (Bane Act claim asserted against "all Defendants"); FAC, Docket No. 18 at 29 (same); SAC, Docket No. 43 at 29 (Bane Act claim asserted against Lawrence, Does 1-3, and City)), so City Defendants are wrong that the re-assertion of the Bane Act claim in the proposed Third Amended Complaint is somehow prejudicial or in violation of a prior Court order.

City Defendant and Lawrence's other arguments against leave to amend are similarly unpersuasive. In their eyes, "justice" does not require the amendment because Plaintiffs already have sufficient redress through their suit against City of Indio and Lawrence, such that naming new parties is unnecessary and "serves no legitimate purpose" and "adds nothing from a damages perspective." (Opp'n, Docket No. 54 at 4). First of all, that argument is wrong on the merits—naming individual parties gives Plaintiffs more opportunities to assess liability (say, if one defendant is not liable but another is), among other things. (*See* Reply, Docket No. 57 at 3 (noting that Plaintiffs may also be more likely to recover against individual defendants on the Bane Act claims than on the Section 1983 claims due to the hurdle of qualified immunity under Section 1983). City Defendant and Lawrence also offer no authority that denial of leave to amend is warranted where defendants speculate, without legal or factual arguments, that Plaintiffs can get enough redress from the existing complaint without the proposed additions. *C.f. Eminence Cap.*, 316 F.3d at 1052 (citing *Lowrey*, 117 F.3d at 245) (""Absent prejudice, or a strong showing of any of the remaining…factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.").

### III. CONCLUSION

In sum, City Defendant and Lawrence failed to demonstrate that Plaintiffs' timely Motion for Leave to Amend is prejudicial, sought in bad faith, would produce an undue delay, or would be futile. *See AmerisourceBergen Corp.*, 465 F.3d at 951 (listing factors that may properly result in denial of leave to amend). For the

foregoing reasons, the Motion to Amend the Complaint (Docket No. 51) is **GRANTED**. Plaintiffs are ordered to file the proposed Third Amended Complaint, (Docket No. 51-1 at Exh. 2), within 14 days of the entry of this order. The County Defendant's Motion to Dismiss the Second Amended Complaint (Docket No. 48) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: March 5, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE